UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIZ BANKS, | ) | Case No.: LA CV14-06429 JAK (FFMx) |
| Plaintiff(s), | ) ) ) | **ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE** |
| vs. | ) ) | |
| JPMORGAN CHASE BANK, N.A., et al., | ) ) ) | **Date: November 3, 2014** **Time: 1:30 p.m.** **Joint Report: October 24, 2014** |
| Defendant(s). | ) ) | |

This case has been assigned to Judge John A. Kronstadt. This Order applies to all parties in this action, whether or not they are represented by counsel. "Counsel," as used in this Order, also refers to parties who are representing themselves. If plaintiff has not already served the complaint (or any amendment thereto) on each defendant, plaintiff shall promptly do so and shall file proofs of service within three (3) days thereafter. Defendant(s) also shall timely serve and file their responsive pleadings and file proofs of service within three (3) days thereafter. This matter is set for a scheduling conference on the above date. The conference will be held pursuant to Fed. R. Civ. P. 16(b) and Fed. R. Civ. P. 26(a). The parties are reminded of their obligations under Fed. R. Civ. P. 26(a) to disclose information (without awaiting a discovery request) and under Rule 26(f) to confer on a discovery plan not later than twenty-one (21) days

prior to the scheduling conference and to file a report with the Court entitled "Joint Rule 16(b)/26(f) Report" not later than ten (10) days before the date set for the scheduling conference. Please comply with these requirements; it will simplify the Scheduling Conference.

The Court encourages counsel to begin to conduct discovery actively before the Scheduling Conference. The Court encourages prompt, early discovery because at the Scheduling Conference the Court will set firm deadlines to complete discovery. Even if there is no agreement to conduct discovery prior to the Scheduling Conference, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.

1. **Joint Rule 16(b) Report.**

The Joint Rule 16(b)/26(f) Report, which shall be filed not later than one (1) week before the scheduling conference, shall be drafted by plaintiff's counsel (unless the parties agree otherwise or unless plaintiff is self-represented, in which case defendant's counsel), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 16(b)/26(f) Report shall report on all matters enumerated below, which include those required to be discussed by Rule 26(f) and Local Rule 26. The Joint Rule 16(b)/26(f) Report should set forth the following information under section headings corresponding to those in this Order:

a. <u>Statement of the case</u>: A short synopsis (not to exceed two (2) pages) of the main claims, counterclaims, and affirmative defenses.

b. <u>Subject matter jurisdiction</u>: A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

c. <u>Legal issues</u>: A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.

///

d. <u>Parties, and Non-Party Witnesses</u>: A list of parties and percipient witnesses on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e. <u>Damages</u>: The realistic range of provable damages.

f. <u>Insurance</u>: Whether there is insurance coverage.

g. <u>Motions</u>: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings or transfer venue.

h. <u>Manual for Complex Litigation</u>: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

i. <u>Status of Discovery</u>: A discussion of the present state of discovery, including a summary of completed discovery.

j. <u>Discovery Plan</u>: A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or limited in some manner, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. Please note that a statement to the effect that discovery will be conducted as to all claims and defenses, will not satisfy this requirement.

k. <u>Discovery cut-off</u>: A proposed discovery cut-off date. This means the final day for completion of non-expert discovery, including resolution of all discovery motions. The last day to hear discovery motions shall be the same as the last day to hear all motions. *See* Exh. C-1.

l. <u>Expert discovery</u>: Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

3

m. <u>Dispositive motions</u>: A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.

n. <u>Settlement</u>: A statement of what settlement discussions or written communications have occurred (excluding any disclosure or discussion of the substantive matters or terms discussed) and a statement pursuant to Local Rule 16-15.4 about selecting a settlement mechanism under that Rule. In light of the Court's participation in the ADR Program, no case will proceed to trial unless all parties with full authority to settle the case – including, as to each corporate party, an officer who has such authority – have appeared personally at a settlement conference. The Court will discuss the proposed ADR procedure with the parties at the time of the Scheduling Conference and will issue the ADR-12 order once the settlement method is selected. For information about the Court's ADR Program, review General Order 11-10, which is located on the "ADR" page of the Court's website.

o. <u>Trial estimate</u>: A realistic estimate of the time required for trial and whether trial will be by jury or by the Court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds five (5) court days, counsel shall be prepared to discuss in detail the estimate.

p. <u>Trial counsel</u>: The name(s) of the attorney(s) who will try the case, including those will be lead trial counsel.

q. <u>Independent Expert or Master</u>: Whether this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

r. <u>Timetable</u>: Please complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order (Exhibit C-1) and attach it to the Joint Rule 16(b)/26(f) Report. The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently far in advance of the pretrial conference. The form is designed to enable counsel to ask the Court to

set different last dates by which the key requirements must be completed. Each side should fill in the month, day, and year it requests for each event. *E.g.*, for the expert discovery cut-off it might be "10/7/12" for plaintiff and "10/28/12" for defendant, if they cannot agree. Each entry proposing a Court date shall be on a Monday, except the trial date, which will be a Tuesday. Counsel should ensure that requested dates do not fall on a court holiday. At the conference, the Court will review this form with counsel in determining the dates that will be set in the case. The cut-off date for motions is the last date on which motions may be heard, not filed. The Court is not likely to continue this date, and will not do so unless the trial date is also continued. Counsel shall refer to the Court's "Order on Court/Jury Trial." *See* Exhibit D. This Order will set forth all pre-trial and trial obligations of counsel, and, where applicable, the deadlines for each.

s.      Other issues: A statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions) and any proposals concerning severance, bifurcation, or other ordering of proof.

t.      Patent cases**:** Propose dates and methodology for claim construction and *Markman* hearings. *See also* Exhibit B.

u.      Do the parties wish to have a Magistrate Judge preside? Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over an entire action, not just discovery. *See* General Order 12-01 and General Order 12-02. The parties may select a Magistrate Judge from the Voluntary Consent List and comply with the requirements outlined in General Order 12-01 and General Order 12-02 and those outlined on the Court's website: http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-list-civil-cases-magistrate-judges-program.

**2.      Scheduling Conference.** The Scheduling Conference will be held in Courtroom 750 of the Roybal Federal Courthouse at 255 East Temple Street. Counsel shall comply with the following with respect to the Scheduling Conference:

a.      <u>Participation</u>. The lead trial attorney for each party shall attend the Scheduling Conference unless such counsel is engaged in trial, on vacation, or excused for good cause following a written request addressed to the Clerk in advance of the Scheduling Conference.

b.      <u>Continuance</u>. A continuance of the Scheduling Conference will be granted only for good cause, following a written request with a proposed order to be e-filed at least one (1) week in advance of the Scheduling Conference.

c.      <u>Use of Conference Telephone</u>. In general, the Court prefers in-person appearances. However, if one or more of the lead counsel has his or her office outside of Los Angeles County, or under other appropriate circumstances, the Court may, upon the request of one or more counsel, conduct the status conference by conference telephone call. Any request for a telephonic appearance must be made at least three (3) court days before the scheduled hearing by contacting the Courtroom Deputy Clerk for further instructions. The Court does not entertain a telephonic appearance if the Scheduling Conference is set at the same date and time as a motion unless it is an exceptional and unanticipated circumstance. Any request for a telephonic appearance due to such circumstances must be e-filed at least five (5) court days before the scheduled hearing and shall include a declaration from counsel setting forth the basis for the request with a proposed order. The Court does not use Court Call. If the request is granted, the order will include the information for the call. Please note that cell phones or the use of speaker phones are not permitted for any telephonic appearance.

**3.      Protective Orders.** If you seek a protective order, please use your best efforts to propose it to opposing counsel before the Scheduling Conference.

4.     **Notice to be Provided by Counsel.** Plaintiff's counsel or, if plaintiff is self-represented, defendant's counsel, shall serve this Order on any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

5.     **Disclosures to Clients.** Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling and Case Management Order, which will set forth the schedule that the Court establishes at the Scheduling Conference.

**IT IS SO ORDERED.**

Date:   August 21, 2014     _____
                            JOHN A. KRONSTADT
                            UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

EXHIBIT A TO ORDER SETTING RULE 16(b)/26(f) SCHEDULING CONFERENCE:
SCHEDULE OF PRETRIAL AND TRIAL DATES FOR:
1. CIVIL CASES
2. PATENT CASES
3. ERISA CASES

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| Case No.: | |
|---|---|
| Case Name: | |

| **Hearings:** | | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
|---|---|---|---|---|
| ____ Jury Trial<br>____ Court Trial<br>**(Tuesday at 9:00 a.m.)**<br><br>Duration Estimate: ____ Days / ____ Weeks | | | | |
| Final Pretrial Conference and Exhibit Conference:<br>**(Monday at 3:00 p.m.)** *(Two weeks before the trial)* | | | | |
| **Deadlines for Bench Trials Only:** | **Weeks Before Trial** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| Anticipated Ruling to be Issued by Court | 2 | | | |
| Last Date to File Objections to Direct Testimony Declarations | 3 | | | |
| Last Date to File Direct Testimony Declarations | 4 | | | |
| **Deadlines:** | **Weeks Before Trial** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| Last Date to Hear Motions (not file)<br>*(including discovery motions)* | 8 | | | |
| Expert Discovery Cut-Off | 8 | | | |
| Expert Disclosure (Rebuttal) | 10 | | | |
| Expert Disclosure (Initial) | 12 | | | |
| Non-Expert Discovery Cut-Off | 14 | | | |
| Last Date to Add Parties/Amend Pleadings | | | | |

| Settlement Procedure Selection:<br>*(ADR-12 Form will be completed by Court after scheduling conference)* | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | | |
| Last day to conduct settlement conference/mediation | | | |
| Notice of Settlement / Joint Report re Settlement<br>*(10 days before PMSC)* | | | |
| Post Mediation Status Conference: **(Monday at 1:30 pm)**<br>*(14 days after the last day to conduct settlement)* | | | |

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES FOR PATENT CASES**

| Case No.: | |
|---|---|
| Case Name: | |

| | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| [ ] Jury Trial   [ ] Court Trial ): **(Tuesday at 9:00 a.m.)**<br><br>Time Estimate: ____ Days / _____ Weeks | | | |
| Final Pretrial Conference and Status Conference re Exhibits: **(Monday at 3:00 p.m.)**<br>*2 weeks before the trial date* | | | |
| Post Mediation Status Conference:<br>**(Monday at 1:30 p.m.)**<br>*30 days before the cut-off date* | | | |
| Last day to conduct a settlement conference/mediation Selection of Settlement Procedure:<br>   1. Magistrate Judge<br>   2. Attorney Settlement Officer Panel<br>   3. Outside ADR/Non-Judicial/Private Neutral<br><br>Selection: _____ | | | |

| **Deadlines:** | **Weeks After Listed Event** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
|---|---|---|---|---|
| Infringement Contentions (S.P.R. 2.1, 2.2) | 2 (After Order Setting Scheduling Conference) | | | |
| Early Meeting of the Parties, Initial Disclosures (S.P.R. 2.3) | 4 (After Order Setting Scheduling Conference) | | | |
| Joint Rule 26(f) Report (S.P.R. 2.3) | 6 (After Order Setting Scheduling Conference) | | | |
| Scheduling Conference (S.P.R. 2.4) | [set by Court] | | | |
| Invalidity Contentions (S.P.R. 2.5, 2.6) | 2 (After Scheduling Conference) | | | |

| | | | | | |
|---|---|---|---|---|---|
| Exchange of Claim Terms (S.P.R. 3.1) | 4 (After Scheduling Conference) | | | | |
| Exchange Proposed Constructions and Evidence (S.P.R. 3.2) | 6 (After Scheduling Conference) | | | | |
| Complete Claim Construction Discovery (S.P.R. 3.3) | 10 (After Scheduling Conference) | | | | |
| Joint Markman Prehearing Statement (S.P.R. 3.4) | 11 (After Scheduling Conference) | | | | |
| Simultaneous Opening Markman Briefs (S.P.R. 3.5) | 12 (After Scheduling Conference) | | | | |
| Simultaneously Responding Markman Briefs, Tutorials, and Presentation Materials (S.P.R. 3.5) | 14 (After Scheduling Conference) | | | | |
| Markman Hearing (S.P.R. 3.6) | 17 (After Scheduling Conference) | | | | |
| Markman Decision | [set by Court] | | | | |
| Patentee Files Final Infringement Contentions, Expert Reports on issues Where Patentee has Burden of Proof, All Parties File Advice of Counsel Disclosures (S.P.R. 4.1, 4.4) | 4 (After Markman Decision) | | | | |
| Accused Infringer Files Final Invalidity Contentions, Rebuttal Expert Reports, and Opening Expert Reports Where Accused Infringer has Burden of Proof (S.P.R. 4.2) | 8 (After Markman Decision) | | | | |

| | | | | |
|---|---|---|---|---|
| Patentee's Rebuttal Expert Reports on Issues Where Accused Infringer has Burden of Proof (S.P.R. 4.3) | 12 (After Markman Decision) | | | |
| Discovery Cut-Off (S.P.R. 4.3) | 16 (After Markman Decision) | | | |
| Last Date to File Dispositive Motions (S.P.R. 4.5) | 20 (After Markman Decision) | | | |
| Last Date to Hear Motions (not file) | 27 (After Markman Decision) | | | |
| Last Date to Add Parties/Amend Pleadings | | | | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge  2. Attorney Settlement Officer Panel  3. Outside ADR/Non-Judicial (Private) | | | | |
| Last day to conduct settlement conference/mediation | | | | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | | | |
| Post Mediation Status Conference: **(Monday at 1:30 pm)** *(14 days after the last day to conduct settlement)* | | | | |

13

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES FOR ERISA CASES**

| Case No.: | |
|---|---|
| Case Name: | |

| **Hearings:** | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| Court Trial/Hearing on Administrative Record: **(Tuesday at 9:00 a.m.)** Duration Estimate: ____ Days / ____ Weeks | | | |
| Final Pretrial Conference: **(Monday at 3:00 p.m.)** *(Two weeks before the trial)* | | | |
| Simultaneous Responsive Briefs | | | |
| Simultaneous Opening Briefs | | | |
| Last Date to Add Parties/Amend Pleadings | | | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non-Judicial (Private) | | | |
| Last day to conduct settlement conference/mediation | | | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | | |
| Post Mediation Status Conference: **(Monday at 1:30 pm)** *(14 days after the last day to conduct settlement)* | | | |