**LAW OFFICE OF ALAN EIGHMEY, ESQ.**
Alan Eighmey, Bar No. 278782
alan@norcal-law.com
Claudine Sherron Bar No. 296499
claudine@norcal-law.com
121 West Main Street, Ste. F
Turlock, CA 95380
Tel:   +1.209.683.1616
Fax:   +1.209.250.1991

Attorneys for Plaintiff Liz Banks

**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
jduffy@morganlewis.com
Joseph V. Quattrocchi, Bar No. 257568
jquattrocchi@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
*erroneously sued as Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LIZ BANKS,<br><br>              Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., erroneously sued as Chase Bank, N.A.; and DOES 1 to 100, inclusive,<br><br>              Defendants. | Case No. 2:14-cv-06429-JAK-FFM<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 16(B)/26(F) REPORT**<br><br>Date:        November 10, 2014<br>Time:       8:30 a.m.<br>Judge:     Hon. John A. Kronstadt<br>Crtrm.:    750<br><br>Date of Filing:   July 15, 2014<br>Trial Date:         Not yet set |

Pursuant to this Court's August 22, 2014 Scheduling Order, Plaintiff Liz Banks ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") submit this Case Management Statement and Rule 16(b)/26(f) Report in accordance with the Clerk's Notice (Document No. 10).

## I. STATEMENT OF THE CASE

### A. Plaintiff's Summary

Plaintiff has filed a civil complaint against JPMC in the Superior Court for the State of California for the County of Los Angeles on July 15, 2014 which asserted nine causes of action for:

1. Violations of California's Homeowner's Bill of Rights ("HOBR") (Violation of Dual Tracking (First Claim), Violation of Single Point of Contact (Second Claim), and Failure to Notify (Third Claim));

2. Fraud (Fourth Claim);

3. Unfair Business Practices (Fifth Claim);

4. Negligence (Sixth Claim);

5. Violation of the federal Equal Opportunity Credit Act (Seventh Claim);

6. Negligent Infliction of Emotional Distress (Eighth Claim);

7. Intentional Infliction of Emotional Distress.

All nine causes of action relate to the foreclosure and subsequent trustee sale of real property located at 1008 Harbor Crossing Lane, Marina Del Rey, CA 90292. The trustee sale was conducted on June 12, 2014 and Plaintiff's property was sold while Plaintiff alleges her mortgage modification was under review and in violation of both federal and state regulations.

### B. JPMC's Summary

JPMC maintains that in May of 2012, Plaintiff defaulted on a $1,000,000 loan (the "note") that she obtained from Greenpoint Mortgage Funding, Inc. The

note was secured by a deed of trust encumbering the Property.  After Plaintiff failed to secure a loan modification and further failed to cure her default, JPMC sold the Property at a trustee sale on June 12, 2014 as permitted under the deed of trust. Notwithstanding her admitted default, Plaintiff has brought the instant Complaint. JPMC maintains that Plaintiff has failed to state any viable claim for relief for all of the reasons set forth in its Motion to Dismiss.

## II. SUBJECT MATTER JURISDICTION

As set forth in JPMC's Notice of Removal, this Court has original jurisdiction over this matter under 28 U.S.C.§§ 1332, 1441 and 1446 on the basis of diversity jurisdiction because: (1) there is complete diversity of citizenship between Plaintiff and JPMC, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.  (*See* Docket No. 1).

## III. LEGAL ISSUES

### A. Plaintiff's Statement

The key legal issues in this case consist of Defendant's violations of both federal and state laws.  Primarily the   legal issues stem from Defendant's alleged violations of prohibited   tactics in conducting and foreclosing upon defaulted properties.   Plaintiff claims that Defendant violated federal and state  prohibitions against the act of dual tracking. Further Plaintiff alleges that Plaintiff failed to appoint a Single Point of Contact with which she could effectively communicate in an effort to avoid   foreclosure.  Plaintiff alleges that Defendant committed the intentional act of fraud and infliction of emotional distress throughout the entire process.  Additionally, Plaintiff contends that she was discriminated against by Defendant's failure to adhere to strict notice requirements of the Equal Credit Opportunity Act.  Finally, Plaintiff alleges that these actions both unfair and unlawful are a violation of California's prohibition against unfair  business practices.

### B. JPMC's Statement

The foregoing matters are set forth in JPMC's motion to dismiss, scheduled to be heard by this Court concurrently with this Case Management Conference. Once the case is at issue, the parties anticipate that the issues will be narrowed.

## IV. PARTIES AND NON-PARTY WITNESSES

### A. Plaintiff's Statement

Witnesses will include but not limited to Plaintiff Liz Banks, John Yedinak, Daniel Ramirez, Chelsea Colmenero, Liza Martinez. Upon production of a list of employees likely most knowledgeable, Plaintiff will notify Defendant of additional names.

### B. JPMC's Statement

At this time, JPMC believes it will call Plaintiff as a witness. Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue at a later time. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

## V. DAMAGES

### A. Plaintiff's Statement

Plaintiff was damaged not only by the sale of her home, but the loss of significant equity that existed in the property which by fair and independent estimate was more than $1.5 million dollars at the time of sale. This estimate does not including any increase in property value since the sale in June of 2014 as property values continue to rise in the area. In addition, Plaintiff has been damaged by incurring legal and direct costs associated with pursuit of her claims. Finally, Plaintiff claims significant emotional distress throughout this entire process.

### B. JPMC's Statement

JPMC maintains that Plaintiff has not incurred any damages and that if Plaintiff indeed incurred any damages, such damages were the result of Plaintiff's

CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

own default under the note and deed of trust.

## VI. INSURANCE COVERAGE

### A. Plaintiff's Statement

There is no known insurance coverage. Plaintiff reserves the right to amend its response if necessary.

### B. JPMC's Statement

At this time JPMC is not aware of any applicable insurance policies that would be applicable in this matter. JPMC reserves the right to amend its response if necessary.

## VII. MOTIONS AND PLEADINGS

### A. Plaintiff's Statement

There is very little likelihood from Plaintiff that there will be additional parties added or will there be a transfer of venue. There is, however, a potential that additional claims or amended pleadings will be filed. Plaintiff reserves the right to amend any response to Defendant's pleading or amended pleadings.

### B. JPMC's Statement

On August 22, 2014, JPMC filed a Notice of Motion and Motion to Dismiss Plaintiff's complaint. This Court is set to hear JPMC's motion on November 3, 2014. Should Plaintiff be granted leave to amend, JPMC anticipates filing a subsequent Motion to Dismiss. JPMC reserves the right to amend any Answer in response to Plaintiff's amended pleadings so as to assert additional defenses as appropriate based on its investigation and discovery in this action. JPMC anticipates bringing any or all of the following motions:

1. Motion for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues; and/or
2. Motions related to discovery; and/or
3. Motions in Limine.

JPMC does not anticipate joining additional parties at this time.

## VIII. MANUAL FOR COMPLEX LITIGATION

### A. Plaintiff's Statement

All of the manual for complex litigation should be utilized.

### B. JPMC's Statement

At this time, JPMC believes that this matter may be complex and may require reference to the procedures set forth in the Manual on Complex Litigation. Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue at a later time. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

Furthermore, JPMC does not anticipate the need for severance, bifurcation or other ordering of proof.

## IX. STATUS OF DISCOVERY

### A. Plaintiff's Statement

Currently Plaintiff has made written and verbal requests for discovery items on July 22, 2014, August 20, 2014 (both written and verbal), September 20, 2014 (written request for information) and again on October 1, 2014. Items that have been requested include lists of employees associated with Plaintiff's mortgage and mortgage modification efforts, Copies of communications between Plaintiff and Defendant, copies of recorded phone calls between Plaintiff and Defendant and any internal memos or electronic notes regarding Plaintiff's mortgage and/or mortgage modification.

### B. JPMC's Statement

Given that Plaintiff's claims are not yet at issue, JPMC has not propounded any discovery in this matter. JPMC denies that Plaintiff has propounded any formal discovery requests as set forth in Section IX.A above.

## X. DISCOVERY PLAN

### A. Plaintiff's Statement

1. Plaintiff is in agreement with Defendant's proposed discovery plan.

#### 1. Discovery Cut-Off

The proposed discovery cut-off date is four weeks prior to trial date.

#### 2. Expert Discovery

Plaintiff anticipates the need to call expert witnesses to address the issues regarding value of Plaintiff's home and possibly JPMC's policies and procedures as they relate to mortgage modification and servicing processes. The proposed cut-off for expert witness disclosures (initial and rebuttal) is four weeks prior to trial.

### B. JPMC's Statement

JPMC will serve initial discovery within 30 days of the case being at issue. JPMC anticipates that it will take depositions and serve written interrogatories and requests for production of documents. JPMC proposes that it serve written discovery following receipt of the parties' respective initial disclosures and in accordance with the Federal Rules of Civil Procedure and Local Rules, including the limitations set forth therein.

At this time, JPMC proposes a discovery cut-off date of October 19, 2015. Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

#### 1. Discovery Phases/ Order of Discovery:

If depositions are needed, JPMC does not anticipate that it will be necessary to take more than five (5) depositions. JPMC also does not anticipate that any of the depositions will take more than seven (7) hours, other than possibly the deposition of Plaintiff and person most knowledgeable of JPMC.

JPMC proposes that it serve written discovery following receipt of the

CASE MANAGEMENT STATEMENT AND
RULE 26(F) REPORT

parties' respective initial disclosures and in accordance with the Federal Rules of Civil Procedure and Local Rules, including the limitations set forth therein. JPMC proposes that it is not necessary to conduct discovery in phases.

## 2. Electronic Discovery

JPMC proposes that the use of electronic discovery be permitted, as necessary, in this case and that any unreasonable costs associated with an electronic discovery request be borne by the requesting party

## 3. Confidential Documents and Privilege Issues

JPMC anticipates that Plaintiff may seek some documents and/or information which may contain trade secrets or other confidential or private information related to JPMC's business and/or employees. To the extent such information or documentation is sought by Plaintiff, JPMC believes that the parties will negotiate in good faith as to a stipulated Protective Order and other appropriate measures

## 4. Discovery Cut-Off

The proposed discovery cut-off date is four weeks prior to trial date (October 19, 2015). Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue at a later date. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

## 5. Expert Discovery

JPMC is still considering whether it will need to employ expert witnesses. However, JPMC anticipates that it will hire expert witnesses to address any issues set forth by Plaintiff's expert witnesses, if any. JPMC further anticipates hiring expert witnesses to provide testimony on Plaintiff's alleged damages. The proposed cut-off for expert witness disclosures (initial and rebuttal) is four weeks prior to trial (October 19, 2015). Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue

at a later time. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

### 6. Evidence Preservation

JPMC will take steps to preserve evidence

## XI. DISPOSITIVE MOTIONS

### A. Plaintiff's Statement

Plaintiff does not foresee filing any dispositive motions

### B. JPMC's Statement

At this time, JPMC anticipates that it will file a motion for summary judgment at the appropriate time. Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue at a later time. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

## XII. SETTLEMENT

### A. Plaintiff's Statement

Plaintiff and Defendant conferred by phone on August 20, 2014 to discuss the possibility of settlement. Plaintiff made settlement terms clear and Defendant declined those terms and further conversation. Plaintiff would be agreeable to explore other settlement options and mechanisms.

### B. JPMC's Statement

JPMC has discussed potential settlement but has thus far been unable to agree on potential settlement terms with Plaintiff. JPMC has not yet discussed ADR with Plaintiff as the case is not yet at issue. JPMC is willing to participate in mediation and/or settlement proceedings before this Court, but believes that such proceedings should occur only after the parties have had the opportunity to conduct reasonable discovery and the case is at issue.

CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

## XIII. TRIAL ESTIMATE

### A. Plaintiff's Statement

Parties believe that a realistic estimate of trial time would be no more than five days. Plaintiff requests jury trial. Plaintiff estimates fifteen witnesses.

### B. JPMC's Statement

JPMC requests a bench trial as to all equitable claims and proposes that the Court schedule two days for trial.

## XIV. INDEPENDENT EXPERT OR MASTER

### A. Plaintiff's Statement

There is no need for the court to appoint a Master pursuant to rule 53 or independent scientific expert

### B. JPMC's Statement

JPMC does not believe that any special procedures are warranted including but not limited to a special master. JPMC will alert the Court to any developments which may change this assessment. Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that it be permitted to revisit this issue at a later time. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

## XV. TRIAL COUNSEL

### A. Plaintiff's Statement

Plaintiff will be represented by Alan Eighmey, Esq.; and Claudine Sherron, Esq., The Law Firm of Eighmey & Sherron

### B. JPMC's Statement

JPMC will be represented at trial by Joseph Duffy, Esq. and Joseph V. Quattrocchi, Esq. of Morgan, Lewis & Bockius, LLP

## XVI. TIMING AND SCHEDULING

### A. Plaintiff's Statement

See Attached Exhibit A

### B. JPMC's Statement

JPMC proposes that (1) initial expert disclosures will be made at least 90 days before the date set for trial or for the case to be ready for trial; or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. Proc. 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. *See* Fed. R. Civ. Proc. 26(a)(2)(D); (2) discovery will be completed 90 days prior to the final pretrial conference; (3) law and motion is cut off 60 days before the final pretrial conference; and (4) the final pretrial conference will be held 90 days before the trial.

Given that Plaintiff's claims are not yet at issue, JPMC proposes the pretrial and trial schedule appearing in the attached Exhibit A. JPMC requests that it be permitted to revisit this issue at a later date and reserves the right to amend its response once the issues in this matter have been narrowed.

## XVII. OTHER ISSUES

### A. Plaintiff's Statement

Plaintiff does not anticipate other issues affecting the management of the case.

### B. JPMC's Statement

JPMC is unaware of any other matters that may be instructive to the just an expeditious disposition of the case. JPMC believes that this case is not suitable for arbitration, or the Judicial Panel on Multidistrict Litigation. JPMC submits that this case is not related to any other cases pending in this District. Finally, JPMC does not believe that an expedited schedule is necessary at this time. Given that the pleadings are not yet at issue, this is JPMC's preliminary response and requests that

CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

it be permitted to revisit this issue at a later time. JPMC reserves the right to amend its response once the issues in this matter have been narrowed.

## XVIII. MAGISTRATE JUDGE

### A. Plaintiff's Statement

Plaintiff agrees to have a Magistrate Judge preside under 28 U.S.C. §636.

### B. JPMC's Statement

JPMC does not consent to have a magistrate judge preside over the entire action.

Dated: October 28, 2014    Respectfully submitted,

**LAW OFFICE OF ALAN EIGHMEY, ESQ.**

By: /s/ Alan Eighmey /s/ Claudine Sherron

Attorneys for Plaintiff
Liz Banks

Dated: October 28, 2014    Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Joseph V. Quattrocchi
Joseph V. Quattrocchi

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.,
*erroneously sued as Chase Bank, N.A.*

CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT