**Alan Eighmey, Esq.** (CSBN 278782)
**Claudine Sherron, Esq.** (CSBN 296499)
**Sergio Jimenez, Esq**. (CSBN 289673)
*Strategic Legal Group, PC*
121 West Main Street, Suite F
Turlock, CA 95380
Tel: (209)683-1616
Fax: (209)250-1991
E-Mail: alan @ norcal-law.com
*Attorneys for Plaintiff Liz Banks*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIZ BANKS,<br><br>      *Plaintiff*,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., erroneously sued as Chase Bank, N.A.; DOES 1 to 100, inclusive,<br>      *Defendant.* | CASE NO.:  2:14-cv-6429-JAK-FFM<br><br>**PLAINTIFF LIZ BANKS' UNCONTROVERTED STATEMENT FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br>Date:    TBD<br>Time:   TBD<br>Courtroom:<br>Complaint Filed:  July 15, 2014<br>FAC Filed:    November 26, 2014<br> Trial Date:        September 22, 2015 |

Plaintiff Liz Banks respectfully submits this Statement of Uncontroverted Facts and Conclusions of Law in Opposition of Defendant's motion for Summary Judgment.

//

/ /

/ /

/ /

/ /

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 427. January 25, 2013 at 15:44:06 - the following was entered into the LMTN system: "docs needed are: 2 most recent bnkstmts [bank statements] with paycheck deposits or 3 months canceled checks, 4506T cannot be altered, has brw [borrower] filed 2011 taxes?" | 427. Grageda Decl. ¶ Ex. B pp 221 |
| 428. On January 28, 2013 at 11:21:49 the followig was entered into the LMTN system: Employer to provide recent 3 months canceled check (Paystubs), Brwr [borrower] to provide 2 most recent bank statements to support receipt of this income. | 428. Grageda Decl. ¶ Ex. B pp 220 |
| 429. February 6, 2013 at 14:54:39 – "Inbound call from Borrower… Advsd the file has just opened 02/01/2013 but not yet reviewed… sent email to CAS. She did not want me to go through the accnt she just want a call back." | 429. Grageda Decl. ¶ Ex. B pp 221 |
| 430. February 9, 2013 at 15:19:48 – "Employer to provide recent 3 months canceled check (Paystubs) Brwr to provide 2 most recent bank statement to support receipt of this income. | 430. Grageda Decl. ¶ Ex. B pp 219 |
| 431. On Febraury 15, 2013 the following was entered into the LMTN system: Lvm [left message] for Brw to call – we cannot review for loan mod until we get employer to provide recent 3 months canceled checks (Paystubs), Brw to provide 2 most recent bnkstmts [bank statements] to support receipt of the income with all other critical docs" | Grageda Decl. ¶ Ex. B pp 218 |
| 432. On February 18, 2013 the following was entered into the LMTN system:  Adv [advised] we cannot start the loan mod review process unless we have 3 months canceled checks from the employer along with 2 months bnkstmts with support of the income deposited suggested she reapply in May so she can have the bnkstmts of March and April she had my info adv [advised] FCL [foreclosure] suspended. | 432. Grageda Decl. ¶ Ex. B pp 218 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 433. On April 8, 2013 the following was entered into the LMTN system: … Adv [advised] I am the CAS, Adv we are still in need of employer to provide recent 3 months canceled check (paystubs) brwr [borrower] to provide 2 most recent bank statements to support receipt of this income, she indicated she is sending bnkstmts. Adv the bankstmnts we have need to have her pay deposited she indicated she doesn't do that adv unfortuanenly [unfortunately] we cannot review this until we have those items along with the other docs adv FCL sale sate is 4/19. | 433. Grageda Decl. ¶ pp 209 |
| 434. On April 10, 2013 at 17:24:54 Banks called to follow up on her application and spoke with a JPMC employee (employee unidentified without further discovery) who advised Banks she may need to send in a new IRS 4506-T form with new signature. | 434. Grageda Decl. ¶ Ex. A pp 208 |
| 435. On April 11, 2013 Banks sent a fax containing the following:<br>• a newly signed IRS Form 4506-T<br>• a signed Dodd-Frank Certificate as required. | 435. Grageda Decl. ¶ Ex. A pp 184-192 |
| 436. On April 15, 2013 the followig was entered into the LMTN system: CA OPS Review, 30 day MIL [Missing Information Letter] Review, no MIL Sent: Escalated File to MGR: Reuploaded 4506T, 201 Tax transcripts, CBR and BPO to lenderlive to be transferred to DW and perfected, once docs have been uploaded to SW, followup date 4/16/13." | 436. Grageda Decl. ¶ Ex. A pp 207 |
| 437. The HAMP application specifically states on the second page, "You are not required to disclose child support, alimony or separation maintenance income unless you chose to have it considered by your servicer | 437. Grageda Decl. ¶ Ex. A, pp 8 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 438. In an effort to avoid the standard 10-day hold on funds when depositing an out-of-state check, Banks sometimes used a check cashing service when receiving funds from Galaxy Gaming Ill, LLC who is located in Chicago. | 438. Quattocchi Decl. ¶ 3 Ex. A pp 113:7-9 |
| 439. On April 3, 2012 the following entry was made into LMTN notes as a result of a call from Banks.<br>"… Adv [advised] I am the CAS, Adv we are still in need of employer to provide recent 3 months canceled check (paystubs) brwr [borrower] to provide 2 most recent bank statements to support receipt of this income, she indicated she is sending bnkstmts. Adv the bankstmnts we have need to have her pay deposited she indicated she doesn't do that adv unfortuanenly [unfortunately] we cannot review this until we have those items along with the other docs adv FCL sale sate is 4/19." | 439. Grageda Decl. ¶ pp 209 |
| 440. On April 10, 2013 at 17:24:54 Banks called to follow up on her application and spoke with a JPMC employee (employee unidentified without further discovery) who advised Banks she may need to send in a new IRS 4506-T form with new signature. | 440. Grageda Decl. ¶ Ex. A pp 210 |
| 441. On April 16, 2013 at 13:19:02, employee J988037 entered into the LMTN system the following: CA Ops Review? RMA 4/10, Paystubs 4/10, 4506T 4/2, CBR 4/3, 2011 Tax transcripts 4/3 and BP on 4/8 uploaded and perfected. | 441. Grageda Decl. ¶ Ex. B pp 206 |
| 442. The dates listed in UF 441 correlate with the dates the particular documents were submitted by Banks. | 442. Grageda Decl. ¶ Ex. B pp 206 |
| 443 on May 23, 2013 at 04:25:28 a JPMC employee number E687975 entered the followig into the LMTN system:CA OPS | 443. Grageda Decl. ¶ Ex. B pp 200 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| review E687975: All documents received and perfected | |
| 444. On May 25, 2013 at 15:56:57 employee number W254882 enters the following notes into the LMTN system: CAS Sup review; Utility bill provided is mailed to another address. Does not provide occupancy. | 444. On May 25, 2013 at 15:56:57 employee number W254882 enters the following notes into the LMTN system: CAS Sup review; Utility bill provided is mailed to another address. Does not provide occupancy. |
| 445. On March 6, 2013 JPMC sent another solicitation to Banks to reapply for modification. | |
| 446. On April 1, 2013 Banks sent to JPMC the following documents by fax:<br>•Fax Cover Sheet;<br>•RMA (accidently missing page 6)<br>•IRS Form 4506T-EZ (authorization for JPMC to obtain tax transcripts)<br>•IS Form 4868 – application for automatic extension showing she and her husband had filed for an extension.<br><br>•Paystub for December 2012 to Liz Banks from Galaxy Gaming ILL, LLC<br>•Paystub for January 2013<br>•Receipt from a wire transfer showing monthly pay in the amount of $10,000.00 from Galaxy Gaming Ill, LLC to Banks's Wells Fargo checking account.<br><br>•February bank statement of Liz Banks from Wells Fargo Bank | 446. UF 71   Quattrocchi Decl. ¶ 5 Ex. C pp 437-457 (Banks Depo. Ex 47) |
| 448.   As of the April 3rd submission, Banks had delivered three most recent employer-provided paystubs and two most recent bank statements with the March bank statement reflecting the deposit of income into her account along with the other critical docs. | 448. UF 71 and UF 77 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 449. Banks received no letter documenting what information was actually missing, if any, from her submission as required by Cal. Civ. Code 2924(g)  See: Exhibit A Letter Log. | 449. Sherron Decl. ¶ |
| 450. On April 10, 2013 at 17:24:54 Banks called to follow up on her application and spoke with a JPMC employee (employee unidentified without further discovery) who advised Banks she may need to send in a new IRS 4506-T form with new signature | 450.   Grageda Decl. ¶ Ex. A pp 208 |
| 451. April 11, 2013 Banks sent a fax containing the following:<br>•a newly signed IRS Form 4506-T<br>•a signed Dodd-Frank Certificate as required. | 451. UF 85    Grageda Decl. ¶ Ex. A pp 1537-1539 |
| 452.  On April 17, 2013 Banks submitted the following to JPMC:<br>•Fax coversheet<br>•IRS Form  4506-T-EZ - (authorization for JPMC to obtain tax transcripts)<br>•A handwritten letter of explanation as to why her 2011 taxes had not been filed and instead an extension had been filed. | 452. UF 293 |
| 453.  As of May 7, 2013, JPMC had been provided proof of receipt of income from Galaxy Gaming Ill, LLC by deposit into Banks' bank account for March and April 2013 and three months recent paystubs | 453.  UF 294; 71 |
| 454. On May 22, 2013 Banks submitted by fax the following:<br>•Fax coversheet<br>•Copy of her Los Angeles Department of Water and Power dated May 20, 2013 | 454. UF 295 |
| 455. June 18, 2013 Banks submitted to JPMC by fax the following:<br>•Fax coversheet<br>•DirecTV bill dated June 4, 2013 | 455.UF 296 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 456. June 19, 2013 at 04:56:33, JPMC employee number N569205 enters the following notes stating, "CA OPS Review: this review is based on full review: *All docs received and perfected." | 456. Grageda Decl. ¶ Ex. B pp 196 |
| 457. JPMC's July 11, 2013 letter does not articulate specifically what documents were missing or not provided to JPMC. | 457. Quattrocchi Decl. ¶ 5 Ex. C pp 491-493 (Banks Depo. Ex. 58) |
| 458. JPMC's corporate witness was unknowledgeable on Topic 1 of the Notice of Deposition under Federal Rule 30(b)(6) | 458.<br>(Summerford Depo. pp. 22:25-25 through pp. 23:1-6)<br>(Summerford Depo. pp. 38:21-25 through pp. 39:1-11)<br>(Summerford Depo. pp. 42:15-25 through pp. 43:1-2)<br>Summerford Depo. pp. 22:25-25 through pp. 23:1-6)<br>(Summerford Depo. pp. 92:2-4)<br>(Summerford Depo. pp. 151:1-17)<br>(Summerford Depo. pp. 183:16-25)<br>(Summerford Depo. pp. 198:19-25 through.199:1-6) |
| 459. JPMC's corporate witness was unknowledgeable on Topic 2 of the Notice of Deposition under Federal Rule 30(b)(6) | 459.<br>(Summerford Depo. pp. 23:25 through 24:1-3)<br>(Summerford Depo. pp. 22:25-25 through pp. 23:1-6)<br>(Summerford Depo. pp. 162:5-25 through pp. 163:1-7) |
| 460. JPMC's corporate witness was unknowledgeable on Topic 3 of the Notice of Deposition under Federal Rule 30(b)(6) | 462.<br><br>(Summerford Depo. pp. 21:19-22)<br>(Summerford Depo. pp. 39:19-23)<br>(Summerford Depo. pp. 47:16-21)<br>(Summerford Depo. pp. 48:24-25 through pp. 49:1-11)<br>(Summerford Depo. pp. 50:6-10)<br>(Summerford Depo. pp. 53:9-16) |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | (Summerford Depo. pp. 133:4-22 <br> (Summerford Depo. pp. 141:5-25) <br> (Summerford Depo. pp. 143:7-13) <br> (Summerford Depo. pp. 162:5-25 through pp. 163:1-7) <br> (Summerford Depo. pp. 22:25-25 through pp. 23:1-6) |
| 461. JPMC's corporate witness was unknowledgeable on Topic 4 of the Notice of Deposition under Federal Rule 30(b)(6) | 461. <br> (Summerford Depo. pp. 47:16-21) <br> (Summerford Depo. pp. 48:24-25 through pp. 49:1-11) <br> (Summerford Depo. pp. 50:6-10) <br> (Summerford Depo. pp. 53:9-16) <br> (Summerford Depo. pp. 133:4-22) |
| 462. JPMC's corporate witness was unknowledgeable on Topic 5 of the Notice of Deposition under Federal Rule 30(b)(6) | 462. <br> (Summerford Depo. pp. 53:9-16) <br> (Summerford Depo. pp. 60:19-25 through pp. 61:1-17) <br> (Summerford Depo. pp. 106:21-25 through 107:1) <br> (Summerford Depo. pp. 133:4-22) |
| 463. JPMC's corporate witness was unknowledgeable on Topic 6 of the Notice of Deposition under Federal Rule 30(b)(6) | 463. <br> (Summerford Depo. pp. 117:23-25 through 118:1-6) <br> (Summerford Depo. pp. 124:4-11) <br> (Summerford Depo. pp. 133:4-22) <br> (Summerford Depo. pp. 169:5-13) <br> (Summerford Depo. pp. 210:5-11) |
| 464. JPMC's corporate witness was unknowledgeable on Topic 9 of the Notice of Deposition under Federal Rule 30(b)(6) | 464. <br> (Summerford Depo. pp. 29:7-13) |
| 465. JPMC's corporate witness was unknowledgeable on Topic 10 of the Notice of Deposition under Federal Rule 30(b)(6) | 465. <br> (Summerford Depo. pp. 50:6-10) <br> (Summerford Depo. pp. 86:7-13) <br> (Summerford Depo. pp. 136:5-22) <br> (Summerford Depo. pp. 153:25 through 154:1-14) |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | (Summerford Depo. pp. 155:16-20)<br>(Summerford Depo. pp. 222:15-17)<br>(Summerford Depo. pp. 133:4-22) |
| 466. JPMC's corporate witness was unknowledgeable on Topic 11 of the Notice of Deposition under Federal Rule 30(b)(6) | 466.<br>(Summerford Depo. pp. 38:21-25 through pp. 39:1-11)<br>(Summerford Depo. pp. 64:18-25 through 65:1-2)<br>(Summerford Depo. pp. 104:23-24) |
| 467. JPMC's corporate witness was unknowledgeable on Topic 12 of the Notice of Deposition under Federal Rule 30(b)(6) | 467.<br>(Summerford Depo. pp. 44:19-25<br>(Summerford Depo. pp. 133:4-22)<br>(Summerford Depo. pp. 161:2-12)<br>(Summerford Depo. pp. 133:4-22) |
| 468. JPMC's corporate witness was unknowledgeable on Topic 13 of the Notice of Deposition under Federal Rule 30(b)(6) | 468.<br>(Summerford Depo. pp. 162:5-25 through pp. 163:1-7) |
| 470. JPMC's corporate witness was unknowledgeable on Topic 14 of the Notice of Deposition under Federal Rule 30(b)(6) | 470.<br>(Summerford Depo. pp. 153:25 through 154:1-14) |
| 471.<br>JPMC's corporate witness was unknowledgeable on Topic 15 of the Notice of Deposition under Federal Rule 30(b)(6) | 471.<br>(Summerford Depo. pp. 53:9-16)<br>(Summerford Depo. pp. 133:4-22)<br>(Summerford Depo. pp. 180:14-25 through 181:1-6) |
| 472.<br>JPMC's corporate witness was unknowledgeable on Topic 17 of the Notice of Deposition under Federal Rule 30(b)(6) | 472.<br>(Summerford Depo. pp. 162:5-25 through pp. 163:1-7) |
| 473. JPMC's corporate witness was unknowledgeable on Topic 21 of the Notice of Deposition under Federal Rule 30(b)(6) | 473.<br>(Summerford Depo. pp. 89:24-25 through 90:1-2 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 474. Plaintiff should be permitted to depose underwriters, including Cheryl Ross, identified only during the belated 30(B)(6) deposition, who could testify about why Ms. Banks's loan was never analyzed, and the likelihood that her loan would be modified with nearly a million dollars in equity | 474. Summerford Deposition 137:2-141:15 Depo. Exh. 102 |
| 475. Mr. Summerford could not explain system entries stating "all documents received and perfected" or "file is ready for the underwriter." Deposition of SPOC Lisa Martinez, and/or other JPMC | 475. Summerford Deposition at 106:7-107:4 |
| 476. JPMC determined on the basis of its "LIO" reports that it would never even evaluate her application unless she produced cancelled checks from 2012. | 476. Summerford Deposition at 205:15-25 through 267:19 |
| 477. JPMC repeatedly invited Banks to apply, demanded other documents, and then waited to decline her application until July, 2013 | 477. UF 92 |
| 478. JPMC repeatedly requested Banks produce utility/luxury bills to prove occupancy even though they had already done an interior inspection in October 2012. | 478. Grageda Decl. ¶ Ex. B pp 196; 198 |
| 479. JPMC's "Loan Integrity Operations" department apparently[1] demanded the cancelled checks corresponding to the pay stubs Mrs. Banks had submitted for June through September, 2012 | 479. UF 55 |
| 480. JPMC initially denied the 2012 application solely because the cancelled checks were not submitted. | 480. Grageda Decl. ¶ Ex. B pp 219 |
| 481. When JPMC reopened the application and JPMC invited her to apply again JPMC secretly imposed the *exact same requirement*: that she provide cancelled checks before it would even consider her reapplication | 481. Grageda Decl. ¶ Ex. B pp 219 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 482. JPMC's internal notes show JPMC would not consider any renewed application without the specific cancelled checks it identified by check number from 2012 | 482. UF 105 |
| | |
| 483. no missing document letter ever mentioned cancelled checks | 483. Summerford Depo..pp.212:4-11;  89:2-16 |
| 484. JPMC either reopened and denied the 2012 application or refused to consider her renewed application | 484. Summerford Depo pp. 175-76, 2381-81, JS188-89, 2142, JS 206-207 |
| 485. For instance, JPMC internal notes state that "PER LOI FINDINGS UNABLE TO PROCEED WITH ANY MODIFICATION WITHOUT PROVIDING ALL DOCUMENTS REQUIRED FROM THE PREVIOUS MIL [missing items letter].  PER CIC and LOI GUIDELINES AND IF BORROWER DOES NOT COMPLY WITH PRIOR MIL NO REVIEW IS POSSIBLE." | 485. Summerford Depo 162:5- 168:13  Ex. 88 pp 2389, |
| 486. JPMC notes about what Mrs. Banks was told after she initially refused to seek additional documents from her employer are ambiguous; representatives told her to provide "canceled check (paystub)," or gave her the alternative of submitting bank statements showing the deposits (which she did) | 486. Grageda Decl. ¶ Ex. B pp 195, 201, 202 and 220 |
| 487. JPMC recorded its calls with Mrs. Banks | 487. Summerford Depo..pp.38:21-25 through 39:1-11 |
| 488. JPMC has not produced any audio recordings of calls between Banks and JPMC | 488. Sherron Decl. ¶ pp |
| 489. JPMC has not produced, and Mr. Summerford could not testify to, any written or standardized guidelines for requesting additional documents | 489. Sherron Decl. ¶ pp   ; |
| 490. JPMC did not tell Mrs. Banks why it was demanding the canceled paychecks or ask her about the inconsistencies it had identified | 490. Grageda Decl. ¶ Ex. B pp 194-234 |
| 491. There is no notation in the produced LMTN notes stating Banks' address is wrong on the paystubs she submitted | 491. Grageda Decl. ¶ Ex. B pp 194-234 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 492. JPMC's records show her 2012 application was initially denied, but reopened in early 2013 | 492. Summerford Depo..pp.175:24-25 through 176:1-13 |
| 493. A representative instructed her to submit her documents in May of 2013, so that she could submit two bank statements with "support of the income deposited." | 493. Grageda Decl. ¶ Ex. B pp 221 |
| 494. JPMC document reviewers said that all documents had been "perfected" by June, 2013 | 494. Grageda Decl. ¶ Ex. B pp 196, 200, 206 |
| 495. JPMC chose, twice, not to complete its review by using its software to determine the "Net Present Value" of a possible modification. | 495. Summerford Depo. pp. 205:12-14; 208:15-19 |
| 496. JPMC's unexplained refusal to produce loss mitigation notes after July, 2013 has denied Plaintiff the opportunity to show that she submitted another application in May, 2014 | 496. Summerford Depo. pp. 73-76 |
| 497. | |
| 498. JPMC had already determined she would *not* be evaluated because she refused to submit cancelled checks from 2012. | 498. 494. Grageda Decl. ¶ Ex. B pp 194 - 234 |
| | |
| 499 JPMC intentionally kept Ms. Banks in the dark about its real handling of the modification | 499. Summerford Depo. pp. 166:10-25 |
| 500. JPMC reopened her application and kept telling her not only to submit documents but how and when to submit in early 2013 | 500. (Summerford Depo. pp. 175-77 |
| 501. JPMC only disclosed the fact that no NPV had ever been run on Ms. Banks's loan until a week before the discovery cutoff. | 501. (Summerford "not aware of an NPV being run on this loan at all, ever."); |
| 502. JPMC has tried to deny Plaintiff a straight answer about whether she could have qualified with such equity: JPMC's person most knowledgeable claimed ignorance | 502. [Summerford Depo 57:7- 63:24], |