**Alan Eighmey, Esq.** (CSBN 278782)
**Claudine Sherron, Esq.** (CSBN 296499)
**Sergio Jimenez, Esq.** (CSBN 289673)
*Strategic Legal Group, PC*
121 West Main Street, Suite F
Turlock, CA 95380
Tel: (209)683-1616
Fax: (209)250-1991
E-Mail: alan @ norcal-law.com
*Attorneys for Plaintiff Liz Banks*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZ BANKS,<br><br>      *Plaintiff,*<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>erroneously sued as Chase Bank, N.A.; DOES<br>1 to 100,  inclusive,<br>      *Defendant.* | CASE NO.:  2:14-cv-6429-JAK-FFM<br><br>**PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **1.** By facsimile dated May 24, 2012, Plaintiff submitted documents in support of a self-prepared application to modify the terms of the Note (the "May 2012 Application"). <br><br> . Videotaped Deposition Transcript of Plaintiff Liz Banks (the "Banks Depo.") pp. 96:20-97:5, attached to Declaration of **Joseph V. Quattrocchi** in Support of JPMC's Motion for Summary Judgment ("**Quattrocchi Decl.**") as **¶ 4 Ex. A**; **Quattrocchi Decl. ¶ 4 Ex. B,** pp. 357-362 (Banks Depo. Ex. 23); **Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA Nos. 23-24); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses Nos. 23-24); <br><br> • *see also* Declaration of **Evan L. Grageda** in Support of JPMC's Motion for Summary Judgment ("**Grageda Decl.**"), Ex. A (JPMC-Banks_000953-000959). | **1. Undisputed.** |
| **2.** The May 24, 2012 facsimile consisted of seven pages: <br><br> • Page 1: Request for Modification | **2. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Assistance ("RMA") page 1of 4;<br><br>• Page 2: RMA page 2 of 4;<br><br>• Page 3: RMA page 3 of 4 (signed by Plaintiff);<br><br>Page 4: IRS Form 4506-T;<br><br>• Page 5: Dodd Frank Certification (signed by Plaintiff);<br><br>• Page 6: IRS Form 4868 – Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and<br><br>Page 7: 2011 Activity Report.<br><br>.   **Quattrocchi Decl. ¶ 4 Ex. B**, pp 357-362 (Banks Depo. Ex. 23);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA Nos. 23-24);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Response Nos. 23-24);<br><br>*see also* **Grageda Decl. Ex. A** (JPMC-Banks_000953-000959). | |
| 3.  Plaintiff did not submit a completed IRS Form 4506-T.  Specifically, Line 6 of the IRS Form 4506-T was incomplete.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks | **3.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| Depo. pp. 116:24-117:10, 16-17); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23); *see also* **Grageda Decl. Ex. A** (JPMC-Banks_000953). | |
| 4.  On Page 2 of 4 of the RMA, Plaintiff disclosed that her monthly gross wages was $10,000 but did not disclose the source of those wages. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 98:9-13); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23); *see also* **Grageda Decl. Ex. A** (JPMC-Banks_000957). | **4. Undisputed**; Irrelevant - Page 2 of the RMA does not ask, nor does it have a place to disclose the source of the applicant's wages.<br><br>Quattrocchi Decl. ¶ 4 Ex. B PP 357-362 (Banks Depo. Ex. 23) |
| 5.  On Page 2 of 4 Plaintiff did not disclose any of her household assets as requested by the RMA. **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23); *see also* **Grageda Decl. Ex. A** (JPMC - Banks _000957). | **5. Undisputed** |
| **6.**  By letter dated May 29, 2012, JPMC confirmed receipt of the documents that Plaintiff had submitted on May 24, 2012. | 6.  Undisputed |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. p. 111:16-21); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 366 (Banks Depo. Ex. 27). | |
| **7.** On May 30, 2012, Plaintiff contacted JPMC by phone to discuss the status of her application. During that conversation, JPMC informed Plaintiff that Plaintiff was required to submit proof of income in order for her loan modification application to be considered. **Grageda Decl. Ex. B** (JPMC- Banks_ 002404). | **7. Disputed.** Plaintiff requests the production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations with borrowers. |
| **8.** At all relevant times, Plaintiff has held herself out as an independent contractor specializing in brand consulting. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 200:8-10, 204:2- 16, 214:3-9, 223:1-7, 233:18-234:4, 15-25, 235:1-11, 236:10-13, 20-24, 245:11-24). | **8. Undisputed.** |
| 9. On May 31, 2012, JPMC received a two-page letter from Plaintiff dated May 28, 2012 | **9. Disputed.** Contradictory Question. Plaintiff requests the production of documents |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| by facsimile and from the phone number 312-640-6140 which stated that Plaintiff had been receiving "$10,000 per month in consulting fees since January 2012, and will continue to do so." The letter was purportedly written by Mr. Charles Everhardt, Manager, Galaxy Gaming, Il, LLC and was faxed from a FedEx office in the 312 area code (Illinois). **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 102:9-24); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 364 (Banks Depo. Ex. 25); *see also* **Grageda Decl. Ex. A** (JPMC-Banks _00976). | already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations with borrowers. |
| **10.** Plaintiff claims that she performed brand marketing consulting services for Galaxy Gaming, Il, LLC from January 2012 to July 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:14-25:8, 216:1-7, 16-19). | **10. Undisputed.** |
| | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **11.** Plaintiff claims that Galaxy Gaming, Il, Inc. paid her $10,000 per month to: "do branding, research and development…of whatever they would tell me.  That is what we're doing and suggestions…maybe they're coming up with a game and they want to put it around soccer or football…I would make suggestions [regarding] athletes…provide information [identifying] the top players in soccer … and are you looking to tie it into athletes or do you just want products, et cetera, tied to it I would go many different ways to find out who is the top person in that -- you can go to ask.com, you can go to Wikipedia, SportsNet, MLB -- Make suggestions to them who I felt would be appropriate for whatever brand or promotion." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 98:9-15, 102:19- 24, 214:7-216:7, -221:11-222:11). | **11.  Undisputed.** |
| **12.** JPMC requested that Plaintiff submit cancelled paychecks from Galaxy Gaming, Il, | **12.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| LLC in order to verify receipt of regular income there from.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. p. 131:15-18, 132:1-3, 133:15-135:8); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11, 15 (RFA Nos. 31, 54, 85); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-6 (RFA Responses No. 31, 54, 85).<br>*see also* **Grageda Decl. Ex. B** (JPMC-Banks_002364-65, 002367-002370, 002372-75, 002379-80, 002382, 002388, 002390, 002395, 002397-94, 002400-01, 004317, 4319). | |
| 13. Plaintiff refused to provide JPMC with this information.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp 133:15-135:8; **Quattrocchi Dec. Ex. R** (JPMC's First Set of Requests for Admissions To Plaintiff Liz Banks (the "RFA") pp. 7-8, 11; RFA Nos. 23, 31-35, 56;<br>**Quattrocchi Decl. ¶ 21 Ex. S** (Plaintiff's Verified Responses to | 13.  Undisputed. |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| JPMC's RFAs (the "RFA Responses") pp. 4-5 (RFA Responses Nos. 23, 31-35, 56). | |
| **14.** At no time between November 2011 and June 2014 did Plaintiff provide cancelled copies of her regular paychecks from Galaxy Gaming, Il, LLC which JPMC requested in order to verify Plaintiff's receipt of income therefrom. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 158:24-159:16); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11 (RFA Nos. 31-35, 54, 56-58); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5 (RFA Responses No. 31-35, 54, 56-58). | **14.  Undisputed.** |
| **15.** JPMC also requested that Plaintiff submit copies of her 2010 and 2011 federal income tax return so that it could verify her income from that year.  Plaintiff's 2010 federal tax return stated that Plaintiff earned $5 that year.  Plaintiff failed to provide 2011 federal income tax return. | **15.  Irrelevant.**  Plaintiff advised she did not have 2011 tax returns done at the time of application due to filing an extension.  Plaintiff provided evidence of filing an extension.  Grageda Decl. ¶ Ex A PP 178, 188, 954, 955, 971, 1105, 1106, 1122, 1124, 1153, 1156 and 1191. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8-9 (RFA Nos. 36-37); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 36-37); **Grageda Decl. Ex. A** (JPMC- Banks_00971-00975, 001338- 001343). | |
| **16.**JPMC also requested that Plaintiff submit copies of her 2012 federal income tax return so that it could verify her income from that year. Plaintiff also failed to provide these documents. **Quattrocchi Decl. ¶ 20 Ex. R,** p. 12 (RFA Nos. 61-63); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 5 (RFA Responses Nos. 61-63).led to provide these documents. | **16. Undisputed**. |
| **17.**Plaintiff claims that she did not file federal income taxes for 2012 even though she claims to have earned $120,000 from Galaxy Gaming for that year.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:14-25:8, 216:1-7, 16-19, 222:); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 12 (RFA Nos. 61-63); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 5 (RFA Responses Nos. | **17. Disputed**.  Quattrocchi Decl. ¶ 20 Ex. R PP 12 (RFA Nos. 61-63) ¶ 21 Ex. S PP 5 (RFA Responses Nos. 61-63).  Plaintiff states she did not file tax returns in 2012. She does not state she did not file tax returns for 2012. |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 61-63). | |
| **18.** Plaintiff claims that her contract with Galaxy Gaming, Il. LLC ended in July 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 102:21-104:6). | **18.  Undisputed.** |
| **19.** Plaintiff claims that she derives income from "Ernie Banks, International/ 500 Home Run Club." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 241:7-243:4, 14- 25, 244:13-16). | **19. Undisputed.** |
| **20.** Plaintiff claims that she has held, and current holds, ownership interests in Ernie Banks, International, Inc. and the 500 Home Run Club but never disclosed these assets in any of her applications.  Plaintiff further claims that she is the President of Ernie Banks, International, Inc. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 239:7-17); **Quattrocchi Decl. ¶ 20 Ex. R**, pp. 29-30 (RFA Nos. 199-200, 203-204; | **20.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| | |
| 21.  Plaintiff did not list the income derived from "Ernie Banks, International/500 Home Run Club" in any of her loan modification applications.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 244:17-19); *see also* **Quattrocchi Decl. ¶ 3 Ex A** (Banks Depo. pp. 23:16-18, 119:1-5, 215:23-24; 102:9-24; 118:23-119:10; 122:9-20; 123:4-16; 124:9-16; 126:9-21; 129:25-131:3; 137:17-138:7, 16-18; 139:6-15; 161:13-23; 170:19-171:11; 171:20-172:3; 173:2-12; 174:11-175:12; 178:19-179:5; 244:17-19; )**; Quattrocchi Decl. ¶ 4 Ex. B,** pp. 357-362, 364, 368-370, 372-378, 379-386, 388-401 (Banks Depo. Exs. 23, 25, 30, 32, 33, 35); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 404-407, 410-421, 437-457, 458-459, 460-467, 472-485  (Banks Depo. Ex. 37, 39, 47, 48, 49, 53); **Quattrocchi Decl. ¶ 20 Ex. R,** pp.7-8, 11, 22, 24, 29 (RFA Nos. | 21.  **Undisputed.** |

- 12 -
PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 23-24; 29-31, 52, 133, 153, 199); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5, 7-8, 10 (RFA Responses Nos. 23-24; 29-31, 52, 133, 153, 199); **Grageda Decl. Ex. A** (JPMC-Banks_000953-000959, 00976, 001103-001107; 001122-001129 001149-1159; 001170-00193; 001194-001220; 001226-001238 001244-001263; 001487-1539; 001549-1551; 001573-1574; 001577-1578; 002376-002377); **Grageda Decl. Ex. B** (JPMC-Banks_002383). | |
| **22.** Plaintiff has received regular financial support from Mr. Banks since 2011 but did not disclose this information in her loan modification applications. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:16-18, 119:1-5, | **22. Disputed**;   Plaintiff received income from Mr. Banks, however it varied each month and was not *regular income.*     Page 2 of RMA specifically states "You are not required to disclose child support, alimony or separaton maintenance income if you chose to not have it considered by your servicer." |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 215:23-24; 102:9-24; 118:23-119:10; 122:9-20; 123:4-16; 124:9-16; 126:9-21; 129:25-131:3; 137:17-138:7, 16-18; 139:6-15; 161:13-23; 170:19-171:11; 171:20-172:3; 173:2-12; 174:11-175:12; 178:19-179:5; 244:17-19; ); <br><br>**Quattrocchi Decl. ¶ 4 Ex. B,** pp. 357-362, 364, 368-370, 372-378, 379-386, 388-401 (Banks Depo. Exs. 23, 25, 30, 32, 33, 35); <br><br>**Quattrocchi Decl. ¶ 5 Ex. C,** pp. 404-407, 410-421, 437-457, 458-459, 460-467, 472-485 (Banks Depo. Ex. 37, 39, 47, 48, 49, 53); <br><br>**Quattrocchi Decl. ¶ 20 Ex. R,** pp.7-8, 11, 22, 24, 29 (RFA Nos. 23-24; 29-31, 52, 133, 153, 199)**;** <br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5, 7-8, 10 (RFA Responses Nos. 23-24; 29-31, 52, 133, 153, 199)**;** | **Quattrocchi Defl. ¶ 3 Ex. A** (Banks Depo. PP 248:24 through 251:15.   Grageda Decl. ¶ Ex. A, PP 957 and 1127 (Page 2 of RMA) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Grageda Decl. Ex. A** (JPMC-Banks_000953-000959, 00976, 001103-001107; 001122-001129; 001149-1159; 001170-00193; 001194-001220; 001226-001238 001244-001263; 001487-1539; 001549-1551; 001573-1574; 001577-1578; 002376-002377)**;** **Grageda Decl. Ex. B** (JPMC-Banks_002383). | |
| **23.** On or about March 25, 2013, Plaintiff filed a Petition for Interim Attorneys Fees and Costs and Experts' Fees and Costs in divorce proceeding in the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, in *Banks v. Banks*, case no. 12D05458) (the "Divorce Proceedings") which she stated under oath that she is "a homemaker and in unemployed…and continues to be dependent upon [Mr. Banks] for support." | **23. Undisputed** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 8 Ex. F** (Sworn Statement of Elizabeth Ellzy Banks in support of Petition for Interim Attorneys Fees and Costs and Experts' Fees And Costs, filed on March 25, 2013 in the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, in *Banks v. Banks*, case no. 12D05458). | |
| **24.** On or about March 5, 2015, Plaintiff filed a Petition for Contribution to Attorneys Fees and Costs in the Divorce Proceeding in which she stated under oath that she was and continues to be dependant solely upon [Mr. Banks] for support." <br><br> **Quattrocchi Decl. ¶ 17 Ex. O** (Sworn Petition for Contribution to Attorneys Fees and Costs, filed on March 5, 2015 in the Divorce Proceedings). | **24. Undisputed** |
| **25.** In 2011, Mr. Banks paid approximately 75% of Plaintiff's monthly household expenses. <br><br> **Quattrocchi Decl. ¶ 3 Ex. A** | **25. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (Banks Depo. pp. 249:20-25). | |
| **26.** In 2012, Mr. Banks paid approximately 50% of Plaintiff's monthly household expenses.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 250:1-2). | **26. Undisputed.** |
| **27.** In 2013, Mr. Banks paid less than 50% of Plaintiff's monthly household expenses.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 250:24-251:8). | 27.  Undisputed |
| **28.** Plaintiff did not disclose this support on any of her loan modification applications.<br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 23:16-18, 119:1-5, 215:23-24; 102:9-24; 118:23-119:10; 122:9-20; 123:4-16; 124:9-16; 126:9-21; 129:25-131:3; 137:17-138:7, 16-18; 139:6-15; 161:13-23; 170:19-171:11; 171:20-172:3; 173:2-12; 174:11-175:12; 178:19-179:5; 244:17-19; **);** | **28. Irrelevant**;   Page 2 of RMA specifically states "You are not required to disclose child support, alimony or separation maintenance income if you chose to not have it considered by your servicer."<br><br>**Grageda Decl. ¶ Ex. A, PP 957 and 1127**<br>(Page 2 of RMA) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **Quattrocchi Decl. ¶ 4 Ex. B,** pp. 357-362, 364, 368-370, 372-378, 379-386, 388-401 (Banks Depo. Exs. 23, 25, 30, 32, 33, 35); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 404-407, 410-421, 437-457, 458-459, 460-467, 472-485 (Banks Depo. Ex. 37, 39, 47, 48, 49, 53); **Quattrocchi Decl. ¶ 20 Ex. R,** pp.7-8, 11, 22, 24, 29 (RFA Nos. 23-24; 29-31, 52, 133, 153, 199)**;** **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5, 7-8, 10 (RFA Responses Nos. 23-24; 29-31, 52, 133, 153, 199)**;** **Grageda Decl. Ex. A** (JPMC-Banks_000953-000959, 00976, 001103-001107; 001122-001129; 001149-1159; 001170-00193; 001194-001220; 001226-001238 001244-001263; 001487-1539; 001549-1551; 001573-1574; 001577-1578; 002376-002377)**;** **Grageda Decl. Ex. B** (JPMC- Banks_002383). | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **29.** On June 5, 2012, Plaintiff contacted JPMC to verify receipt of her loan modification application documents.<br><br>**Quattrocchi Decl. ¶ 20 Ex. R** p. 7 (RFA No. 28);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** p. 4 (RFA Response No. 28);<br><br>*see also* **Grageda Decl. Ex. A** (JPMC-Banks_002404). | **29. Undisputed.** |
| **30.** During that conversation, JPMC informed Plaintiff that the May 28, 2012 letter of explanation from Charles Everhardt – without more – was insufficient to support of her claim that she received $10,000 per month from Galaxy Gaming, Il, LLC.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 102:6-103:1);<br><br>**Quattrocchi Decl. ¶ 4 Ex. B** p. 364 (Banks Depo. Ex. 25);<br>**Quattrocchi Decl. ¶ 20 Ex. R,** pp. | **30. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 7-8: (RFA Nos. 29-31);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p. 4 (RFA Responses Nos. 29-31);<br><br>*see also* **Grageda Decl. Ex. A** (JPMC-Banks_002404). | |
| **31.** By letter dated June 13, 2012, JPMC informed Plaintiff that additional information was required from her before it could review Plaintiff's application.  Specifically, JPMC requested:<br><br>• A fully completed IRS Form 4506-T, with Line 6 completed; and<br><br>• A fully completed RMA.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 114:24-115:10); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 367 (Banks Depo. Ex. 29). | **31. Undisputed.** |
| **32.** On June 21, 2012, Plaintiff submitted a five page facsimile to JPMC from the telephone number 31-306-0490 constituting the following documents:<br><br>• Page 1: Confidential Cover Sheet;<br><br>• Page 2: the incomplete IRS Form | **32.** Undisputed as to what was submitted, not as to the completeness thereof |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 4506-T that Plaintiff previously submitted on May 24, 2015; <br><br> Page 3: A copy of the Dodd- Frank Certification dated May 25, 2012 that Plaintiff previously submitted to JPMC on May 24, 2012; <br><br> • Page 4: IRS Form 4868 – Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and <br><br> • Page 5: 2011 Activity Report for Ernest and Elizabeth Banks. <br><br> **Grageda Decl. Ex. A** (JPMC-Banks_001103-1107); <br><br> **Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA No. 24); <br><br> **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Response No. 23-24). | |
| **33.** On July 9, 2012, Plaintiff submitted a three-page facsimile to JPMC from the telephone number of 310-306- 0490, constituting the first three pages of the RMA that Plaintiff submitted on May 24, 2012. | **33. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 118:23-119:10); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 368-370 (Banks Depo. Ex. 30); **Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA No. 24); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Response No. 24). | |
| **34.** By letter dated July 17, 2012, JPMC informed Plaintiff that additional information was required from her before it could review Plaintiff's application.  Specifically, JPMC requested: <br><br> • A fully completed IRS Form 4506-T, with Line 6 completed; and <br><br> • A fully completed RMA <br><br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 121:7-15); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 371 (Banks Depo. Ex. 31). | **34. Undisputed.** |
| **35.** On July 23, 2012, Plaintiff submitted an | **35. Undisputed.** |

- 22 -
PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| eight-page facsimile to JPMC from the telephone number of 310- 306-0490, constituting:<br><br>• Page 1: Confidential Cover Sheet;<br><br>• Page 2: RMA page 1 of 4;<br><br>• Page 3: RMA page 2 of 3;<br><br>• Page 4: RMA page 3 of 4;<br><br>• Page 5:IRS Form 4506-T Request for Transcript of Tax Return;<br><br>• Page 6: Dodd-Frank Certification dated July 23, 2012;<br><br>• Page 7: IRS Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and<br><br>• Page 8: 2011 Activity Report for Ernest and Elizabeth Banks.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 122:9-20);<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, p.372 (Banks Depo. Ex. 32);<br><br>*see also* **Grageda Decl. Ex. A** (JPMC-Banks_001122-001129). | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **36.** On Page 2 of 4 of the RMA that Plaintiff submitted on July 23, 2012, Plaintiff disclosed that her monthly gross wages was $10,000 but did not disclose the source of those wages. Indeed, Plaintiff's document submission of July 23, 2012 did not include that proof of regular income from Galaxy Gaming, Il, LLC in the form of paystubs or Plaintiff's personal bank records as JPMC had requested on June 5, 2012. **Quattrocchi Decl. ¶ 4 Ex. B**, p. 372 (Banks Depo. Ex. 32); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 7-8 (RFA Nos. 29-31); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses Nos. 29-31). | **36. Undisputed.** |
| **37.** On Page 2 of 4 Plaintiff did not disclose any of her household assets as requested by the RMA that Plaintiff submitted on July 23, 2012. | **37. Undisputed.** |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **Quattrocchi Decl. ¶ 4 Ex. B**, p. 372 (Banks Depo. Ex. 32). | |
| **38.** Line 6 of the IRS Form 4506-T that Plaintiff submitted to JPMC on July 23, 2012 was incomplete. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 123:4-16); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 372 (Banks Depo. Ex. 32). | **38. Undisputed.** |
| **39.** On August 8, 2012, Plaintiff resubmitted the same eight-page facsimile to JPMC from the telephone number of 310-306-0490, constituting: Page 1: Confidential Cover Sheet dated July 23, 2012; Page 2: RMA page 1 of 4; Page 3: RMA page 2 of 3; Page 4: RMA page 3 of 4 (signed and dated July 23, 2012); | **39. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| Page 5:IRS Form 4506-T Request for Transcript of Tax Return; Page 6: Dodd-Frank Certification signed and dated July 23, 2012; Page 7: IRS Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and Page 8: 2011 Activity Report for Ernest and Elizabeth Banks. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 124:9-16); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 379- 386 (Banks Depo. Ex. 33). | |
| **40.** The August 8, 2012 submission did not include:<br>• A completed IRS Form 4506-T;<br>• A completed RMA listing Plaintiff's personal assets; and<br>• Proof of regular income.<br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 379-386 (Banks Depo. Ex. 33). | **40. Undisputed.** |
| **41.** By letter dated August 21, 2012, | **41. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| JPMC notified that it had received Plaintiff's prior submissions and further informed Plaintiff that her application was still missing:<br><br>• Copies of her two most recent pay stubs showing year to date earnings; and<br><br>• A fully completed, signed, and dated RMA.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 125:16-24); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 387 (Banks Depo. Ex. 34)<br><br>**Quattrocchi Decl. ¶ 20 Ex. R,** p. 15 (RFA No. 85);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** p. 6 (RFA Response No. 85). | |
| **42.** On August 27, 2012, Plaintiff submitted an eleven-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Confidential Cover Sheet dated July 23, 2012;<br><br>• Page 2: RMA page 1 of 4;<br><br>• Page 3: an incomplete RMA page 2 of 4 missing Plaintiff's disclosure of her household assets; | **42.** Undisputed as to the documents, but not the completeness thereof. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNDERLINE **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| • Page 4: RMA page 3 of 4 - The July 23, 2012 RMA signature page;<br><br>• Page 5: an incomplete IRS Form 4506-T;<br><br>• Page 6: The signed Dodd-Frank Certification dated July 23, 2012;<br><br>• Page 7: IRS Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return;<br><br>• Page 8: 2011 Activity Report for Ernest and Elizabeth Banks.<br><br>• Page 9: A document purporting to a pay statement dated June 30, 2012 for check 10455 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>• Page 10: A document purporting to a pay statement dated July 31, 2012 for check 10520 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000; and<br><br>• Page 11: A business card purporting to | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| be for the law offices of Donald F. Engel, P.C. from where the purported pay check stubs appear to have originated as per the fax stamp of each document. **. Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 126:9-21); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 388-401 (Banks Depo. Ex. 35); *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001149-1159). | |
| **43.** The IRS Form 4506-T that Plaintiff submitted to JPMC on August 27, 2012 was the same incomplete IRS Form 4506-T that Plaintiff submitted on July 23, 2012. Plaintiff finally submitted a completed IRS Form 4506-T on August 28, 2012. **Quattrocchi Decl. ¶ 4 Ex. B**, pp.388-401 (Banks Depo. Ex. 35); *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001159-001161). | **43.** Unknown as to the first question; Undisputed as to the second question |
| **44.** The two purported paycheck | **44.** Undisputed. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| stubs that Plaintiff submitted to JPMC on August 27, 2012 for checks 10455 and 10520 from Galaxy Gaming, Il, LLC were addressed to Plaintiff at: "1008 Harbor Crossing Lane *Marina Del Ray, IL* 90292" and did not deduct for federal or state income taxes. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 127:8-20); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 388-401 (Banks Depo. Ex. 35). | |
| **45.** JPMC requested that Plaintiff submit copies of her most recent quarterly or year to date profit and loss statement, signed and dated, showing revenue, expenses, company name and time of period covered. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 128:16-22); **Quattrocchi Decl. ¶ 5 Ex. C**, pp.402-403 (Banks Depo. Ex. No. 36). | **45**. **Disputed**;  JPMC produced this letter in their discovery. However, in Plaintiff's deposition, she states she does not remember seeing it. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. PP 128:16-22) |
| **46.** On September 24, 2012, Plaintiff submitted a twenty-four | **46. Undisputed.** |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Confidential Cover Sheet;<br>• Page 2: Plaintiff's monthly billing statement from the Los Angeles Division of Water and Power dated September 18, 2012;<br>• Page 3: IRS Form 7004 – Application for Automatic Extension of Time to File Certain Business Income Tax, Information, and Other Returns for Ernie Banks International, Inc.<br>• Pages 4-8: IRS Form 1120 for Ernie Banks International, Inc. for 2010;<br>• Page 9: IRS Schedule G to For 1120 for Ernie Banks International, Inc. for 2010;<br>• Pages 10 - 11:  IRS Form 4626 for Ernie Banks International, Inc. for 2010;<br>• Page 12 - 13: 2010 Depreciation Schedule for Ernie Banks International, Inc.;<br>• Page 14: 2010 Alternative | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
|       Minimum Tax Depreciation for Ernie Banks International, Inc.<br>☐    Pages 15 - 24: 2010 Miscellaneous Statements for Ernie Banks International, Inc. **Grageda Decl. Ex. A** (JPMC- Banks_001170-001193). | |
| **47.** Plaintiff's twenty-four-page facsimile transmission to JPMC on September 24, 2012 did not include a 2011 profit and loss statement for Ernie Banks International, Inc., Plaintiff's personal bank statements evincing proof of receipt of regular monthly income or a profit and loss statement for her independent consultancy. **Grageda Decl. Ex. A** (JPMC- Banks_001170-00193). | **47. Undisputed.** |
| **48.** On October 8, 2012, Plaintiff submitted a twenty-seven-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br>• Page 1: Confidential Cover Sheet;<br>• Pages 2-23: various IRS Forms for | **48. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Ernie Banks International, Inc. for 2010;<br><br>• Page 24: A document purporting to a pay statement dated June 30, 2012 for check 10455 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000 (the version of this paycheck stub listed Plaintiff's correct address, and not the erroneous "Marina Del Ray, Il" address that her original submission contained);<br><br>• Page 25: A document purporting to a pay statement dated July 31, 2012 for check 10520 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>• Page 26: A document purporting to a pay statement dated August 31, 2012 for check 10624 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000; and<br><br>Page 27: A document purporting to a | |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| pay statement dated September 28, 2012 for check 10765 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000. | |
| **49.** By letter dated, November 16, 2012, Plaintiff submitted various pages of her personal Wells Fargo checking account for the months of June, July, August, and September 2012 to JPMC at its document fulfillment center in Glendale, CO.<br><br> **Grageda Decl. Ex. B** (JPMC-Banks_ 001226-001238); *see also* **Quattrocchi Decl. Ex A** (Banks Depo. pp. 137:12-138:7); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39). | **49. Undisputed.** |
| **50.** With regards to Plaintiff's June 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br> • Plaintiff redacted the account number, balance, overage protection; interest earned | **50. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| portions;<br>• Plaintiff only submitted pages 4, 5, and 6 of the 9-page statement;<br>• Plaintiff deposited a total of $7,852.01 into her personal checking account for that month; $6,000 of which came directly from an Associated Bank, N.A. account in the name of Ernie Banks, Sr.;<br>• None of Plaintiff's deposits reflected receipt of $10,000 from<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15; 161:13-23; 174:11- 175:12); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39), *see also* **Grageda Decl. Ex. B** (JPMC- Banks_ 001226-001238) | |
| **51.** With regards to Plaintiff's July 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br>• Plaintiff redacted the account number, balance, overage | **51. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| protection; interest earned portions;<br><br>• Plaintiff only submitted pages 4, 5, and 6 of the 9-page statement;<br><br>• Plaintiff deposited a total of $14,700.67 into her personal checking account for that month; $9,500 of which came directly from an Associated Bank, N.A. account in the name of Ernie Banks, Sr. and $5,000 of which came from an undisclosed source; and<br><br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15);<br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp.410-421 (Banks Depo. Ex. 39) *see also* **Grageda Decl. Ex. B** (JPMC-Banks_ 001226-001238). | |
| | |
| **52.** With regards to Plaintiff's August 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br><br>• Plaintiff redacted the account | **52** Undisputed. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| number, balance, overage protection; interest earned portions;<br>• Plaintiff only submitted pages 4, 5, and 6 of the 10-page statement;<br>• Plaintiff deposited a total of $6,866.06 into her personal checking account for that month; $2,000 of which came directly from an Associated Bank, N.A. account in the name of Ernie Banks, Sr. and $4,000 of which came from an undisclosed source; and<br>• None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC. | |
| **53.** With regards to Plaintiff's September 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br>• Plaintiff redacted the account number, balance, overage protection; interest earned portions;<br>• Plaintiff only submitted pages 4, 5, and 6 of the 9-page statement;<br>• Plaintiff deposited a total of | **53.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| $23,995.34 into her personal checking account for that month; $23,000 of which came from an undisclosed source; and None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39) *see also* **Grageda Decl. Ex. B** (JPMC-Banks_ 001226-001238). | |
| **54.** At all relevant times, Plaintiff did not maintain any personal checking or savings accounts other than her personal Wells Fargo checking and savings accounts for which she submitted monthly statements. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 141:13-142:6). | **54.  Undisputed.** |
| **55.** Following receipt of the Wells Fargo | **55. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| bank statements that Plaintiff submitted on November 16, 2012, JPMC informed Plaintiff that none of the statements supported receipt of income from Galaxy Gaming, Il., LLC.  JPMC therefore requested that Plaintiff obtain and submit copies of cancelled checks from Galaxy Gaming, Il., LLC for check numbers 10455, 10520, 10624, and 10765.  JPMC further requested unredacted personal bank statements supporting receipt of regular income from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 131:15-18, 132:1- 3, 133:15-135:8, 161:13-23); **Grageda Decl. Ex. B**, (JPMC- Banks_002399); **Quattrocchi Decl. ¶ 20 Ex. R** pp. 8, 15 (RFA Nos. 31, 85); **Quattrocchi Decl. ¶ 21 Ex. S**, pp. 4,6 (RFA Responses NO. 31, 85). | |
| 56. In a telephone conversation on December 4, 2012, JPMC informed Plaintiff that it could not waive the requirement for copies of cancelled check nos. 10455, 10520, 10624, and 10765 from Galaxy Gaming, Il, LLC and two | **56.  Disputed**.  Plaintiff needs Production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| consecutive months of Plaintiff's corresponding personal bank statements evincing receipt of income from Galaxy Gaming, Il, LLC.  JPMC further notified Plaintiff that the Wells Fargo personal bank statements that she submitted on November 16, 2012 could not be relied upon because portions of those statements were redacted. **Grageda Decl. Ex. B** (JPMC-Banks_002395); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 8 (RFA No. 31); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 4 (RFA Response No. 31). | |
| **57.** Plaintiff claims that she would be held in negative regard by Galaxy Gaming, Il., LLC if she requested copies of her cancelled paychecks therefrom. **57. Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 134:2-19); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11 (RFA Nos. 34, 57-58); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5 (RFA Responses Nos. 34, 57-58). | **57.  Undisputed.** |
| **58.** Plaintiff claims that she would have given Galaxy Gaming, Il, LLC cause to doubt her competency as an independent contractor if she had requested copies of he **Quattrocchi Decl. ¶** | **58.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **3 Ex. A** (Banks Depo. pp. 134:2-19); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11 (RFA Nos. 34-35, 57-58); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5 (RFA Responses No r cancelled paychecks. **59.**Other than person feelings, Plaintiff has no other basis on which to confirm her concerns related to requesting copies of her cancelled paychecks from Galaxy Gaming, Il, LLC **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 134:17-19). | 59.  Undisputed. |
| **60.**Plaintiff claims that she held this belief even though she had previously requested a letter of reference from Galaxy Gaming, Il., LLC in support of the May 2**014 Application. Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 135:2-12). | 60.  Undisputed. |
| **61.**Plaintiff has informed JPMC that she does not deposit her monthly checks from Galaxy Gaming, Il, LLC into her personal bank account but instead uses a "check cashing place" because she owes "money to people who want their money right away." **Quattrocchi** | 61.  Undisputed. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Decl. ¶ 3 Ex. A** (Banks Depo. pp. 146:6-11), *see also* **Grageda Decl. Ex. B** (JPMC-Banks_002396). | |
| **62.** Plaintiff does not have any documentation supporting her claim that she makes cash payments to individuals she owes "money to people who want their money right away." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 147:22-24). | **62. Disputed.** Cancelled checks or Declaration from Charles Everhardt. |
| **63.** Plaintiff claims that she uses a check cashing service located near the Property in Marina Del Rey, CA but does not know of the name of the service, does not know the last time she used such service, and does not keep any records of her transactions therewith. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 145:10-146:5); *see also* **Grageda Decl. Ex. B** (JPMC-Banks_002396). | **63. Undisputed.** |
| **64.** On December 5, 2012, JPMC received a fifteen-page from Plaintiff from the telephone number of 310-306-0490, constituting:<br>• Page 1: Confidential Cover Sheet;<br>• Pages 2 – 13: Unredacted versions of | **64. Undisputed.** |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Plaintiff's personal Wells Fargo checking account statements that she had previously submitted to JPMC on November 16, 2012 for the months of June, July, August, and September 2012; and<br><br>Pages 14 – 15: pages 4 and 5 of the 7-page October 2012 statement for Plaintiff's personal Wells Fargo checking account.<br><br>**Grageda Decl. Ex. A** (JPMC-Banks_001244-001258); *see also* **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:16-18, 119:1-5, 215:23-24 (confirming the fax number as 310-306-0490 as belonging to "500 HRC, LLC" of which Plaintiff hold an ownership interest);<br>**Quattrocchi Decl. Ex. R**, p. 29 (RFA No. 199) and Ex. S p. 10 (RFA Response No. 199);<br>**Quattrocchi Decl. ¶ 5 Ex. B**, pp. 368-369 (Banks Depo. Ex. 30 – fax stamp). | |
| **65.** With regards to Plaintiff's October 2012 Wells Fargo personal checking account statement that Plaintiff submitted to | **65.  Undisputed.** |

- 43 -

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| JPMC on December 5, 2012: <br><br> • Plaintiff deposited a total of $4,127.00 into her personal checking account for that month; $3,500.00 of which came from an undisclosed source; and <br><br> None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC. <br><br> **Grageda Decl. Ex. A** (JPMC- Banks_001256-001257). | |
| **66.** On December 11, 2012, JPMC received a five-page facsimile to from Plaintiff in support of the May 2012 Application from the telephone number of 310-306-0490, constituting: <br><br> • Page 1: Confidential Cover Sheet; Pages 2-3: two pages of Plaintiff's seven-page October 2012 personal Wells Fargo checking account statement that she previously submitted to JPMC on December 5, 2012; and Pages 4 – 5: two pages of Plaintiff's seven-page November 2012 personal Wells Fargo checking account statement. <br><br> **Grageda Decl. Ex. A** (JPMC- | **66. Undisputed.** |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Banks_001259-001263). | |
| **67.** With regards to Plaintiff's November 2012 Wells Fargo personal checking account statement that Plaintiff submitted to JPMC on December 11, 2012:<br><br>Plaintiff deposited a total of $14,500.01 into her personal checking account for that month; $12,500.00 of which came from an undisclosed source; and None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Grageda Decl. Ex. A** (JPMC-Banks_001259-001260). | **67.  Undisputed.** |
| **68.** JPMC informed Plaintiff by letter dated December 18, 2012 that she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents."<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 164:19-165:4); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 424-427 (Banks Depo. Ex. | **68.  Undisputed.** |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 41); **Quattrocchi Decl. ¶ 6 Ex. B**, p. 192 (First Amended Complaint p. 7:6); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 9 (RFA Nos. 40-44); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 40-44). | |
| **69.** Plaintiff did not appeal this decision.**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 153:25-154:3). | **69.** Undisputed. |
| **70.**Plaintiff admits that she has no any evidence to disprove the accuracy of the December 18, 2012 decline letter. **Quattrocchi Decl. ¶ 20 Ex. R**, p. 9 (RFA Nos. 43-44); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 4 (RFA Responses Nos. 43-44). | **70.** Undisputed. |
| **71.**By facsimile dated April 1, 2013, Plaintiff submitted documents in support of a self-prepared application to modify the terms of the Note (the "April 2013 Application"). **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 170:5-12); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | **71.** Undisputed. |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **72.** The April 1, 2013 facsimile consisted of twenty pages in support of the April 2013 Application:<br>• Page 1: Fax Cover Sheet;<br>☐ Pages 2 – 9: RMA pp. 1-5; 7-9 (Plaintiff did not include page 6 of the RMA rendering her submission incomplete);<br>• Page 10: IRS Form 4506T-EZ;<br>• Page 11: IRS Form 4868 Application for automatic Extension of Time to File Individual Tax Return for 2011;<br>• Page 12: A document purporting to a pay statement dated December 31, 2012 for check 11025 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br>• Page 13: A document purporting to a pay statement dated January 31, 2013 for check 11185 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br>• Page 14: The first page of a two-page document dated March 18, | **72. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 2013 purporting to be a Customer Money Transfer receipt of a wire transfer from Galaxy Gaming, Il, LLC to Plaintiff in the amount of $10,000 (the second page was not included with this submission); and Pages 15 – 20:  The first six pages of Plaintiff's nine-page Wells Fargo personal checking account statement for February 2013. **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | |
| 73.  At page 3 of the RMA that Plaintiff submitted to JPMC on April 1, 2013, Plaintiff stated that her employment start date with Galaxy Gaming, Il, LLC was June 2012.  This was in direct contradiction to the documents that Plaintiff submitted in support of her May 2012 Application in which Plaintiff stated that her start date with Galaxy Gaming, Il., LLC was January 2012. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. 170:19-171:11); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 364 (Banks Depo. Ex. 25); | 73.  **Disputed**.  Plaintiff stated in her deposition the information on the application was in error.  She began working for Galaxy Gaming, LLC in January 2012.  **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. 171:8-11. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | |
| **74.** At page 4 of the RMA that Plaintiff submitted to JPMC on April 1, 2013, Plaintiff did not disclose any household assets as required. **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | **74.** Undisputed. |
| | |
| **75.** With regards to Plaintiff's February 2013 Wells Fargo personal checking account statement that Plaintiff submitted to JPMC on April 1, 2013:<br>• Plaintiff deposited a total of $4,475.63 into her personal checking account for that month; all of which came from undisclosed sources; and<br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | **75.** Undisputed. |

- 49 -

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **76.** In an April 2, 2013 telephone conversation, JPMC informed Plaintiff that her April 1, 2013 documents were received, however JPMC was in need of:<br><br>    A completed RMA (with the previously unsent RMA page 6); and<br><br>Updated pay stubs – as the only ones received were for December 2012 and January 2013.<br><br>**Grageda Decl. Ex. B** (JPMC- Banks_002383). | **76. Disputed**. Plaintiff needs production of documents already requested but denied to decipher internal lingo/jargon used by employees when entering results of conversations. |
| **77.** On April 3, 2013, Plaintiff submitted a twenty-two-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-822-8652, constituting:<br>• Page 1: Fax Cover Sheet;<br>• Pages 2 – 10: RMA pp. 1-9;<br>• Page 11: IRS Form 4506T-EZ;<br>• Page 12: IRS Form 4868 Application for Automatic Extension of Time to File Individual Income Tax Return for 2011;<br>• Page 13: A document purporting to | **77. Undisputed.** |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| a pay statement dated January 31, 2013 for check 11185 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000; Page 14: A document purporting to a pay statement dated February 28, 2013 for check 12001 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000; <br><br> • Page 15: A document purporting to a pay statement dated March 18, 2013 for a purported wire transfer from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000; <br><br> • Page 16: The first page of a two-page document dated March 18, 2013 purporting to be a Customer Money Transfer receipt of a wire transfer from Galaxy Gaming, Il, LLC to Plaintiff in the amount of $10,000 (the second page was not included with this submission); and <br><br> • Pages 17 - 22: The first six pages of Plaintiff's nine-page Wells Fargo personal checking account | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| statement for February 2013 which are identical to the documents that Plaintiff submitted to JPMC on April 1,2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 171:20-172:3); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 458-459 (Banks Depo. Ex. 48), *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001487-1508). | |
| 78.  At page 3 of the RMA that Plaintiff submitted to JPMC on April 3, 2013, 78. Plaintiff stated that her employment start date with Galaxy Gaming, Il, LLC was June 2012. This was in direct contradiction to the documents that Plaintiff submitted in support of her May 2012 Application in which Plaintiff stated that her start date with Galaxy Gaming, Il., LLC was January 2012. **Grageda Decl. Ex. A** (JPMC- Banks_001495). | 78.  **Disputed**.  Plaintiff stated in her deposition the information on the application was in error.  She began working for Galaxy Gaming, ILL, LLC in January 2012. **Quattrocchi Decl. ¶ Ex. A** (Banks Depo. 171:8-11). |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 79. At page 4 of the RMA that Plaintiff submitted to JPMC on April 3, 2013, Plaintiff did not disclose any household assets as required. **Grageda Decl. Ex. A** (JPMC-Banks_001496). | **79. Undisputed.** |
| **80.** On April 10, 2013, Plaintiff submitted a twenty-eight-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-822-8652, constituting:<br><br>• Page 1: Fax Cover Sheet;<br>• Pages 2 – 10: RMA pp. 1-9; Page 11: IRS Form 4506T-EZ;<br>• Page 12: IRS Form 4868 Application for Automatic Extension of Time to File Individual Income Tax Return for 2011;<br>• Page 13: A document purporting to a pay statement dated February 28, 2013 for check 12001 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br>• Page 14: A document purporting to be a pay statement dated March 18, | **80. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 2013 for a purported wire transfer from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>• Page 15: The first page of a two-page document dated March 18, 2013 purporting to be a Customer Money Transfer receipt of a wire transfer from Galaxy Gaming, Il, LLC to Plaintiff in the amount of $10,000 (the second page was not included with this submission); and **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 173:2-8); **Quattrocchi Decl. ¶ 5 Ex. C**, pp.460-467 (Banks Depo. Ex. 49); *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001509-1536). | |
| **81.** The March 2013 Wells Fargo statement purports to reflect receipt of a $10,000 wire-transfer on March 18, 2013 allegedly from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 173:2-12); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 460-467 | **81.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (Banks Depo. Ex. 49) *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001527). | |
| **82.** None of the pre-March 2013 Wells Fargo statements that Plaintiff submitted to JPMC reflected any deposit of funds specifically from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 174:11-176:7); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421, 460-467  (Banks Depo. Exs. 39, 49) *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001226-1237, 001244-001263, 001487-001492). | **82.  Undisputed.** |
| **83.** At page 3 of the RMA that Plaintiff submitted to JPMC on April 10, 2013, Plaintiff stated that her employment start date with Galaxy Gaming, Il, LLC was June 2012. This was in direct contradiction to the documents that Plaintiff submitted in support of her May 2012 Application in which Plaintiff | **83.  Disputed**.  Plaintiff stated in her depsoition the information on the application was in error.  She began working for Galaxy Gaming, ILL, LLC in January 2012. **Quattrocchi Decl. ¶ Ex. A** (Banks Depo. 171:8-11). |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| stated that her start date with Galaxy Gaming, **Grageda Decl. Ex. A** (JPMC- Banks_001511). Il., LLC was January 2012. | |
| 84.  At page 4 of the RMA that Plaintiff submitted to JPMC on April 10, 2013, Plaintiff did not disclose any household assets as required. At page 4 of the RMA that Plaintiff submitted to JPMC on April 10, 2013, Plaintiff did not disclose any household assets as required. | **84.  Undisputed.** |
| **85.** On April 11, 2013, Plaintiff submitted a three-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Fax Cover Sheet;<br><br>Page 2: IRS Form 4506T-EZOn April 11, 2013, Plaintiff submitted a three-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Fax Cover Sheet; | **85.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Short Form Request for Individual Tax Return Transcript; and Page 3: Dodd-Frank Certification. Page 2: IRS Form 4506T-EZ **Grageda Decl. Ex. A** (JPMC- Banks_001537-1539). | |
| 86.  In an April 15, 2013 telephone conversation, JPMC confirmed to Plaintiff that the documents she submitted on April 1, 2013. JPMC further advised Plaintiff that there was no guarantee that the April 19, 2013 foreclosure sale would be postponed. **Grageda Decl. Ex. B** (JPMC- Banks_002376-002377) | **86.  Disputed.**  Plaintiff needs Production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations. |
| 87.  In an April 17, 2013 telephone conversation, JPMC requested that Plaintiff provide a letter of explanation as to why she had not file a 2011 federal income tax return. **Grageda Decl. Ex. B** (JPMC- Banks_002375) | **87.  Undisputed.** |
| **88.**On April 17, 2013, Plaintiff submitted a three-page facsimile to JPMC in | **88.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| support of the April 2013 Application from the telephone number of 310-306-0490, constituting:<br><br>Page 1: Fax Cover Sheet;<br><br>Page 2: IRS Form 4506T-EZ Short Form Request for Individual Tax Return Transcript; and<br><br>Page 3: A handwritten letter of purported explanation regarding Plaintiff's failure to file a federal income tax return for 2011. **Grageda Decl. Ex. A** (JPMC- Banks_001549-1551). | |
| **89.** On May 7, 2013, Plaintiff submitted via facsimile from telephone number of 310-306-0490, constituting:<br><br>• The same seven-page Wells Fargo checking account statement for March 2013 that Plaintiff submitted on April 10, 2013;<br><br>All seven pages of Plaintiff's seven-page Wells Fargo personal checking account statement for April 2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 178:19-179:5);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. | **89. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 472-485 (Banks Depo. Ex. 53); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 11 (RFA No. 52); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 5, (RFA Response No. 52). | |
| 90.  On May 22, 2013, Plaintiff submitted a two-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, <br><br> • constituting: Page 1: Fax Cover Sheet; and <br> Page 2: Plaintiff's purported billing statement from the Los Angeles Department of Water and Power dated May 20, 2013. **Grageda Decl. Ex. A** (JPMC- Banks_001573-1574). | **90. Undisputed.** |
| **91.**On June 18, 2013, Plaintiff submitted a two-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting: <br><br> • Page 1: Fax Cover Sheet; and <br> Page 2: Plaintiff's purported billing statement from the DirecTv dated June 4, 2013. **Grageda Decl. Ex. A** (JPMC- Banks_001577-1578). | **91.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 92.  By letter dated July 11, 2013, JPMC informed Plaintiff that after two reviews, she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 182:19-183:6); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 491-493 (Banks Depo. Ex. 58). | **92.  Undisputed.** |
| 93.  Plaintiff did not appeal this decision. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 184:3-5). | **93.  Undisputed.** |
| 94.  Plaintiff claims that she submitted an application for a loan modification to JPMC on May 15, 2014 (the "May 2014 Application") less than one month prior to the foreclosure sale. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 55:21-56:21, 57:22-25); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 200 (Banks Depo. Ex. 2 p. 9:16-17). | **94.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 95.  Plaintiff does not possess any documents to support her contention that she submitted the May 2014 Application to JPMC on or around May 15, 2014.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 57:11-21). | **95.  Undisputed.**  Plaintiff requests the production of already-requested discovery. |
| 96.  Plaintiff does not possess copies of the May 2014 Application. **Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 57:11-21). | **96.  Undisputed.** |
| 97.  Plaintiff did not receive any written acknowledgement from JPMC that the May 2014 Application had been received. | **97.  Undisputed**. |
| 98.  JPMC did not represent to Plaintiff that the May 2014 Application would be reviewed.<br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 58:12-21). | **98.  Undisputed**. |
| 99.  Plaintiff claims her salary increased by $8,000 per month starting between May and June 2014. **Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 59:1-18) | **99.  Undisputed**. |
| 100.  The $8,000 that Plaintiff claims to have received was derived from a "branding licensing contract." **Quattrocchi Decl. ¶ 3 Ex. A** | **100.  Undisputed**. |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (Banks Depo. pp. 59:2-9). | |
| 101.  The additional $8,000 per month that Plaintiff claims to have received starting between May and June 2014 goes into an Ernie Banks Trust. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 217:2-6, 23-25, 218:1-12, 21, 24-25, 220:1-221:4, 240:17-241:6). | **101.  Undisputed.** |
| 102.  Plaintiff does not possess any documentation to support that she notified JPMC of any documented increase in her income. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 57:11-21). | **102. Undisputed** |
| 103.  Plaintiff is not currently employed. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:14-15, 24:8-21, 103:14-104:6; 203:9-10). | **103.  Undisputed** |
| 104.  Plaintiff claims that the last paycheck she received from Galaxy Gaming II, LLC was in July 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 216:1-7). | **104.  Undisputed.** |
| 105.  During its review of Plaintiff's May 2012 and April 2013 Applications, JPMC requested Plaintiff to submit: <br>• Three consecutive months of cancelled paychecks from her | **105.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| employer; and<br><br>Two most recent bank statements supporting receipt of this income.<br><br>**Grageda Decl. Ex. B**, *passim*; *see also* **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11, 15 (RFA Nos. 31,<br><br>54, 85);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-6<br><br>(RFA Responses Nos. 31, 54, 85). | |
| 106.  Plaintiff refused to provide JPMC with this information in support of her May 2012 and April 2013 Applications.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo.<br><br>pp. 133:15-135:8); **Quattrocchi Decl.**<br><br>**¶ 20 Ex. R,** p. 8 (RFA Nos. 31-35);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses No. 31-35). | **106.  Disputed**.  Plaintiff has repeatedly<br><br>provided bank statements to JPMC. |
| 107.  According to the Nevada Secretary of State, Galaxy Gaming, Il, LLC was incorporated in Nevada on February 23, 2010 and its business license was revoked on February 29, 2012, a full three months before Plaintiff submitted her first application.<br><br>**Quattrocchi Decl. ¶ 18 Ex. P,** p. 620. | **107.  Undisputed**. |
| 108.  At all relevant times, Plaintiff has held herself out as an independent contractor | **108.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| specializing in brand consulting. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 200:8-10, 204:2- 16, 214:3-9, 223:1-7, 233:18-234:4, 15-25, 235:1-11, 236:10-13, 20-24, 245:11-24). | |
| 109.  Plaintiff claims that as an independent contractor her salary fluctuates from month to month. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 200:8-10, 204:2- 16, 214:3-9, 223:1-7, 233:18-234:4, 15-25, 235:1-11, 236:10-13, 20-24, 245:11-24; 219:7-10). | **109.  Undisputed**. |
| 110.  By letter dated July 11, 2013, JPMC informed Plaintiff that after two reviews, she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 182:19-183:6); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 491-493 (Banks Depo. Ex. 58). | **110.  Undisputed.** |
| 111.  Plaintiff claims that she submitted an application for a | **111.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| loan modification to JPMC on May 15, 2014 (the "May 2014 Application") less than one month prior to the foreclosure sale. **Quattrocchi Decl. ¶ 3 Ex. A**(Banks Depo. pp. 55:21-56:21, 57:22-25); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 200 (Banks Depo. Ex. 2 p. 9:16-17). | |
| 112.  Plaintiff does not possess any documents to support her contention that she submitted the May 2014 Application to JPMC on or around May 15, 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 57:11-21). | **112.  Undisputed.** |
| 113.  Plaintiff does not possess copies of the May 2014 Application. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 57:11-21). | **113.  Undisputed.** |
| 114.  Plaintiff claims that she derives income from "Ernie Banks, International/ 500 Home Run Club." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 241:7-243:4, 14- 25, 244:13-16). | **114.  Undisputed.** |
| 115.  Plaintiff claims that she has held, and current holds, ownership interests in | **115.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Ernie Banks, International, Inc. and the 500 Home Run Club but never disclosed these assets in any of her applications. **Quattrocchi Decl. ¶ 20 Ex. R**, pp. 29-30 (RFA Nos. 199-200, 203- 204); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 10 (RFA Responses Nos. 199-200, 203-204); *see also* **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:16-18. | |
| 116.  Plaintiff did not list the income derived from "Ernie Banks, International/ 500 Home Run Club" in any of her prior loan modification applications. | **116.  Undisputed.** |
| 117.  Plaintiff claims that the last time she received income from Ernie Banks International/500 Home Run Club" was May 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 240 17-24). | **117. Disputed**; Compound Question Plaintiff stated she stpped receiving money from Ernie Banks International in May of 2014 not *both* EBI and the 500 Home Run Club or any other businesses owned by either Ernie Banks or Liz Banks or both. Quattrocchi Decl., ¶ 3 Ex. A (Banks Depo pp. 240:17-24) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| | |
| 118.  Plaintiff claims her salary increased by $8,000 at some time in May 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 59:1-18). | **118.  Undisputed**. |
| 119.  The $8,000 that Plaintiff claims to have received was derived from a "branding licensing contract" **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 59:2-9). | **119.  Undisputed**. |
| 120.  The additional $8,000 that Plaintiff claims to have received some time between May and June 2014 was not deposited into Plaintiff's personal Wells Fargo Checking Account but is deposited into an Ernie Banks Trust which is the subject of litigation and not Plaintiff's personal. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 18:12-19:4; 217:2-6, 23-25, 218:1-12, 21, 24-25, 220:1-221:4, 240:17-241:6). | **120.  Undisputed**. |
| 121.  Plaintiff claims that her contract with Galaxy Gaming, Il, LLC ended in July 2014 and that Galaxy Gaming, Il. LLC did not renew Plaintiff's contract. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 102:21-104:6) | **121.  Undisputed**. |
| 122.  Plaintiff claims that the last paycheck she received from Galaxy Gaming Il, LLC was in July 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 216:1-7). | **122.  Undisputed**. |
| 123.  Plaintiff has received regular financial | 123. Disputed;  Plaintiff received income from Mr. Banks, however it varried each |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| support from Mr. Banks since 2011 but did not disclose this information in her loan modification applications. **Quattrocchi Decl. ¶ 20 Ex. R**, p. 22 (RFA No. 133); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 7 (RFA Response No. 113). | month and was not *regular income*. Quattrocchi Decl. ¶ 3 Ex. A (Banks Depo., pp. 248:24 through 251:15) |
| 124.  According to records on file with the Circuit Court of Cook County, IL, County Department, Domestic Relations Division, case no. 12D- 05458, Mr. Banks filed a Petition for Dissolution of Marriage with Plaintiff on June 4, 2012 (the "Divorce Proceeding"). **Quattrocchi Decl. ¶ 8 Ex. F**, pp. 570. | **124.  Undisputed**. |
| 125.  On or about March 25, 2013, Plaintiff filed a Petition for Interim Attorneys Fees and Costs and Experts' Fees and Costs in the Divorce Proceeding in which she stated under oath that she is "a homemaker and in unemployed…and continues to be dependent upon [Mr. Banks] for support." **Quattrocchi Decl. ¶ 8 Ex. F**, pp. 566 (Sworn Statement of | **125.  Undisputed**. |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| Elizabeth Ellzy Banks in support of Petition for Interim Attorneys Fees and Costs and Experts' Fees And Costs, filed on March 25, 2013 in the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, in *Banks v. Banks*, case no. 12D05458, Paragraph 6). | |
| 126.  Plaintiff's personal Wells Fargo checking account statements from June, July, and August 2012 show receipt of regular deposits from Ernie Banks, Sr. **Grageda Decl. Ex. A** (JPMC-Banks_001226-001234). | **126.  Undisputed.** |
| 127.  According to the June 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012, Plaintiff received $6,000 from an Associated Bank, N.A. account in the name of Ernie Banks, Sr. **Quattrocchi Decl. ¶ 3 Ex. A**     (Banks Depo. pp. 137:17-138:7, 16-     18; 139:6-15; 161:13-23; 174:11-175:12); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421     (Banks Depo. Ex. 39). | **127.  Undisputed.** |
| 128.  According to the July 2012 Wells Fargo checking account statement that Plaintiff | **128.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| submitted on November 16, 2012, Plaintiff received $9,500 from an Associated Bank, N.A. account in the name of Ernie Banks, Sr.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39). | |
| 129.  According to the August 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012, Plaintiff received $2,000 from an Associated Bank, N.A. account in the name of Ernie Banks, Sr. and $4,000 of which came from an undisclosed source.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39). 130.  Plaintiff did not disclose receipt of these funds in any of her loan **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:16-18, 119:1-5, | **129.  Undisputed**.<br><br><br><br><br><br><br><br><br><br><br>**130.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 215:23-24; 102:9-24; 118:23- 119:10; 122:9-20; 123:4-16; 124:9- 16; 126:9-21; 129:25-131:3; 137:17-modification applications. | |
| 131.  In 2011, Mr. Banks paid approximately 75% of Plaintiff's monthly household expenses. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 249:20-25). | **131.  Undisputed.** |
| 132. In 2012, Mr. Banks paid approximately 50% of Plaintiff's monthly househ **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 250:1-2).old expenses. | **132.  Undisputed.** |
| 133.  In 2013, Mr. Banks paid less than 50% of Plaintif **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 250:25-251:8).f's monthly household expenses. | **133.  Undisputed.** |
| 134.  By statement dated February 20, 2014, JPMC advised Plaintiff that her minimum monthly payment would be $10,431.86 as of May 1, 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 209:9-210:14); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 518-519 (Banks Depo. Ex. 81); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 27 (RFA No. 184); | **134.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 21 Ex. S,** p. 9 (RFA Response No. 184). | |
| 135.  On or about June 5, 2014, Plaintiff received a monthly billing statement from JPMC dated June 2, 2014 that requested a total monthly payment **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 208:7-209:3); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. **Quattrocchi Decl. ¶ 6 Ex. C,** p. 200 (First Amended Complaint p. 9:21-10:2). 516-517 (Banks Depo. Ex. 80); amount of $10,431.86. | **135.  Undisputed**. |
| 136.  Plaintiff admits that she has no evidence to support her contention that JPMC violated California Civil Code § 2923.7(b). **Quattrocchi Decl. ¶ 20 Ex. R,** p. 15 (RFA No. 87); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 6 (RFA Response No. 87). | **136. Disputed**; Irrelevant;  Plaintiff misunderstood and wrongly answered the RFA and Plaintiff requests further discovery from already-subpoenaed witness who she was denied a deposition. |
| 137.  At no time between November 2011 and June 2014 did Plaintiff ever request that a single point of contact ("SPOC") be assigned to her loan modification application file. | **137.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 93:2-5, 10-12). | |
| 138.  At all relevant times, JPMC was in regular contact with Plaintiff. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 213:8-16). | **138.  Undisputed**. |
| 139.  Plaintiff's SPOC kept Plaintiff regularly informed as to the status of the foreclosure as well as the postponement of any foreclosure sale dates. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 184:18-185:2). | **139. Disputed**. Plaintiff was not informed of LID investigation (Corp Wit Depo). Was not advised as to what was incomplete about her application (need more discovery) Plaintiff was not informed what was missing on her application. Grageda Decl. ¶ Ex. B PP's 233-234; Plaintiff requests further discovery of the already-subpoenaed SPOC witness |
| 140.  Plaintiff's SPOC had access to an individual with the ability to postpone the foreclosure sale as needed. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 184:24-185:13). | **140.  Disputed**.  Plaintiff requests discovery of the already subpoenaed SPOC witness. |
| 141.  At least one of Plaintiff's SPOCs explained the various loan modification programs that might be applicable to Plaintiff's loan. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 108:1-19); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 365 (Banks Depo. Ex. 26). | **141.  Disputed**.  Plaintiff answered she was informed the programs may be available not that the programs were actually explained.  Quattrocchi Decl. ¶ 3 Ex. A (Banks Depo. 108:1-19);  Quattrocchi Decl. ¶ 3 Ex. B, PP 365 (Banks Depo. Ex. 26) |
| | |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 142.  At no time did JPMC ever represent to Plaintiff that any of her loan modification applications were being reviewed solely and exclusively under the HAMP program and no other loan modification program. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 111:3-10, 120:17- 20, 124:25-125:2, 127:24-128:1). | **142.  Undisputed.** |
| 143.  At all relevant times, Plaintiff has received regular mail deliveries at two different addresses:<br>• The Property; and<br>578 Washington Blvd. #284, Marina Del Ray, CA (the "Washington Blvd. Address"). **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 29:21-31:1; 41:2- 20); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 225-226 (Banks Depo. Ex. 4); **Quattrocchi Decl. ¶ 7 Ex. E**, pp. 557-558 (Plaintiff's Initial Disclosures, p. 2). | **143.  Undisputed.** |
| 144.  By letter dated December 2, 2011, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that it had assigned Elizabeth Brooks to serve as Plaintiff's SPOC.  The letter further provided Plaintiff with Ms. Brooks's | **144.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNDERCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| contact information. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 93:24-94:21); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 355-356 (Banks Depo. Ex. 21). | |
| 145.  By letter dated May 22, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that it had assigned Chelsea Colmenero to serve as her SPOC. The letter further provided Plaintiff with Ms. Colmenero's contact information. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 107:1-25); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 365 (Banks Depo. Ex. 26). | **145.  Undisputed.** |
| 146.  By letter dated May 29, 2012, and sent to the Washington Blvd. Address, JPMC confirmed receipt of the documents that Plaintiff had submitted on May 24, 2012. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 111:16-21); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 366 (Banks Depo. Ex. 27). | **146.  Undisputed.** |
| 147.  By letter dated May 29, 2012, and | **147.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| sent to the Washington Blvd Address, JPMC further notified Plaintiff that the maximum unpaid principal balance to qualify under the HAMP program at that time was<br><br>$729,750 for a one unit property, such as the Property at issue in this matter. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 112:3-113:2); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 366 (Banks Depo. Ex. 27). | |
| 148.  On May 30, 2012, Plaintiff contacted JPMC by phone to discuss the status of her application.  During that conversation, JPMC informed Plaintiff that Plaintiff was required to submit proof of income in order for her loan modification application to be considered. **Grageda Decl. Ex. B** (JPMC- Banks_002404) | **148. Disputed.**  Plaintiff requests the production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations with borrowers |
| 149.    By letter dated June 13, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that additional information was required from her before it could review Plaintiff's application. Specifically, JPMC requested:<br>• A fully completed IRS Form | **149.  Undisputed.** |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 4506-T, with Line 6 completed; and A fully completed RMA. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 114:24-115:10); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 367 (Banks Depo. Ex. 29). | |
| **150.**    By letter dated July 17, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that additional information was required from her before it could review Plaintiff's application. Specifically, JPMC requested:<br>  • A fully completed IRS Form 4506-T, with Line 6 completed; and<br>A fully completed RMA. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 121:7-15); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 371 (Banks Depo. Ex. 31). | **150.  Undisputed.** |
| **151.**    By letter dated August 21, 2012, and sent to the Washington Blvd. Address, JPMC notified that it had received Plaintiff's prior submissions and further informed Plaintiff that her application was still missing: | **151.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| • Copies of her two most recent pay stubs showing year to date earnings; and<br><br>A fully completed, signed, and dated RMA. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 125:16-24); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 387 (Banks Depo. Ex. 34); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 15 (RFA No. 85); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 6 (RFA Response No. 85). | |
| 152. By letter dated September 19, 2012, and sent to the Washington Blvd. Address, JPMC requested that Plaintiff submit copies of her most recent quarterly or year to date profit and loss statement, signed and dated, showing revenue, expenses, company name and time of period covered. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 128:16-22); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 402-403 (Banks Depo. Ex. No. 36). | 152. **Undisputed** as to whether the document was correctly addressed, ut not as to whether it was actually received. Quattrocchi Decl. ¶ 5 Ex. C pp. 402-403 (Banks Depo Ex. No. 36). |
| 153. On October 18, 2012, the trustee under the Deed of Trust recorded a Notice of Trustee's Sale which set the foreclosure sale | 153. **Disputed**. Plaintiff requestes the production of already-requeted discovery including the production of all communications between JPMC and Plaintiff during relevant times. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| date to November 8, 2012.  However, in a telephone conversation with Plaintiff that same day, JPMC informed Plaintiff that the trustee's sale date would be postponed automatically and if not, then her SPOC would request a postponement. **Quattrocchi Decl. ¶ 11 Ex. I**, pp. 596-597. | |
| 154.  In an October 23, 2012 telephone conversation, JPMC again informed Plaintiff that the foreclosure sale file is being monitored and if the November 8, 2012 trustee's sale was postponed automatically, then her SPOC would request a postponement. **Grageda Decl. Ex. B** (JPMC- Banks_002402) | **154.  Disputed**.  Grageda Decl. ¶ Ex. B (JPMC_Banks_002402)    Plaintiff requests the production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations with borrowers |
| 155.    By letter dated October 30, 2012, and sent to the Washington Blvd. Address, JPMC notified Plaintiff that the foreclosure sale date had been postponed to December 10, 2012. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 136:19-137:7); **Quattrocchi Decl. ¶ 4 Ex. C**, pp. 408-409 (Banks Depo. Ex. 38). | **155.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 156.  By letter dated November 26, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that Lisa Martinez had been assigned as her SPOC and provided Plaintiff with Ms. Martinez's contact information. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 142:12-24); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 422-423 (Banks Depo. Ex. 40); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 24 (RFA No. 154) **Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 154). | **156.  Undisputed.** |
| 157.  Following receipt of the Wells Fargo bank statements that Plaintiff submitted on November 16, 2012, JPMC informed Plaintiff that none of the statements supported receipt of income from Galaxy Gaming, Il., LLC.  JPMC therefore requested that Plaintiff obtain and submit copies of cancelled checks from Galaxy10455, 10520, 10624, and 10765.  JPMC further requested unredacted personal bank statements supporting receipt of regular income from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 131:15-18, 132:1- 3, 133:15-135:8,161:13-23); | **157.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11, 15 (RFA Nos. 31, 54, 85); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-6 (RFA Responses No. 31, 54, 85) *see also* **Grageda Decl. Ex. B** (JPMC-Banks_002399). | |
| 158.  In a telephone conversation on December 4, 2012, JPMC informed Plaintiff that it could not waive the requirement for copies of cancelled check nos. 10455, 10520, 10624, and 10765 from Galaxy Gaming, Il, LLC and two consecutive months of Plaintiff's corresponding personal bank statements evincing receipt of income from Galaxy Gaming, Il, LLC.  JPMC further notified Plaintiff that the Wells Fargo personal bank statements that she submitted on November 16, 2012 could not be relied upon because portions of those statements were redacted. **Grageda Decl. Ex. B** (JPMC- Banks_002395); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 15 (RFA Nos. 31, 85); | **158.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4, 6 (RFA Responses No. 31, 85). | |
| 159.  By letter dated December 18, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 164:19-165:4); **Quattrocchi Decl. ¶ 4 Ex. C**, pp. 424-427 (Banks Depo. Ex. 41); **Quattrocchi Decl. ¶ 6 Ex. D**, p. 524 (First Amended Complaint p. 7:6); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 9 (RFA Nos. 40-44); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 40-44). | 159.  Undisputed |
| 160.  The December 18, 2012 application decline letter informed Plaintiff that she may be eligible for a foreclosure prevention alternative under the federal Home Affordable Foreclosure | 160.  Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| Alternatives ("HAFA") program.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 151:2-18, 19-21, 23-25, 152:1-10, 153:3-14, 18-21);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 424-427 (Banks Depo. Ex. 41);<br><br>**Quattrocchi Decl. ¶ 6 Ex. D**, p. 524 (First Amended Complaint p. 7:6);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p. 9 (RFA No. 43);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Response No. 43). | |
| 161.  By letter dated December 21, 2012, and sent to the Washington Blvd. Address, Plaintiff's JPMC SPOC informed Plaintiff that the foreclosure sale date had been postponed   to   February   11,   2013.<br><br>**Quattrocchi   Decl.   ¶   3   Ex.   A** (Banks   Depo.   pp.   164:7-10,   19-165:4, 19-24);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 428-429 (Banks Depo. Ex. 42);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p. | 161.  Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 162.  By letter dated January 8, 2013, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that she was $70,167.28 in arrears on her loan and provided her with the contact information for Chase Homeownership Center, Homeowners HOPE Hotline, and the Department of Housing and Urban Development so that she could obtain information on potential foreclosure avoidance options that may have been available to her. **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 430-432 (Banks Depo. Ex. 43). | **162.  Undisputed.** |
| 163.  By letter dated January 17, 2013, and sent to the Property, Plaintiff's SPOC sent Plaintiff an entirely new loan modification application package. **Quattrocchi Decl. ¶ 20 Ex. R**, p. 24 (RFA No. 156 – as admitted due for failure to respond to JPMC's RFA's within 30 days, see Fed. R. Civ. P. 36(a)(4). | **163.  Undisputed.** |
| 164.  By letter dated March 21, 2013, and sent to the Washington Blvd. | **164.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Address, Plaintiff's JPMC SPOC informed Plaintiff that the foreclosure sale date had been postponed April 15, 2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 168:16-169:6); **Quattrocchi Decl. ¶ 5 Ex. C** pp.433-434 (Banks Depo. Ex. 45); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 24 (RFA No. 157); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 157). | |
| 165.  By letter dated March 29, 2013, and sent to the Washington Blvd. Address, Plaintiff's JPMC SPOC informed Plaintiff that the foreclosure sale date had been postponed April 19, 2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 169:12-24); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 435-436 (Banks Depo. Ex. 46); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 25 (RFA No. 158); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 158). | **165.  Undisputed.** |
| 166.  By letter dated April 17, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed | **166.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Plaintiff that the foreclosure sale had been postponed to May 20, 2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 176:13-25); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 468-469 (Banks Depo. Ex. 50); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 25 (RFA No. 159); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 159). | |
| 167.  In an April 17, 2013 telephone conversation, JPMC requested that Plaintiff provide a letter of explanation as to why she had not file a 2011 federal income tax return. **Grageda Decl. Ex. B**, (JPMC-Banks_002375). | **167.  Undisputed**.  Plaintiff requires already requested discovery to decipher the internal lingo/jargon. |
| 168.  JPMC advised Plaintiff that if she was unable to provide the requested documents, she should consider a short sale or a reinstatement. **Grageda Decl. Ex. B** (JPMC- Banks_002374) | **168. Disputed**.  Grageda Decl. Ex. B (JPMC_Banks_002374) Unable to determine what was said during this conversation. Plaintiff requires already requested discovery to deciper the internal lingo/jargon |
| 169.  By letter dated April 18, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale had been postponed to May 20, 2013. | **169.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 177:6:-17); **Quattrocchi Decl. ¶ 5 Ex. C**, pp.470-471 (Banks Depo. Ex. 51); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 25 (RFA No. 160); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 160). | |
| 170.  By letter dated May 20, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale had been postponed to June 20, 2013.  **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 179:22-180:15); **Quattrocchi Decl. ¶ 5 Ex. C, pp**. 486-487 (Banks Depo. Ex. 54); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 25 (RFA No. 162); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 162). | **170.  Undisputed**. |
| 171.  By letter dated June 14, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed | **171.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| Plaintiff that the foreclosure sale date was set for June 20, 2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 181:18-23); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 489-490 (Banks Depo. Ex. 56); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 25 (RFA No. 165); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response No. 165). | |
| 172. By letter dated July 11, 2013, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that after two reviews, she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 182:19-183:6); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 491-493 (Banks Depo. Ex. 58). | **172. Undisputed.** |
| 173. By letter dated July 11, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale date | **173. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| was set for August 22, 2013.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 185:19-186:5);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 494-495 (Banks Depo. Ex. 59);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p. 25 (RFA No. 166);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response No. 166). | |
| 174.  By letter dated July 12, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale date was set for August 22, 2013. By letter dated July 12, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale date was set for August 22, 2013. | **174.  Undisputed.** |
| 174.  By letter dated July 12, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 186:11-19); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 496-497 (Banks | **174. Undisputed** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Depo. Ex. 60); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 26 (RFA No. 167); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response No. 167).date was set for August 22, 2013. | |
| 175.  By letters dated August 22, 2013 and August 23, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale date was set for September 23, 2013. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 189:8-18, 190:7- 20); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 498-499, 500-501 (Banks Depo. Exs.64, 66); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 26 (RFA Nos. 172-173); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response Nos. 172-173). | **175. Undisputed** |
| 176.  Loss Mitigation options were exhausted because Plaintiff refused to submit the requested paystubs to verify income and told JPMC that she did not want any loss mitigation alternatives | **176. Disputed**. Grageda Decl. ¶ Ex. B (JPMC_Banks_002374) SPOC requests "3 recent canceled checks (PAYSTUBS) with the paycheck deposit".        Quattrocchi Decl. ¶ Ex. C PP's 472-485 |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| other than a loan modification. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 133:15-135:8); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 6, 8 (RFA Nos. 22, 31-35); **Quattrocchi Decl. ¶ 21 Ex. S, p**p. 3-4, (RFA Responses No. 22, 31-35); *see also* **Grageda Decl. Ex. B**, (JPMC-Banks_002368). | |
| 177.  By letter dated August 24, 2013, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that John Kilroy would serve as her SPOC.  The August 24, 2013 letter further provided Mr. Kilroy's contact information. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 190:22-191:11); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 502-503 (Banks Depo. Ex. 67). | **177.  Undisputed**. |
| 178.  By letter dated November 27, 2013, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that Susan Conert would serve as her SPOC.  The November 27, 2013 | **178.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| letter further provided Ms. Conert's contact information. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 191:23-192:10); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 504-505 (Banks Depo. Ex. 68). | |
| 179.  By letters dated December 17, 2013 and December 18, 2013, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale date had been postponed to January 9, 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 192:19-194:4); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 506-507, 508-509 (Banks Depo. Exs.69, 70); **Quattrocchi Decl. ¶ 20 Ex. R**, pp. 26-27 (RFA Nos. 175-176); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9(RFA Response Nos. 175-176). | **179.  Undisputed.** |
| 180.  By letters dated January 10, 2014 and January 11, 2014, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale date had | **180.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| been postponed to February 10, 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 196:3-197:8); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 510-511, 512-513 (Banks Depo. Exs.73, 74); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 27 (RFA Nos. 178-179); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response Nos. 178-179). | |
| 181.  By letter dated January 14, 2014, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that her SPOC was Daniel Ramirez and further provided Plaintiff with Mr. Ramirez's contact information. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 204:22-205:5); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 514-515 (Banks Depo. Ex. 77); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 27 (RFA No. 181); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response No. 181). | **181.  Undisputed**. |
| 182.  By letters dated September 3, 2013 and January 23, 2014, JPMC informed | **182.  Undisputed**. |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Plaintiff that it was JPMC's understanding that Plaintiff had filed for bankruptcy and invited Plaintiff to contact JPMC should she wish to discuss foreclosure avoidance options. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. . 61:25-62:6, 14- 63:3); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 280-287, 288-295 (Banks Depo. Exs. 12, 13). | |
| 183.  By letters dated May 20, 2014, and May 21, 2014, and sent to the Washington Blvd. Address, Plaintiff's SPOC informed Plaintiff that the foreclosure sale was scheduled for June 12, 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 212:3-213:7); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 520-521, 522-523 (Banks Depo. Exs. 82, 83); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 28 (RFA No. 186); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response No. 186). | **183.  Undisputed.** |
| 184.  Plaintiff admits that she does not have any evidence to support her contention | **184.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| that JPMC owed her a duty of care in the processing of her loan modification applications. **Quattrocchi Decl. ¶ 20 Ex. R**, p. 21 (RFA No. 128); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 7 (RFA Response No. 128). | |
| 185. None of the loan modification applications that Plaintiff ever submitted were specific to the federal Home Affordable Modification Program ("HAMP"). **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 97:3-13; 111:3- 10, 120:13-20, 123:20-23, 124:25- 125:2, 127:24-128:1). | **185. Disputed.** Grageda Decl. ¶ Ex A (956-958; 1126-1128; 1149-1151)  Quattrocchi Decl. ¶ Ex. B PP 366 |
| 186. At no time did JPMC ever represent to Plaintiff that any of her loan modification applications were being reviewed solely and exclusively under the HAMP program and no other loan modification program. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 111:3-10, 120:17- 20, 124:25-125:2, 127:24-128:1). | **186. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 187.  None of the application documents that Plaintiff submitted at any time between May 2012 and June 2014 was specific to one modification program nor did it state that any review of said application would be limited to one particular modification program. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 97:3-13); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. | **187.  Disputed**.  Grageda Decl. ¶ Ex A (956-958; 1126-1128; 1149-1151)    Find HAMP letter should be right after the first app in may 2012 |
| 188.  Plaintiff signed page 3 of 4 of an RMA (sent to JPMC by facsimile on May 24, 2012 but signed and dated May 24, 2012) noting that the RMA expressly stated that "I understand that the Servicer will use the information in this document to evaluate my eligibility for a loan modification or short sale or deed-in- lieu of foreclosure, but the Servicer is not obligated to offer me assistance based solely on the statements in this | **188.  Undisputed**. |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| document." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 97:15-98:8); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23); **Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA No. 24); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Response No. 24); **Grageda Decl. Ex. A** (JPMC- Banks_000958). | |
| 189.  As of May 24, 2012, Plaintiff was aware that the unpaid principal balance of her loan exceeded $729,750. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 112:25-113:2). | **189.  Undisputed.** |
| 190.  By letter dated May 24, 2012, Plaintiff notified JPMC that she authorized JPMC to speak with her Financial Advisor, John Yedinak "regarding payments and to re- instate loan…on my behalf.  He may also discuss financial affairs surrounding this account." **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 363 (Banks Depo. Ex. 24). | **190.  Undisputed.** |
| 191.  By letter dated May 29, 2012, JPMC notified Plaintiff that the maximum unpaid principal balance to qualify under the HAMP | **191.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| program at that time was $729,750 for a one unit property, such as the Property at issue in this matter. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 112:3-113:2); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 366 (Banks Depo. Ex. 27). | |
| 192.  Plaintiff's Authorized Third Party and Financial Advisor, John Yedinak requested a status update on contacted JPMC at least once to confirm the status of Plaintiff's application. JPMC's call records state that Mr. Yedinak was informed that Plaintiff was not qualified for HAMP because the unpaid principal balance of her loan exceeded the HAMP maximum limit and that Plaintiff would be considered under a Chase modification program. **Grageda Decl. Ex. B** (JPMC- Banks_004325-004326). | **192.  Disputed**.  Plaintiff requires already requested discovery to decipher the internal lingo/jargon. |
| 193.  By letter dated December 18, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that she was ineligible for a modification "under HAMP or under any other modification programs," | **193.  Undisputed**. |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 164:19-165:4); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 424-427 (Banks Depo. Ex. 41); **Quattrocchi Decl. ¶ 6 Ex. D,** pp.524 (First Amended Complaint p. 7:6); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 9 (RFA Nos. 40-44); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 40-44). | |
| 194.  At no time did JPMC ever state that Plaintiff was eligible for a loan modification under any program and was never obligated to approve Plaintiff's loan modification applications or to modify Plaintiff's loan under any program. **Quattrocchi Decl. Exh. A** (Banks Depo. pp. 154:9-20, 155:3- 11, 16-22); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 12 (RFA No. 65); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 5, (RFA Responses Nos. 40-44). | **194.  Undisputed.** |
| 195.  In November of 2011, Plaintiff defaulted under the terms of the Note. **Quattrocchi Decl. ¶ 3 Ex. A** | **195.  Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (Banks Depo. pp. 41:21-42:13). | |
| 196.  Between November 2011 and June 2014, Plaintiff did not cure her arrearages and did not remit any regular monthly loan payments.      **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 50:11-51:10; 166:12-23); **Quattrocchi Decl. ¶ 20 Ex. R**, p.6, 19 (RFA Nos. 20, 111-112) **Quattrocchi Decl. ¶ 21 Ex. S**, pp. 3, 7 (RFA Responses Nos. 20, 111-112). | **196.  Undisputed**. |
| 197.  Plaintiff as the sole borrower did not have the financial resources available to cure this default at any time between November 2011 and June 2014. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 43:2-3, 22-24; 44:4-7, 10-17, 45:24-46:14, 46:15- 25, 50:11-51:10, 166:7-23); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 266-271, 272-276 (Banks Depo. Exs.8, 10); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 430-432 (Banks Depo. Ex. 43) | **197.  Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 198.  Plaintiff did not pursue – and expressed no interest in - any loss prevention alternatives other than a loan modification at any time between November 2011 and June 2014, even though such alternatives were presented to her at numerous times during this period. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 91:18-92:1, 177:25-178:2; 183:17-184:2); **Quattrocchi Decl. ¶ 20 Ex. R**, p.6 (RFA No. 22) **Quattrocchi Decl. ¶ 21 Ex. S**, p. 3 (RFA Response No. 22). | 198.  Undisputed |
| 199.  Plaintiff was not interested in any loss mitigation alternatives that would result in the Property's sale. **Quattrocchi Decl. ¶ 20 Ex. R**, p.6 (RFA No. 22); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 3 (RFA Response No. 22). | **199.  Undisputed**. |
| **200.**    Plaintiff did not formulate any contingency plan at any time between November 2011 and June 2014 in the event that | **200. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| any of her loan modification applications were denied.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 92:2-19). | |
| **201.**   At no time between ovember 2011 and June 2014 did JPMC ever inform Plaintiff that she was qualified for a loan modification.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 92:20-21, 92:24-93:1, 92:20-21, 93:1). | **201. Undisputed.** |
| **202.**   At no time between November 2011 and June 2014 was JPMC ever obligated to approve Plaintiff's loan modification applications or to modify Plaintiff's loan under any program.  Plaintiff admits that JPMC was entitled to decline her applications for any reason.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 154:9-20, 155:3- 11, 16-22). | **202. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **203.** On November 26, 2011, JPMC offered Plaintiff a repayment plan through which she could cure her arrearages and avoid foreclosure.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 76:2-14, 77:1-7, 78:1-17);<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 311-312 (Banks Depo. Ex. 14);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p.6 (RFA No. 15)<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p. 3 (RFA Response No. 15);<br><br>*see also* **Grageda Decl. Ex. A** (JPMC-Banks_002907-002915). | **203. Undisputed.** |
| **204.** Plaintiff rejected JPMC's November 26, 2011 repayment plan offer.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 78:1-17). | **204. Undisputed.** |
| **205.** As of May 24, 2012, Plaintiff was aware that the unpaid principal balance of her loan exceeded $729,750.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** | **205. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| (Banks Depo. pp. 112:25-113:2). | |
| **206.** By letter dated May 29, 2012, JPMC notified Plaintiff that the maximum unpaid principal balance to qualify under the HAMP program at that time was $729,750 for a one unit property, such as the Property at issue in this matter. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 112:3-113:2); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 366 (Banks Depo. Ex. 27). | **206. Undisputed.** |
| **207.** By letter dated December 18, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 164:19-165:4); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 424-427 (Banks Depo. Ex. 41); **Quattrocchi Decl. ¶ 6 Ex. D**, pp. 524 | **207. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (First Amended Complaint p. 7:6); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 9 (RFA Nos. 40-44); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 40-44). | |
| **208.**    Plaintiff did not appeal this decision. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 153:25-154:3). | **208. Undisputed.** |
| **209.**    The December 18, 2012 application decline letter informed Plaintiff that she may be eligible for a foreclosure prevention alternative under the federal Home Affordable Foreclosure Alternatives ("HAFA") program. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 151:2-18, 19-21, 23-25, 152:1-10, 153:3-14, 18-21); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 424-427 (Banks Depo. Ex. 41); **Quattrocchi Decl. ¶ 6 Ex. D**, pp.524 (First Amended Complaint p. 7:6). | **209. Undisputed.** |
| **210.**    Plaintiff did not apply for the HAFA program. | **210. Undiputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 153:25-154:3; 162:8-163:14, 23-25). | |
| **211.** In at least one instance, JPMC advised Plaintiff that if she was unable to provide the requested documents in support of her loan modification applications, she should consider a short sale or a reinstatement. **Grageda Decl. Ex. B** (JPMC- Banks_002374). | **211. Undisputed.** |
| **212.** Plaintiff informed JPMC that selling the Property is not an option.<br><br> **Quattrocchi Decl. ¶ 20 Ex. R** p.6 (RFA No. 22);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p.3 (RFA Response No. 22); **Grageda Decl. Ex. B** (JPMC- | **212. Undisputed.** |
| **213.** By letter dated July 11, 2013, JPMC informed Plaintiff that after two reviews, she was ineligible for a modification "under HAMP or under any other modification programs," | **213. Undisputed.** |

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| because she "did not provide all of the documents." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 182:19-183:6); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 491-493 (Banks Depo. Ex. 58). | |
| **214.** Plaintiff did not appeal this decision. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 184:3-5). | **214. Undisputed.** |
| **215.** Plaintiff claims that she had no intention of filing for bankruptcy. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 201:11-20). | **215. Undisputed.** |
| **216.** Plaintiff admits that she does not have any evidence to support her contention that JPMC owed her a duty of care in the processing of her loan modification applications. **Quattrocchi Decl. ¶ 20 Ex. R**, p. 21 (RFA No. 128); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 7 (RFA Response No. 128). | **216. Irrelevant.** Duty of care is a triable issue of fact. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **217.** Other than personal belief, Plaintiff has no other basis on which to claim that JPMC ever lost any of the documents that she submitted in support of her loan modification applications.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 160:3-161:2). | **217. Disputed**. Plaintiff requires already requested discovery to determine. |
| **218.** Plaintiff claims that at all relevant times, she prepared and submitted all of the loan modification application documents herself and without any assistance from any third-parties.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 98:21-23, 100:23- 101:3, 15-17, 20-25, 102:1-2, 120:10-12, 123:17-19, 124:22-24, 127:21-23; 170:10:15). | **218. Undisputed.** |
| **219.** At all relevant times, Plaintiff has held herself out as an independent contractor specializing in brand consulting.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 200:8-10, 204:2- 16, 214:3-9, 223:1-7, 233:18- | **219. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 234:4, 15-25, 235:1-11, 236:10-13, 20-24, 245:11-24). | |
| **220.** During its review of Plaintiff's May 2012 and April 2013 Applications, JPMC requested Plaintiff to submit:<br>• Three consecutive months of cancelled paychecks from Galaxy Gaming, Il, LLC for which she was an independent contractor; and<br>• Two most recent bank statements supporting receipt of this income.<br>**Grageda Decl. Ex. B**, *passim*; *see also* **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11, 15 (RFA Nos. 31, 54, 85); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-6 (RFA Responses No. 31, 54, **221.** 85). | **220. Undisputed.** |
| **221.** Plaintiff refused to provide JPMC with this information.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 133:15-135:8);<br>**Quattrocchi Decl. ¶ 20 Ex. R,** p. 8 (RFA Nos. 31-35); | **221. Disputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses No. 31-35). | |
| **222.**   At no time between November 2011 and June 2014 did Plaintiff provide cancelled copies of her regular paychecks from Galaxy Gaming, Il, LLC which JPMC **222.**   At no time between November 2011 and June 2014 did Plaintiff provide cancelled copies of her regular paychecks from Galaxy Gaming, Il, LLC which JPMC.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 158:24-159:16);<br>**Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11 (RFA Nos. 33-35, 56-58);<br> **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-6 (RFA Responses Nos. 31-35, 56-58). | **222. Undisputed.** |
| **223.**   JPMC also requested that Plaintiff submit copies of her 2011 federal income tax return so that it could verify her income from | **223.  Disputed.**<br>Plaintiff provided proof of extension |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| that year. Plaintiff also refused to provide these documents.<br><br>**Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8-9 (RFA Nos. 36-37); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 36-37). | |
| **224.**　　JPMC also requested that Plaintiff submit copies of her 2012 federal income tax return so that it could verify her income from that year. Plaintiff also failed to provide these documents.<br><br>　**Quattrocchi Decl. ¶ 20 Ex. R,** p. 12 (RFA Nos. 61-63);<br>**Quattrocchi Decl. ¶ 21 Ex. S,** p. 5 (RFA Responses Nos. 61-63). | **224. Undisputed.** |
| **225.**　　Plaintiff claims that she did not file federal income taxes for 2012 even though she claims to have earned $120,000 from Galaxy Gaming for that year.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:14-25:8, 216:1-7, 16-19, 222:); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 12 (RFA Nos. 61-63); | **225. Disputed.**<br>**Quattrocchi Decl.** ¶ 20 Ex. R PP 12 (RFA Nos. 61-63) ¶ 21 Ex. S PP 5 (RFA Responses Nos. 61-63).  Plaintiff states she did not file tax returns <u>in</u> 2012. She does not state she did not file tax returns <u>for</u> 2012. |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 21 Ex. S,** p. 5 (RFA Responses Nos. 61-63). | |
| **226.**    By facsimile dated May 24, 2012 Plaintiff submitted documents in support of a self-prepared application to modify the terms of the Note (the "May 2012 Application"). **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 96:20-97:5); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23); **Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA Nos. 23-24); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses No. 23-24). | **226. Undisputed.** |
| **227.**  The May 24, 2012 facsimile consisted of seven pages:<br>• Page 1: Request for Modification Assistance ("RMA") page 1of 4;<br>• Page 2: RMA page 2 of 4;<br>• Page 3: RMA page 3 of 4 (signed by Plaintiff);<br>• Page 4: IRS Form 4506-T; | **227.Undispued.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| • Page 5: Dodd Frank Certification (signed by Plaintiff); <br><br> • Page 6: IRS Form 4868 – Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and <br><br> Page 7: 2011 Activity Report. <br><br> **Quattrocchi Decl. ¶ 4 Ex. B**, pp.___(Banks Depo. Ex. 23); <br><br> **Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA Nos. 23-24); <br><br> **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses No. 23-24). | |
| **228.**    On Page 2 of 4 of the RMA, Plaintiff disclosed that her monthly gross wages was $10,000 but did not disclose the source of those wages. <br><br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 98:9-13); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23). | **228. Undisputed; Irrelevant.** <br><br> Quattrocchi Decl. ¶ 4 Ex. B PP 357-362 (Banks Depo. Ex. 23)   Page 2 of the RMA does not ask the source or have a place to list the source of income. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **229.** On Page 2 of 4 Plaintiff did not disclose any of her household assets as requested by the RMA.<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23). | **229. Undisputed.** |
| **230.** Plaintiff did not submit a completed IRS Form 4506-T with the facsimile of May 24, 2012. Specifically, line 6 of the IRS Form 4506-T was incomplete.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 116:24-117:10, 16-17);<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 357-362 (Banks Depo. Ex. 23);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p.7 (RFA No. 24);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses No. 24). | **230. Undisputed.** |
| **231.** By letter dated May 29, 2012, JPMC confirmed receipt of the documents that Plaintiff had submitted on May 24, 2012. | **231. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 111:16-21); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 366 (Banks Depo. Ex. 27). | |
| **232.** On May 30, 2012, Plaintiff contacted JPMC by phone to discuss the status of her application.  During that conversation, JPMC informed Plaintiff that Plaintiff was required to submit proof of income in order for her loan modification application to be considered. **Grageda Decl. Ex. B** (JPMC- Banks_002404). | **232. Disputed**. Irrelevant; Plaintiff needs Production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations |
| **233.** On May 31, 2012, JPMC received a two-page letter from Plaintiff dated May 28, 2012 by facsimile and from the phone number 312-640-6140 which stated that Plaintiff had been receiving "$10,000 per month in consulting fees since January 2012, and will continue to do so."  The letter was purportedly written by Mr. Charles Everhardt, Manager, Galaxy Gaming, Il, LLC. | **233. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 102:9-24); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 364 (Banks Depo. Ex. 25). | |
| 234.     On , Plaintiff contacted JPMC to verify receipt of her loan modification application documents. **Quattrocchi Decl. ¶ 20 Ex. R,** p. 7 (RFA Nos. 28-29); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses Nos. 28-29); **Grageda Decl. Ex. B** (JPMC- Banks_002404). | **234. Unable to  Respond due to Question.** |
| 235.     During that conversation, JPMC informed Plaintiff that the May 28, 2012 letter of explanation from Charles Everhardt – without more – was insufficient to support of her claim that she received $10,000 per month from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 102:6-103:1); **Quattrocchi Decl. ¶ 4 Ex. B** (Banks Depo. Ex. 25); **Quattrocchi Decl. Ex R** pp. 7-8: RFA Nos. 29-31; | **235. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. Ex S** p. 4 (RFA Response Nos. 29-31); *see also* **Grageda Decl. Ex. A** (JPMC- Banks_002404). | |
| **236.** Plaintiff claims that she derives income from "Ernie Banks, International/ 500 Home Run Club." <br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 241:7-243:4, 14- 25, 244:13-16). | **236. Undisputed.** |
| **237.** Plaintiff claims that she has held, and current holds, ownership interests in Ernie Banks, International, Inc. and the 500 Home Run Club but never disclosed these assets in any of her applications. <br> **Quattrocchi Decl. ¶ 20 Ex. R**, pp. 29-30 (RFA Nos. 199-200, 203-204); <br> *see also* **Quattrocchi Decl. ¶ 21 Ex. S**, p. 10 (RFA Responses Nos. 199-200, 203-204); <br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:16-18, 119:1-5, | **237. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| 215:23-24; 102:9-24; 118:23-119:10; 122:9-20; 123:4-16; 124:9-16; 126:9-21; 129:25-131:3; 137:17-138:7, 16-18; 139:6-15; 161:13-23; 170:19-171:11; 171:20-172:3; 173:2-12; 174:11-175:12; 178:19-179:5; 244:17-19; )**;** **Quattrocchi Decl. ¶ 4 Ex. B,** pp. 357-362, 364, 368-370, 372-378, 379-386, 388-401 (Banks Depo Exs. 23, 25, 30, 32, 33, 35); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 404-407, 410-421, 437-457, 458-459, 460-467, 472-485 (Banks Depo. Exs. 37, 39, 47, 48, 49, 53); **Quattrocchi Decl. ¶ 20 Ex. R,** pp.7-8, 11, 22, 24, 29 (RFA Nos. 23-24; 29-31, 52, 133, 153, 199)**;** **Quattrocchi Decl. ¶ 21 Ex. S,** pp. | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| 4-5, 7-8, 10 (RFA Responses Nos.23-24; 29-31, 52, 133, 153, 199)**;** **Grageda Decl. Ex. A** (JPMC-Banks_000953-000959, 00976, 001103-001107; 001122-001129; 001149-1159; 001170-00193; 001194-001220; 001226-001238 001244-001263; 001487-1539; 001549-1551; 001573-1574; 001577-1578; 002376-002377)**;** **Grageda Decl. Ex. B** (JPMC-Banks_002383). | |
| **238.** Plaintiff did not list the income derived from "Ernie Banks, International/ 500 Home Run Club" in any of her loan modification applications. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 244:17-19); | **238. Undisputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| *see also* **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:16-18, 119:1-5, 215:23-24; 102:9-24; 118:23-119:10; 122:9-20; 123:4-16; 124:9-16; 126:9-21; 129:25-131:3; 137:17-138:7, 16-18; 139:6-15; 161:13-23; 170:19-171:11; 171:20-172:3; 173:2-12; 174:11-175:12; 178:19-179:5; 244:17-19; )**;** **Quattrocchi Decl. ¶ 4 Ex. B,** pp. 357-362, 364, 368-370, 372-378, 379-386, 388-401 (Banks Depo. Exs. 23, 25, 30, 32, 33, 35); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 357-362, 364, 368-370, 372-378, 379-386, 388-401 (Banks Depo. Exs. 23, 25, 30, 32, 33, 35); **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 404-407, 410-421, 437-457, 458-459, 460-467, 472-485 (Banks Depo. Ex. 37, 39, 47, 48, 49, 53); | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20 Ex. R,** pp.7-8, 11, 22, 24, 29 (RFA Nos. 23-24; 29-31, 52, 133, 153, 199)**;** **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4-5, 7-8, 10 (RFA Responses Nos. 23-24; 29-31, 52, 133, 153, 199)**;** **Grageda Decl. Ex. A** (JPMC-Banks_000953-000959, 00976, 001103-001107; 001122-001129; 001149-1159; 001170-00193; 001194-001220; 001226-001238 001244-001263; 001487-1539; 001549-1551; 001573-1574; 001577-1578; 002376-002377)**;** **Grageda Decl. Ex. B** (JPMC-Banks_002383). | |
| 239.    On June 21, 2012, Plaintiff submitted a five page facsimile to JPMC from the telephone number 31-306-0490 constituting the following documents:<br>• Page 1: Confidential Cover Sheet; | **239. Undisputed  as to what was submitted, not the completeness thereof.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| • Page 2: **the incomplete** IRS Form 4506-T that Plaintiff previously submitted on May 24, 2015; <br><br> • Page 3: A copy of the Dodd- Frank Certification dated May 25, 2012 that Plaintiff previously submitted to JPMC on May 24, 2012; <br><br> • Page 4: IRS Form 4868 – Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and <br><br> Page 5: 2011 Activity Report for Ernest and Elizabeth Banks. <br><br> **Grageda Decl. Ex. A,** (JPMC- Banks_001103-1107). | |
| 240.      By letter dated June 13, 2012, JPMC informed Plaintiff that additional information was required from her before it could review Plaintiff's application.  Specifically, JPMC requested: <br><br> • A fully completed IRS Form 4506-T, with Line 6 completed; and | **240. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| • A fully completed RMA. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 114:24-115:10); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 367 (Banks Depo. Ex. 29). | |
| 241.    On July 9, 2012, Plaintiff submitted a three-page facsimile to JPMC from the telephone number of 310-306-0490, constituting the first three pages of the RMA that Plaintiff submitted on May 24, 2012. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 118:23-119:10); **Quattrocchi Decl. ¶ 4 Ex. B**, pp.368-370 (Banks Depo. Ex. 30). | **241. Undisputed.** |
| 242.    By letter dated July 17, 2012, JPMC informed Plaintiff that additional information was required from her before it could review Plaintiff's application.  Specifically, JPMC requested: <br> • A fully completed IRS Form 4506-T, with Line 6 completed; and <br> • A fully completed RMA. **Quattrocchi Decl. ¶ 3 Ex. A** | **242. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (Banks Depo. pp. 121:7-15); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 371 (Banks Depo. Ex. 31). | |
| 243.    On July 23, 2012, Plaintiff submitted an eight-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br>• Page 1: Confidential Cover Sheet;<br>• Page 2: RMA page 1 of 4;<br>• Page 3: RMA page 2 of 3;<br>• Page 4: RMA page 3 of 4;<br>• Page 5:IRS Form 4506-T Request for Transcript of Tax Return;<br>• Page 6: Dodd-Frank Certification dated July 23, 2012;<br>Page 7: IRS Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and<br>Page 8: 2011 Activity Report for Ernest and Elizabeth Banks.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 122:9-20); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 372-378 (Banks Depo. Ex. 32). | **243. Undisputed.** |
| 244.    On Page 2 of 4 of the RMA that | **244. Undisputed; Irrelevant.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Plaintiff submitted on July 23, 2012, Plaintiff disclosed that her monthly gross wages was $10,000 but did not disclose the source of those wages. Indeed, Plaintiff's document submission of July 23, 2012 did not include that proof of regular income from Galaxy Gaming, Il, LLC in the form of paystubs or Plaintiff's personal bank records as JPMC had requested on June 5, 2012.  **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 372-378 (Banks Depo. Ex. 32); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 7-8 (RFA Nos. 29-31); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses Nos. 29-31). | **Quattrocchi Decl. ¶ 4 Ex. B** PP 357-362 (Banks Depo. Ex. 23)    Page 2 of the RMA does not ask the source or have a place to list the source of income. |
| **245.**    On Page 2 of 4 Plaintiff did not disclose any of her household assets as requested by the RMA that Plaintiff submitted on July 23, 2012. **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 372-378_ (Banks Depo. Ex. 32). | **245. Undisputed.** |
| **246.**    Line 6 of the IRS Form 4506-T that Plaintiff submitted to JPMC on July 23, 2012 was incomplete. | **246. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 123:4-16); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 372-378 (Banks Depo. Ex. 32). | |
| **247.**    On August 8, 2012, Plaintiff resubmitted the same eight-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Confidential Cover Sheet dated July 23, 2012;<br>• Page 2: RMA page 1 of 4;<br>• Page 3: RMA page 2 of 3; Page 4: RMA page 3 of 4 (signed and dated July 23, 2012);<br>• Page 5:IRS Form 4506-T Request for Transcript of Tax Return;<br>• Page 6: Dodd-Frank Certification signed and dated July 23, 2012;<br>• Page 7: IRS Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; and<br>• Page 8: 2011 Activity Report for Ernest and Elizabeth Banks.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 124:9-16; **Quattrocchi Decl. ¶** | **247. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **4 Ex. B**, pp. 379-386 (Banks Depo. Ex. 33). | |
| 248.    As with Plaintiff's prior submissions, the August 8, 2012 submission did not include:<br><br>• A completed IRS Form 4506-T;<br><br>• A completed RMA listing Plaintiff's personal assets; and<br><br>• Proof of regular income as requested by JPMC on June 5, 2012.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 124:9-16); **Quattrocchi Decl. ¶ 4 Ex. B**, pp.379-386 (Banks Depo. Ex. 33); **Quattrocchi Decl. ¶ 20 Ex. R**, pp. 7-8 (RFA Nos. 29-31); **Quattrocchi Decl. ¶ 21 Ex. S**, p.4 (RFA Responses Nos. 29-31). | **248. Undisputed.** |
| 249.    By letter dated August 21, 2012, JPMC notified that it had received Plaintiff's prior submissions and further informed Plaintiff that her application was still missing:<br><br>• Copies of her two most recent pay stubs showing year to date earnings; and | **249. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| • A fully completed, signed, and dated RMA. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 125:16-24); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 387 (Banks Depo. Ex. 34); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 15 (RFA No. 85); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 6 (RFA Response No. 85). | |
| **250.** On August 27, 2012, Plaintiff submitted an eleven-page facsimile to JPMC from the telephone number of 310-306-0490, constituting: <br>• Page 1: Confidential Cover Sheet dated July 23, 2012; <br>• Page 2: RMA page 1 of 4; <br>• Page 3: an incomplete RMA page 2 of 4 missing Plaintiff's disclosure of her household assets; <br>• Page 4: RMA page 3 of 4 - The July 23, 2012 RMA signature page; <br>• Page 5: an incomplete IRS Form 4506-T; | **250. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| <ul><li>Page 6: The signed Dodd-Frank Certification dated July 23, 2012;</li><li>Page 7: IRS Form 4868 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return;</li><li>Page 8: 2011 Activity Report for Ernest and Elizabeth Banks.</li><li>Page 9: A document purporting to a pay statement dated June 30, 2012 for check 10455 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;</li><li>Page 10: A document purporting to a pay statement dated July 31, 2012 for check 10520 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000; and</li><li>Page 11: A business card purporting to be for the law offices of Donald F. Engel, P.C. from where the purported pay check stubs appear to have originated as per the fax stamp of each document.</li></ul>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 126:9-21); **Quattrocchi Decl. ¶ 4 Ex. B**, | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| pp. 388-401 (Banks Depo. Ex. 35) | |
| **251.** The two purported paycheck stubs that Plaintiff submitted to JPMC on August 27, 2012 for checks 10455 and 10520 from Galaxy Gaming, Il, LLC were addressed to Plaintiff at: "1008 Harbor Crossing Lane *Marina Del Ray, IL* 90292" **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 127:8-20); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 388-401 (Banks Depo. Ex. 35). | **251. Undisputed.** |
| **252.** The IRS Form 4506-T that Plaintiff submitted to JPMC on August 27, 2012 was the same incomplete IRS Form 4506-T that Plaintiff submitted on July 23, 2012. Plaintiff finally submitted a completed IRS Form 4506-T on August 28, 2012. **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 388-401 (Banks Depo. Ex. 35); **Grageda Decl. Ex. A** (JPMC- Banks_001160-001162). | **252.** Unknown as to the first question.  Undisputed as to the second question. |
| **253.** By letter dated September 19, 2012, JPMC requested that Plaintiff submit copies of her most recent quarterly or year to date profit | **253. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| and loss statement, signed and dated, showing revenue, expenses, company name and time of period covered.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 128:16-22); **Quattrocchi Decl. ¶ 5 Ex. C, pp.** 402-403 (Banks Depo. Ex. No. 36). | |
| **254.** On September 24, 2012, Plaintiff submitted a twenty-four-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Confidential Cover Sheet;<br>• Page 2: Plaintiff's monthly billing statement from the Los Angeles Division of Water and Power dated September 18, 2012;<br>• Page 3: IRS Form 7004 – Application for Automatic Extension of Time to File Certain Business Income Tax, Information, and Other Returns for Ernie Banks International, Inc.<br>• Pages 4-8: IRS Form 1120 for Ernie Banks International, Inc. for 2010;<br>• Page 9: IRS Schedule G to For 1120 for Ernie Banks | **254. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| International, Inc. for 2010;<br><br>• Pages 10 - 11:  IRS Form 4626 for Ernie Banks International, Inc. for 2010;<br><br>• Page 12 - 13: 2010 Depreciation Schedule for Ernie Banks International, Inc.;<br><br>• Page 14: 2010 Alternative Minimum Tax Depreciation for Ernie Banks International, Inc.<br><br>☐ Pages 15 - 24: 2010Miscellaneous Profit and Loss Statements for Ernie Banks International, Inc.<br><br>**Grageda Decl. Ex. A** (JPMC- Banks_001170-00193). | |
| **255.** Plaintiff's twenty-four-page facsimile transmission to JPMC on September 24, 2012 did not include a 2011 profit and loss statement for Ernie Banks International, Inc.. Plaintiff's personal bank statements evincing proof of receipt of regular monthly income or a profit and loss statement for her independent consultancy. | **255. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Grageda Decl. Ex. A** (JPMC- Banks_001170-00193). | |
| **256.** On October 8, 2012, Plaintiff submitted a twenty-seven-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br>• Page 1: Confidential Cover Sheet;<br>• Pages 2-23: various IRS Forms for Ernie Banks International, Inc. for 2010;<br>Page 24: A document purporting to a pay statement dated June 30, 2012 for check 10455 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000 (the version of this paycheck stub listed Plaintiff's correct address, and not the erroneous "Marina Del Ray, Il" address that her original submission contained);<br>• Page 25: A document purporting to a pay statement dated July 31, 2012 for check 10520 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of | **256.** Undisputed. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| $10,000;<br><br>• Page 26: A document purporting to a pay statement dated August 31, 2012 for check 10624 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of<br><br>$10,000; and<br>Page 27: A document purporting to a pay statement dated September 28, 2012 for check 10765 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 129:25-131:3);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 404-407 (Banks Depo. Ex. 37);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p. 24 (RFA No. 153)<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p. 8 (RFA Response No. 153). | |
| **257.**   By letter dated, November 16, 2012, Plaintiff submitted various pages of her personal Wells Fargo checking account for the months of June, July, August, and September 2012 to JPMC at its document fulfillment center in Glendale, CO. | **257. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39). | |
| **258.**    With regards to Plaintiff's June 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br><br>• Plaintiff redacted the account number, balance, overage protection; interest earned portions;<br><br>• Plaintiff only submitted pages 4, 5, and 6 of the 9-page statement;<br><br>• Plaintiff deposited a total of $7,852.01 into her personal checking account for that month; $6,000 of which came directly from an Associated Bank, N.A. account in the name of Ernie Banks, Sr.;<br><br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15; 161:13-23; 174:11- 175:12); | **258. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39). | |
| **259.** With regards to Plaintiff's July 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012: <br>• Plaintiff redacted the account number, balance, overage protection; interest earned portions; <br>• Plaintiff only submitted pages 4, 5, and 6 of the 9-page statement; <br>• Plaintiff deposited a total of $14,700.67 into her personal checking account for that month; $9,500 of which came directly from an Associated Bank, N.A. account in the name of Ernie Banks, Sr. and $5,000 of which came from an undisclosed source; and <br> None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC. <br><br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15); | **259. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421 (Banks Depo. Ex. 39). | |
| **260.** With regards to Plaintiff's August 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br>• Plaintiff redacted the account number, balance, overage protection; interest earned portions;<br>• Plaintiff only submitted pages 4, 5, and 6 of the 10-page statement;<br>• Plaintiff deposited a total of $6,866.06 into her personal checking account for that month; $2,000 of which came directly from an Associated Bank, N.A. account in the name of Ernie Banks, Sr. and $4,000 of which came from an undisclosed source; and<br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15); | **260. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 5 Ex. C,** pp. 410-421<br><br>   (Banks Depo. Ex. 39). | |
| **261.**      With regards to Plaintiff's September 2012 Wells Fargo checking account statement that Plaintiff submitted on November 16, 2012:<br><br>• Plaintiff redacted the account number, balance, overage protection; interest earned portions;<br><br>• Plaintiff only submitted pages 4, 5, and 6 of the 9-page statement;<br><br>• Plaintiff deposited a total of $23,995.34 into her personal checking account for that month;<br><br>   $23,000 of which came from an undisclosed source; and<br>   None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 137:17-138:7, 16- 18; 139:6-15);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C,**<br>   pp.410-421 (Banks Depo. Ex. 39). | **262. Undisputed.** |
| **262.**    Following receipt of the Wells Fargo bank statements that Plaintiff submitted on | **262. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| November 16, 2012, JPMC informed Plaintiff that none of the statements supported receipt of income from Galaxy Gaming, Il., LLC.  JPMC therefore requested that Plaintiff obtain and submit copies of cancelled checks from Galaxy Gaming, Il., LLC for check numbers 10455, 10520, 10624, and 10765. JPMC further requested unredacted personal bank statements supporting receipt of regular income from Galaxy Gaming, Il, LLC.  **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 131:15-18, 132:1- 3, 133:15-135:8, 161:13-23); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 15 (RFA Nos. 31, 85); **Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4, 6 (RFA Responses No. 31, 85). | |
| **263.**    In a telephone conversation on December 4, 2012, JPMC informed Plaintiff that it could not waive the requirement for copies of cancelled check nos. 10455, 10520, 10624, and 10765 from Galaxy Gaming, Il, LLC and two consecutive months of Plaintiff's | **263. Disputed**.  This relies on the phone conversation of which we do not have the discovery to determine what was all said due to the internal lingo/jargon |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| corresponding personal bank statements evincing receipt of income from Galaxy Gaming, Il, LLC.  JPMC further notified Plaintiff that the Wells Fargo personal bank statements that she submitted on November 16, 2012 could not be relied upon because portions of those statements were redacted.<br><br>**Grageda Decl. Ex. B** (JPMC-Banks_002395);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 15 (RFA Nos. 31, 85);<br>**Quattrocchi Decl. ¶ 21 Ex. S,** pp. 4, 6 (RFA Responses No. 31, 85). | |
| **264.**   Plaintiff claims that she would be held in negative regard by Galaxy Gaming, Il., LLC if she requested copies of her cancelled paychecks therefrom.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 134:2-19);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11 (RFA Nos. 34-35, 56-58);<br>**Quattrocchi Decl. ¶ 21 Ex. S,** pp. | **264. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **265.**     Plaintiff claims that she would have given Galaxy Gaming, Il, LLC cause to doubt her competency as an independent contractor if she had requested copies of her cancelled paychecks.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 134:2-19); **Quattrocchi Decl. ¶ 20 Ex. R,** pp. 8, 11 (RFA Nos. 34-35, 56-58); **Quattrocchi Decl. ¶ 21 Ex. S**, pp. 4-5, (RFA Responses Nos. 34-35, 56-58). | **265. Undisputed.** |
| **266.**     Other than person feelings, Banks has no other basis on which to confirm her concerns related to requesting copies of her cancelled paychecks from Galaxy Gaming, Il, LLC.<br><br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 134:17-19). | **266. Undisputed.** |
| **267.**     Plaintiff claims that she held this belief even though she had previously requested a letter of reference from Galaxy Gaming, Il., LLC in support of the May 2014 Application. | **267. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 135:2-12). | |
| **268.**    Plaintiff has informed JPMC that she does not deposit her monthly checks from Galaxy Gaming, Il, LLC into her personal bank account but instead uses a "check cashing place" because she owes "money to people who want their money right away." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 146:6-11). | **268. Undisputed.** |
| **269.**    Plaintiff does not have any documentation supporting her claim that she makes cash payments to individuals she owes "money to people who want their money right away." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 147:22-24). | **269. Undisputed** |
| **270.**    Plaintiff claims that she uses a check cashing service located near the Property in Marina Del Rey, CA but does not know of the name of the service, does not know the last | **270. Undisputed.** |

- 142 -
PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| time she used such service, and does not keep any records of her transactions therewith.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 145:10-146:5). | |
| **271.**   On December 5, 2012, Plaintiff submitted a fifteen-page facsimile to JPMC from the telephone number of 310-306-0490, constituting:<br><br>• Page 1: Confidential Cover Sheet;<br><br>• Pages 2 – 13: Unredacted versions of Plaintiff's personal Wells Fargo checking account statements that she had previously submitted to JPMC on November 16, 2012 for the months of June, July, August, and September 2012; and<br><br>• Pages 14 – 15: pages 4 and 5 of the 7-page October 2012 statement for Plaintiff's personal Wells Fargo checking account.<br><br>**Grageda Decl. Ex. A** (JPMC- Banks_001244-001258). | **271. Undisputed.** |
| **272.**   With regards to Plaintiff's October 2012 Wells Fargo personal checking account statement that Plaintiff | **272. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| submitted to JPMC on December 5, 2012:<br>• Plaintiff deposited a total of $4,127.00 into her personal checking account for that month; $3,500.00 of which came from an undisclosed source; and<br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br>**Grageda Decl. Ex. A** (JPMC- Banks_001256-001257). | |
| **273.**  On December 11, 2012, Plaintiff submitted a five-page facsimile to JPMC in support of the May 2012 Application from the telephone number of 310-306-0490, constituting:<br>• Page 1: Confidential Cover Sheet;<br>• Pages 2-3: two pages of Plaintiff's seven-page October 2012 personal Wells Fargo checking account statement that she previously submitted to JPMC on December 5, 2012; and<br>• Pages 4 – 5: two pages of Plaintiff's seven-page November 2012 | **273. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| personal Wells Fargo checking account statement<br><br>**Grageda Decl. Ex. A** (JPMC-Banks_001259-001263). | |
| **274.** With regards to Plaintiff's November 2012 Wells Fargo personal checking account statement that Plaintiff submitted to JPMC on December 11, 2012:<br><br>• Plaintiff deposited a total of $14,500.01 into her personal checking account for that month; $12,500.00 of which came from an undisclosed source; and<br><br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br><br>**Grageda Decl. Ex. A** (JPMC-Banks_001259-001260). | **274. Undisputed.** |
| **275.** By letter dated December 18, 2012, and sent to the Washington Blvd. Address, JPMC informed Plaintiff that she was ineligible for a modification "under HAMP or under any other | **275. Undisputed.** |

- 145 -
PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| modification programs," because she "did not provide all of the documents."<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 164:19-165:4);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 424-427 (Banks Depo. Ex. 41);<br><br>**Quattrocchi Decl. ¶ 6 Ex. D**, p. 524 (First Amended Complaint p. 7:6);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p. 9 (RFA Nos. 40-44);<br><br>**Quattrocchi Decl. ¶ 21 Ex. S,** p. 4, (RFA Responses Nos. 40-44). | |
| 276.    By facsimile dated April 1, 2013, Plaintiff submitted documents in support of a self-prepared application to modify the terms of the Note (the "April 2013 Application").<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 170:5-12); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | **276. Undisputed.** |
| 277.    The April 1, 2013 facsimile consisted of twenty pages in support of the April 2013 Application: | **277. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Page 1: Fax Cover Sheet; Pages 2 – 9: RMA pp. 1-5; 7-9 (Plaintiff did not include page 6 of the RMA rendering her submission incomplete);<br><br>• Page 10: IRS Form 4506T-EZ;<br><br>• Page 11: IRS Form 4868 Application for automatic Extension of Time to File Individual Tax Return for 2011;<br><br>• Page 12: A document purporting to a pay statement dated December 31, 2012 for check 11025 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>• Page 13: A document purporting to a pay statement dated January 31, 2013 for check 11185 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>Page 14: The first page of a two-page document dated March 18, 2013 purporting to be a Customer Money Transfer receipt of a wire transfer from Galaxy Gaming, Il, | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| LLC to Plaintiff in the amount of $10,000 (the second page was not included with this submission); and<br><br>Pages 15 – 20:  The first six pages of Plaintiff's nine-page Wells Fargo personal checking account statement for February 2013.<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | |
| 278.     At page 3 of the RMA that Plaintiff submitted to JPMC on April 1, 2013, Plaintiff stated that her employment start date with Galaxy Gaming, Il, LLC was June 2012. This was in direct contradiction to the documents that Plaintiff submitted in support of her May 2012 Application in which Plaintiff stated that her start date with Galaxy Gaming, Il., LLC was January 2012.<br><br> Banks Depo. 170:19-171:11; **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 364 (Banks Depo. Ex. 25); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | **278. Disputed**.<br><br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo.PP 171:8-11) Banks states the information she put on the application (started working with Galaxy in June 2012) was a mistake.   This relies on the phone conversation of which we do not have the discovery to determine what was all said due to the internal lingo/jargon |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **279.**     At page 4 of the RMA that Plaintiff submitted to JPMC on April 1, 2013, Plaintiff did not disclose any household assets as required. **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 437-457 (Banks Depo. Ex. 47). | **279. Undisputed.** |
| **280.**     With regards to Plaintiff's February 2013 Wells Fargo personal checking account statement that Plaintiff submitted to JPMC on April 1, 2013:<br>• Plaintiff deposited a total of $4,475.63 into her personal checking account for that month; all of which came from undisclosed sources; and<br>None of Plaintiff's deposits reflected receipt of $10,000 from Galaxy Gaming, Il, LLC.<br>**Quattrocchi Decl. ¶ 4 Ex. B, pp**.__ (Banks Depo. Ex. 25); **Quattrocchi Decl. ¶ 5 Ex. C, pp**. 437-457 (Banks Depo. Ex. 47). | **280. Undisputed.** |
| **281.**     In an December 11, 2012 telephone conversation, JPMC | **281. Disputed**. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| informed Plaintiff that her April 1, 2013 documents were received, however JPMC was in need of:<br>• A completed RMA; and<br>• Updated pay stubs – as the only ones received were for December 2012 and January 2013.<br>•<br>**Grageda Decl. Ex. B**, (JPMC- Banks_002393-94). | This relies on the phone conversation of which we do not have the discovery to determine what was all said due to the internal lingo/jargon |
| 282.     On April 3, 2013, Plaintiff submitted a twenty-two-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-822-8652,<br><br>constituting:<br><br>- Page 1: Fax Cover Sheet;<br><br>- Pages 2 – 10: RMA pp. 1-9;<br><br>- Page 11: IRS Form 4506T-EZ;<br><br>- Page 12: IRS Form 4868 Application for Automatic Extension of Time to File Individual Income Tax Return for 2011;<br><br>- Page 13: A document purporting | **282. Undisputed.** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| to a pay statement dated January 31, 2013 for check 11185 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>- Page 14: A document purporting to a pay statement dated February 28, 2013 for check 12001 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>- Page 15: A document purporting to a pay statement dated March 18, 2013 for a purported wire transfer from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;<br><br>- Page 16: The first page of a two-page document dated March 18, 2013 purporting to be a Customer Money Transfer receipt of a wire | |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| transfer from Galaxy Gaming, Il, LLC to Plaintiff in the amount of $10,000 (the second page was not included with this submission); and<br><br>- Pages 17 - 22: The first six pages of Plaintiff's nine-page Wells Fargo personal checking account statement for February 2013 which are identical to the documents that Plaintiff submitted to JPMC on April 1, 2013.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 171:20-172:3);<br><br>**Quattrocchi Decl. ¶ 5 Ex. C**, pp. 458-459 (Banks Depo. Ex. 48), *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001487-1508). | |
| **283.** At page 3 of the RMA that Plaintiff submitted to JPMC on April 3, 2013, Plaintiff stated that her | 283. Disputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| employment start date with Galaxy Gaming, Il, LLC was June 2012. This was in direct contradiction to the documents that Plaintiff submitted in support of her May 2012 Application in which Plaintiff stated that her start date with Galaxy Gaming , Il., LLC was January 2012<br><br>**Grageda Decl. Ex. A** (JPMCBanks_ 001495). | Quattrocchi Decl. ¶ 3 Ex. A (Banks Depo.PP 171:8-11) Banks states the information she put on the application (started working with Galaxy in June 2012) was a mistake. This relies on the phone conversation of which we do not have the discovery to determine what was all said due to the internal lingo/jargon |
| **284.** At page 4 of the RMA that Plaintiff submitted to JPMC on April 3, 2013, Plaintiff did not disclose any household assets as required.<br> **Grageda Decl. Ex. A** (JPMCBanks_ 001496). | 284. Undisputed |
| **285.** On April 10, 2013, Plaintiff submitted a twenty-eight-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-822-8652, constituting:<br>- Page 1: Fax Cover Sheet;<br>- Pages 2 – 10: RMA pp. 1-9;<br>- Page 11: IRS Form 4506T-EZ;<br>- Page 12: IRS Form 4868 Application for Automatic | 285. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| Extension of Time to File Individual Income Tax Return for 2011; | |

- Page 13: A document purporting to a pay statement dated February 28, 2013 for check 12001 from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;

- Page 14: A document purporting to be a pay statement dated March 18, 2013 for a purported wire transfer from Galaxy Gaming, Il, LLC to Elizabeth Banks in the amount of $10,000;

- Page 15: The first page of a twopage document dated March 18, 2013 purporting to be a Customer Money Transfer receipt of a wire transfer from Galaxy Gaming, Il, LLC to Plaintiff in the amount of $10,000 (the second page was not included with this submission); and

- Pages 16 - 21: The first six pages of Plaintiff's nine-page Wells Fargo personal checking account statement for February 2013 which are identical to the

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| documents that Plaintiff submitted to JPMC on April 1, 2013 and April 3, 2013; -Pages 22 – 28: All seven pages of Plaintiff's seven-page Wells Fargo personal checking account statement for March 2013. | |
| **286.** The March 2013 Wells Fargo statement purports to reflect receipt of a $10,000 wire-transfer on March 18, 2013 allegedly from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 173:2:12); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 460-467 (Banks Depo. Ex. 49), *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001527). | 286. Undisputed |
| **287.** None of the pre-March 2013 Wells Fargo statements that Plaintiff submitted to JPMC reflected any deposit of funds specifically from Galaxy Gaming, Il, LLC. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 174:11-176:7); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 410-421, 460-467 (Banks Depo. Exs. 39, 49); | 287. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| *see also* **Grageda Decl. Ex. A** (JPMC-Banks_001226-1237, 001244-001263, 001487-001492). | |
| **288.** At page 3 of the RMA that Plaintiff submitted to JPMC on April 10, 2013, Plaintiff stated that her employment start date with Galaxy Gaming, Il, LLC was June 2012. This was in direct contradiction to the documents that Plaintiff submitted in support of her May 2012 Application in which Plaintiff stated that her start date with Galaxy Gaming, Il., LLC was January 2012. | **288.** Disputed Quattrocchi Decl. ¶ 3 Ex. A (Banks Depo.PP 171:8-11) Banks states the information she put on the application (started working with Galaxy in June 2012) was a mistake.   This relies on the phone conversation of which we do not have the discovery to determine what was all said due to the internal lingo/jargon |
| **289.** At page 4 of the RMA that Plaintiff submitted to JPMC on April 10, 2013, Plaintiff did not disclose any household assets as required. **Grageda Decl. Ex. A** (JPMCBanks_ 001512). | **289.** Undisputed Plaintiff requests the production of documents already requested, but denied to decipher internal lingo/jargon used by employees when entering results of conversations with borrowers |
| **290.** On April 11, 2013, Plaintiff submitted a three-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting: <br> - Page 1: Fax Cover Sheet; | **290.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| - Page 2: IRS Form 4506T-EZ Short Form Request for Individual Tax Return Transcript; and <br> -Page 3: Dodd-Frank Certification**Grageda Decl. Ex. A** (JPMCBanks_ 001537-1539). | |
| **291.** In an April 15, 2013 telephone conversation, JPMC confirmed to Plaintiff that the documents she submitted on April 1, 2013. **Grageda Decl. Ex. B**, (JPMCBanks_ 002376-002377) | **291.** Disputed <br> Question cannot be answered as stated |
| **292.** In an April 17, 2013 telephone conversation, JPMC requested that Plaintiff provide a letter of explanation as to why she had not file a 2011 federal income tax return. **Grageda Decl. Ex. B**, (JPMCBanks_002375) | **292.** Undisputed |
| **293.** On April 17, 2013, Plaintiff submitted a three-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting: <br> -Page 1: Fax Cover Sheet; <br> -Page 2: IRS Form 4506T-EZ Short Form Request for | **293.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Individual Tax Return Transcript; and -Page 3: A handwritten letter of purported explanation regarding Plaintiff's failure to file a federal income tax return for 2011. **Grageda Decl. Ex. A** (JPMCBanks_ 001549-1551). | |
| **294.** On May 7, 2013, Plaintiff submitted via facsimile from telephone number of 310-306-0490, constituting: ☐ The same seven-page Wells Fargo checking account statementfor March 2013 that Plaintiff submitted on April 10, 2013; ☐ All seven pages of Plaintiff's seven-page Wells Fargo personal checking account statement for April 2013. **Quattrocchi Decl. ¶ 21 Ex. S,** p. 5, (RFA Response No. 52). | **294.** Undisputed |
| **295.** On May 22, 2013, Plaintiff submitted a two-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting: | **295.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| ☐ Page 1: Fax Cover Sheet; and<br><br>☐ Page 2: Plaintiff's purported billing statement from the Los Angeles Department of Water and Power dated May 20, 2013. **Grageda Decl. Ex. A** (JPMCBanks_ 001573-1574). | |
| **296.** On June 18, 2013, Plaintiff submitted a two-page facsimile to JPMC in support of the April 2013 Application from the telephone number of 310-306-0490, constituting:<br><br>☐ Page 1: Fax Cover Sheet; and<br><br>☐ Page 2: Plaintiff's purportedbilling statement from the DirecTv dated June 4, 2013 **Grageda Decl. Ex. A** (JPMCBanks_ 001577-1578). | **296.** Undisputed |
| **297.** By letter dated July 11, 2013, JPMC informed Plaintiff that after two reviews, she was ineligible for a modification "under HAMP or under any other modification programs," because she "did not provide all of the documents."<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 182:19-183:6);<br>**Quattrocchi Decl. ¶ 5 Ex. C,** pp. 491-493 (Banks Depo. Ex. 58). | **297.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **298.** Plaintiff executed the Note in the amount of $1,000,000 on March 17, 2003.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 31:3-33:17);<br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 234-240 (Banks Depo. Ex. 5). | **298.** Undisputed |
| **299.** The Note was subject to a sixmonth adjustable interest rate and provided for the addition of charges, penalties, and default fees in the event that Plaintiff failed to remit regular monthly payments.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 31:8-14; 32:5-33:17);<br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 227, 230-231 (Banks Depo. Ex. 5 p. 3 ¶¶ 6 and 7). | **299.** Undisputed |
| **300.** As security for the Note, Plaintiff concurrently executed a Deed of Trust that encumbered real property located at 1008 Harbor Crossing Lane, Marina Del Rey, CA 90292.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 36:18-37:10);<br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 241-265 (Banks Depo. Ex. 6): | **300.** Undisputed |
| **301.** The Deed of Trust permits the Note's beneficiary or any of its agents and assigns to sell the Property to the highest bidder at a public foreclosure auction in the event of Plaintiff's default under the Note's repayment terms. | **301.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 38:1-23); **Quattrocchi Decl. ¶ 4 Ex. B,** pp. 241-265 (Banks Depo. Ex. 6). | |
| **302**. The Deed of Trust does not designate a minimum price for which the Property must be sold at public auction and Plaintiff did not have any agreement with the beneficiary, its agents or assigns that set a minimum sale price for the Property should it be sold at a public foreclosure auction.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 37:19-38:23); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 241-265 (Banks Depo. Ex. 6). | **302**.Undisputed |
| **303.** Plaintiff understood the terms of the Deed of Trust when she executed it on March 17, 2003.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 37:1-10). | **303.** Undisputed |
| **304.** In November of 2011, Plaintiff defaulted under the terms of the Note.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 41:21-42:13). | **304.** Undisputed |
| **305.** Between November 2011 and June 2014, Plaintiff did not cure her arrearages and did not remit any regular monthly loan payments.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 50:11-51:10; 166:12-23); | **305.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **Quattrocchi Decl. ¶ 20 Ex. R**, p.6, 19 (RFA Nos. 20, 111-112) **Quattrocchi Decl. ¶ 21 Ex. S**, pp. 3, 7 (RFA Responses Nos. 20, 111-112). | |
| **306.** Plaintiff has not entered into any agreement with the Property's current owner to purchase the Property.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 27:6-20). | **306.** Undisputed |
| **307.** On July 10, 2012, the firm of Barrett Daffin Frappier, Teder & Weiss as agent for the beneficiary of Plaintiff's Note and Deed of Trust, publically recorded the "Notice of Default and Election to Sell Under Deed of Trust" in Los Angeles County which stated that Plaintiff was $42,530.04 in arrears under the Note as of July 6, 2012.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 45:24-46:14); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 272-276 (Banks Depo. Ex. 10); **Quattrocchi Decl. ¶ 10 Ex. H**. | **307.** Undisputed |
| **308.** On May 20, 2014 the trustee under the Deed of Trust recorded a Notice of Trustee's Sale which set the Property's foreclosure sale date to June 12, 2014.<br><br>**Quattrocchi Decl. ¶ 16 Ex. N**. | **308.** Undisputed |
| **309.** By letters dated May 20, 2014, and May 21, 2014, Plaintiff's SPOC informed Plaintiff that the | **309.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| foreclosure sale was scheduled for June 12, 2014.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 212:3-213:7;<br>**Quattrocchi Decl. ¶ 5 Ex. C** pp. 520-521, 522-523 (Banks Depo. Exs. 82-83);<br>**Quattrocchi Decl. ¶ 20 Ex. R**, p. 28 (RFA No. 186);<br>**Quattrocchi Decl. ¶ 21 Ex. S**, p. 9 (RFA Response No. 186). | |
| **310.** On June 12, 2014, the Property sold at a public auction to Angel Yang Investments, Inc. for $1,550,100.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 52:4-23, 53:3-7);<br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 277-279 (Banks Depo. Ex. 11). | **310**. Undisputed |
| **311.** JPMC sold the Property at a time when it believed it could obtain the best possible sales price.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 71:12-72:12);<br>**Quattrocchi Decl. ¶ 4 Ex. B**, p. 212 (Banks Depo. Ex. 2 p. 21:11-13);<br>**Quattrocchi Decl. ¶ 6 Ex. D**, pp. 544 (First Amended Complaint p. 21:11-13). | **311**.  Undisputed |
| **312.** Plaintiff did not attend the foreclosure auction and does not know if the Property sold to the highest bidder.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** | **312**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| (Banks Depo. pp. 52:17-53:13). | |
| **313.** According to the June 20, 2014 Trustee's Deed Upon Sale that was recorded in Los Angeles County on June 24, 2014, the amount of the unpaid debt together with costs that were due under the Note at the time of the foreclosure sale was $982,542.50. **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 277-279 (Banks Depo. Ex. 11). | **313**. Undisputed |
| **314.** The Property sold for more than what Plaintiff owed under the Note.  **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 54:12-16). | **314**. Undisputed |
| **315.** Plaintiff claims that it is her opinion the Property should have sold at auction for between $2.3 and $2.5 million. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 65 | **315**. Undisputed |
| **316.** Plaintiff did not have any independent third-party appraisal performed on the Property around the time of the foreclosure sale. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 66:3-6, 70:24-71:11); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 19 (RFA No. 107); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 7 (RFA Response No. 107). | **316**. Undisputed |
| **317.** Plaintiff has based her opinion of the Property's value on her personal discussions with a real estate agent in the Marina Del Rey area. | **317**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 65:19-66:2, 70:24-71:11). | |
| **318.** Plaintiff has further based her opinion of the Property's value on the final sales prices of newer properties located in an entirely different city from where the Property is located. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 67:17-68:22), 70:24-71:11; **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 296-310 (Banks Depo. Ex. 13A). | **318.** Undisputed |
| **319.** Plaintiff does not have any documentation aside from a real estate agent's comparables to report to support her assertion that she lost $1 million in equity as a result of the Property's sale at the foreclosure auction for $1,550,100. **319. Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 72:24-73:5). | **319.** Disputed  Summerford Depo. pp. 74 |
| **320.** The real estate agent's comparables report states, "Broker/Agent does not guarantee the accuracy of the square footage, lot size or other information concerning the conditions or features of the property provided by the seller or obtained from Public Records... Buyer is advised to independently verify the accuracy of all information through personal inspection and with appropriate professionals. Information is deemed reliable but not guaranteed." **Quattrocchi Decl. ¶ 3 Ex. A** | **320.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| (Banks Depo. pp. 70:7-23, 71:6-11); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 296-310 (Banks Depo. Ex. 13A). | |
| **321.** Since the June 12, 2014 foreclosure sale, JPMC has not sought to collect any additional amounts from Plaintiff and Plaintiff has not remitted any additional amounts to JPMC over and above the loan's unpaid balance. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 54:17-55:3). | **321**. Undisputed |
| **322.** In December 2014, Plaintiff received all excess funds realized on the Property's sale to which she was entitled. The amount that Plaintiff received was approximately $468,000. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 55:5-20). | **322**. Undisputed |
| **323.** As of November 27, 2011, Plaintiff's FICO score was 508 and her personal credit report listed "serious delinquencies" on at least two revolving credit lines, which Plaintiff attributes to a loss of income. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 79:21-81:6); **Quattrocchi Decl. ¶ 4 Ex. B**, pp.313-315 (Banks Depo. Ex. 15); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 28 (RFA No. 193); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 10 (RFA Response No. 193). | **323**. Undisputed |
| **324.** As of May 25, 2012, Plaintiff's FICO score was 529 and her personal credit report listed "serious | **324**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| delinquencies." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 83:4-11); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 323-327 (Banks Depo. Ex. 17); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 29 (RFA No. 194); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 10 (RFA Response No. 194). | |
| **325.** On May 30, 2012, Plaintiff's personal FICO scores were as follows: ☐ Experian: 579; ☐ Equifax: 539; and ☐ TransUnion: 529. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 82:5-22); **Quattrocchi Decl. ¶ 4 Ex. B**, pp.317-322 (Banks Depo. Ex. 16). | **325.** Undisputed |
| **326.** On January 16, 2013, Plaintiff's FICO score was 526 and her personal credit report listed "serious delinquencies" on at least two revolving credit lines. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 83:13-84:5); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 328-332 (Banks Depo. Ex. 18); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 29 (RFA No. 195); **Quattrocchi Decl. ¶ 21 Ex. S**, p. 10 (RFA Response No. 195). | **326.** Undisputed |
| **327.** On April 3, 2013, Plaintiff's personal FICO scores were as follows: ☐ Experian: 634; ☐ Equifax: 585; and ☐ TransUnion: 518. **327. Quattrocchi Decl. ¶ 3 Ex. A** | **327.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (Banks Depo. pp. 84:11-25; **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 333-340 (Banks Depo. Ex. 19). | |
| **328.** Plaintiff did not obtain any personal consumer credit reports at the time of the foreclosure auction and is unaware of what her own FICO score was at that time. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 90:12-17). | **328.** Undisputed |
| **329.** Plaintiff's personal consumer credit report dated June 15, 2015 from Experian states that Plaintiff was delinquent on personal credit accounts as follows:<br>☐ Wells Fargo Home Equity Loan account – 180 days as of December 2013,<br>☐ SYNCB/Care Credit – 150 days as of February 2012; and<br>☐ Chase Card account – 150 days as of August 2011.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 85:14-21); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 341-354 (Banks Depo. Ex. 20). | **329.** Undisputed |
| **330.** Plaintiff has not retained copies of any personal credit reports that she may have obtained between the date of the foreclosure sale and the date of her most recent Experian Report. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 90:19-91:5). | **330.** Undisputed |
| **331.** Since the June 12, 2014 foreclosure sale, Plaintiff applied and was approved by Ford Motor Credit for a car loan in the amount of | **331.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| $43,000<br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 86:22-88:4);<br>**Quattrocchi Decl. ¶ 4 Ex. B**,<br>pp.341-354 (Banks Depo. Ex. 20 p. 7). | |
| **332.** Plaintiff claims that since the June 12, 2014 foreclosure sale, she has been unable to secure new credit on only one occasion.<br>**Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 79:6-12). | **332**.  Undisputed |
| **333.** Plaintiff claims that following the June 12, 2014 foreclosure sale, Mercedes-Benz Financial Services denied her application for new credit on a new car lease.<br> **Quattrocchi Decl. ¶ 3 Ex. A**<br>(Banks Depo. pp. 36:2-13, 79:6-12, 87:17-21). | **333**. Undisputed |
| **334.**    Plaintiff claims that as a result of Mercedes-Benz Financial Services's denial of her application for new credit, she had to settle for a Ford.<br>**Quattrocchi Decl. ¶ 3 Ex. A**<br> (Banks Depo. pp. 89:24-90:8). | **334. Disputed**;  Plaintiff testimony was that Mercedes turned her down for credit and she then had to turn to Ford (Motor Credit) for financing.<br> **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. PP 90: 4-11) |
| **335.**    Plaintiff claims that Mercedes- Benz Financial Services "turned me down, sir.  Other than that, you wouldn't see Ford listed on here.  Why would I go to Ford?  All those years I was | **335**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| with Mercedes, why would I have to go to Ford.  That is ridiculous.  That's the way I felt."<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 89:24-90:8). | |
| **336.**    In May 2014, Mercedes-Benz Financial Services extended Plaintiff additional credit and further extended her then current lease term by three months.<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 88:6-89:23); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 341-354 - (Banks Depo. Ex. 20 p. 9). | **336**. Undisputed |
| **337.**    Plaintiff executed the Note on March 17, 2003 that was secured by a Deed of Trust encumbering real property located at 1008 Harbor Crossing Lane, Marina Del Rey, CA 90292 (the "Property").<br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 31:3-33:17); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 234-265 (Banks Depo. Exs. 5-6). | **337**. Undisputed |
| **338.**    The Note was subject to a six- month adjustable interest rate and provided for the | **338**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| addition of charges, penalties, and default fees in the event that Plaintiff failed to remit regular monthly payments.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 31:8-14; 32:5- 33:17); **Quattrocchi Decl. ¶ 4 Ex. B**, pp.234-240 (Banks Depo. Ex. 5 p. 3 ¶¶ 6 and 7). | |
| **339.** Plaintiff understood the terms of the Note at the time she executed it<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 32:17-33:9). | **339.** Undisputed |
| **340.** The subject mortgage loan was not the first for which Plaintiff has ever applied.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 33:18-34:5). | **340.** Undisputed |
| **341.** Between 2011 and 2014, JPMC was the servicer of Plaintiff's mortgage loan.<br><br>**Quattrocchi Decl. ¶ 20 Ex. R, p. 5** (RFA No. 11); **Quattrocchi Decl. ¶ 21 Ex. S, p.** 3 (RFA Response No. 11). | **341.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **342.** In November of 2011, Plaintiff defaulted under the terms of the Note.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 41:21-42:13). | **342**. Undisputed |
| **343.** Between November 2011 and June 2014, Plaintiff did not cure her arrearages and did not remit any regular monthly loan payments.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 50:11-51:10; 166:12-23);<br>**Quattrocchi Decl. ¶ 20 Ex. R**, p.6, 19 (RFA Nos. 20, 111-112)<br>**Quattrocchi Decl. ¶ 21 Ex. S**, pp. 3, 7 (RFA Responses Nos. 20, 111-112). | **343**. Undisputed |
| **344.** At no time between November 2011 and June 2014 did Plaintiff personally have the financial resources to cure her arrearages.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 50:11-51:10, 166:12-23). | **344**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **345.**　　Plaintiff did not vacate the Property following the foreclosure sale.<br><br>　**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. p. 27:22-28:1); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 225 (Banks Depo. Ex. 4 p. 1:26-28); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 19 (RFA No. 110); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 7 (RFA Response No. 110). | **345**. Undisputed |
| **346.**　　Plaintiff has been – and continues to reside on the Property since the June 12, 2014 foreclosure auction.<br><br>　**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. p. 27:22-28:1); **Quattrocchi Decl. ¶ 4 Ex. B**, p. 225 (Banks Depo. Ex. 4 p. 1:26-28); **Quattrocchi Decl. ¶ 20 Ex. R,** p. 19 (RFA No. 110); **Quattrocchi Decl. ¶ 21 Ex. S,** p. 7 (RFA Response No. 110). | **346**. Undisputed |
| **347.**　　Shortly after the June 12, 2014 foreclosure auction, Plaintiff began making monthly rent payments in the amount of $10,000 to the Property's current owner. | **347**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A**<br><br>(Banks Depo. pp. 26:6-27:4). | |
| **348.** On November 26, 2011, JPMC offered Plaintiff a repayment plan through which she could cure her arrearages and avoid foreclosure.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 76:2-14, 77:1-7, 78:1-17);<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 311-312 (Banks Depo. Ex. 14);<br><br>**Quattrocchi Decl. ¶ 20 Ex. R**, p.6 (RFA No. 15)<br><br>**Quattrocchi Decl. ¶ 21 Ex. S**, p. 3 (RFA Response No. 15);<br><br>*see also* **Grageda Decl. Ex. A** (JPMC-Banks_002907-002915). | **348**. Undisputed |
| **349.** Plaintiff rejected JPMC's November 26, 2011 repayment plan offer.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 78:1-17). | **349**. Undisputed |
| **350.** As of January 31, 2012, Plaintiff's arrearages totaled $13,137.33. | **350**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 42:19-43:1); **Quattrocchi Decl. ¶ 4 Ex. B**, pp. 266-271 (Banks Depo. Ex. 8); **Quattrocchi Decl. ¶ 20 Ex. R**, p. 23 (RFA No. 146) **Quattrocchi Decl. ¶ 21 Ex. S**, p. 7 (RFA Response No. 146). | |
| 351.    Plaintiff as the sole borrower did not have the financial resources available to cure this default. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 43:2-3, 22-24; 44:4-7, 10-17). | 351. Undisputed; as to the January 31,  2012 |
| | |
| 352.    As of May 24, 2012, Plaintiff was aware that the unpaid principal balance of her loan exceeded $729,750. **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 112:25-113:2). | 352. Undisputed |
| 353.    On July 10, 2012, the firm of Barrett Daffin Frappier, Teder & Weiss as agent for the beneficiary of Plaintiff's Note and Deed of Trust, publically recorded the "Notice of Default and Election to Sell Under Deed of | 353. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| Trust" in Los Angeles County which stated that Plaintiff was $42,530.04 in arrears under the Note as of July 6, 2012.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 45:24-46:14);<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp.272-276 (Banks Depo. Ex. 10); **Quattrocchi Decl. ¶ 10 Ex. H.** | |
| **354.**   The Notice of Default stated that if Plaintiff failed to cure her arrearages within 90 days, the beneficiary under the deed of trust may elect to liquidate the Property at a public foreclosure auction.<br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp.272-276 (Banks Depo. Ex. 10). | **354**. Undisputed |
| **355.**   Plaintiff neither cured the $42,530.04 in arrearages under the Note nor had the financial ability to do so.<br><br>**Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 46:15-25). | **355**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **356.**      On June 8, 2012, JPMC recorded a Corporate Assignment of Deed of Trust in which it granted the beneficial interest in Plaintiff's Deed of Trust to U.S. Bank National Association, as trustee successor in interest to State Street Bank Trust as trustee for Washington Mutual MSC Mortgage Pass-Through Certificates Series 2003-AR3. **Quattrocchi Decl. ¶ 9 Ex. G**, pp. 589. | **356**. Undisputed |
| **357.**      On October 18, 2012, the trustee under the Deed of Trust recorded a Notice of Trustee's Sale which set the foreclosure sale date to November 8, 2012. **Quattrocchi Decl. ¶ 11 Ex. I**, pp. 596-597. | **357**. Undisputed |
| **358.**   The October 18, 2012 Notice of Trustee's Sale stated that Plaintiff's total indebtedness under the Note as of that date was $878,442.12. **Quattrocchi Decl. ¶ 11 Ex. I**, pp. 596-597. | **358**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **359.**  Plaintiff's arrearages as of January 8, 2013 were $70,167.28.  **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 166:7-19); **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 430-432 (Banks Depo. Ex. 43). | **359**. Undisputed |
| **360.**  On March 25, 2013, the trustee under the deed of trust recorded a Notice of Trustee's Sale which set the Property's foreclosure sale date to April 15, 2013.  **Quattrocchi Decl. ¶ 12 Ex. J**, pp. 599-600. | **360**. Undisputed |
| **361**. The March 25, 2013 Notice of Trustee's Sale stated that Plaintiff's total indebtedness under the Note as of that date was $888,489.99.  **Quattrocchi Decl. ¶ 12 Ex. J**, pp. 599-600. | **361**. Undisputed |
| **362.**  On March 29, 2013, the trustee under the deed of trust recorded a Notice of Trustee's Sale which set the Property's foreclosure sale date to April 19, 2013.  **Quattrocchi Decl. ¶ 13 Ex. K**, pp. 602-603. | **362**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **363.**     The March 29, 2013 Notice of Trustee's Sale stated that Plaintiff's total indebtedness under the Note as of that date was $889,312.73. **Quattrocchi Decl. ¶ 13 Ex. K**, pp. 602-603. | **363**. Undisputed |
| **364.**     On July 29, 2013, the trustee under the Deed of Trust recorded a Notice of Trustee's Sale which set the Property's foreclosure sale date to August 21, 2013. **Quattrocchi Decl. ¶ 14 Ex. L**, pp. 604-606. | **364**. Undisputed |
| **365.**     The July 29, 2013 Notice of Trustee's Sale stated that Plaintiff's total indebtedness as of that date was $939,092.18. **Quattrocchi Decl. ¶ 14 Ex. L**, pp. 605-606. | **365**. Undisputed |
| **366.**     On December 19, 2013, the trustee under the Deed of Trust recorded a Notice of Trustee's Sale which set the Property's foreclosure sale date to January 19, 2014. **Quattrocchi Decl. ¶ 15 Ex. M**, pp. 608-609. | **366**. Undisputed |
| **367.**     The December 19, 2013 Notice of Trustee's Sale stated that Plaintiff's total | **367**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| indebtedness as of that date was $957,822.93.<br><br>**Quattrocchi Decl. ¶ 15 Ex. M**, pp. 608-609. | |
| **368.**  On May 20, 2014 the trustee under the Deed of Trust recorded a Notice of Trustee's Sale which set the Property's foreclosure sale date to June 12, 2014.<br><br>**Quattrocchi Decl. ¶ 16 Ex. N**, pp. 611-612. | **368**. Undisputed |
| **369.**  The May 20, 2014 Notice of Trustee's Sale stated that Plaintiff's total indebtedness as of that date was $981,705.22.<br><br>**Quattrocchi Decl. ¶ 16 Ex. N**, pp. 611-612. | **369**. Undisputed |
| **370.**  On or about June 5, 2014, Plaintiff received a monthly billing statement from JPMC dated June 2, 2014 that stated that the unpaid principal balance on Plaintiff's loan was $852,256.49 exclusive of default fees, foreclosure fees, accrued interest, corporate advances, and penalties. | **370**. Undisputed |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 208:7-209:3);<br><br> **Quattrocchi Decl. ¶ 5 Ex. C**, pp. 516-517 (Banks Depo. Ex. 80);<br><br>**Quattrocchi Decl. ¶ 6 Ex. D**, p. 532 (First Amended Complaint p. 9:21-10:2). | |
| **371.** According to the June 20, 2014 Trustee's Deed Upon Sale that was recorded in Los Angeles County on June 24, 2014, the amount of the unpaid debt together with costs that were due under the Note at the time of the foreclosure sale was $982,542.50.<br><br>**Quattrocchi Decl. ¶ 4 Ex. B**, pp. 277-279 (Banks Depo. Ex. 11). | **371**. Undisputed |
| **372.** On or about March 25, 2013, Plaintiff filed a Petition for Interim Attorneys Fees and Costs and Experts' Fees and Costs in divorce proceeding in the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, in *Banks v.* | **372**. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| *Banks*, case no. 12D05458) (the "Divorce Proceedings") which she stated under oath that she is "a homemaker and in unemployed…and continues to be dependent upon [Mr. Banks] for support." **Quattrocchi Decl. ¶ 8 Ex. F**, p. 566 (Sworn Statement of Elizabeth Ellzy Banks in support of Petition for Interim Attorneys Fees and Costs and Experts' Fees And Costs, filed on March 25, 2013 in the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, in *Banks v. Banks*, case no. 12D05458). | |
| **373.** On or about May 6, 2013 the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division entered an order in the Divorce Proceedings on Plaintiff's petition, in which it awarded Plaintiff $10,000. | **373**. Undisputed |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 19 Ex. Q**. (Order on Elizabeth Ellzy Banks's Petition for Interim Attorneys Fees and Costs and Experts' Fees And Costs, entered on May 6, 2013 by the Circuit Court of Cook County, Illinois, County Department – Domestic Relations Division, in *Banks v. Banks*, case no. 12D05458). | |
| 374.   Plaintiff claims that she performed brand marketing consulting services for Galaxy Gaming, Il, LLC from January 2012 to July 2014 and earned $10,000 per month therefrom.  **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 23:14-25:8, 216:1-7, 16-19, 222:). | 374. Undisputed |
| 375.    Plaintiff claims that Galaxy Gaming, Il, Inc. paid her $10,000 per month to: "do branding, research and development…of whatever they would tell me.  That is what we're doing and suggestions…maybe they're coming up with a game and they want to put it around soccer or football…I would make suggestions [regarding] athletes…provide | 375. Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| information [identifying] the top players in soccer … and are you looking to tie it into athletes or do you just want products, et cetera, tied to it I would go many different ways to find out who is the top person in that -- you can go to ask.com, you can go to Wikipedia, SportsNet, MLB -- Make suggestions to them who I felt would be appropriate for whatever brand or promotion." **Quattrocchi Decl. ¶ 3 Ex. A** (Banks Depo. pp. 98:9-15, 102:19- 24, 214:7-216:7, -221:11- 222:11). | |
| **376.** Plaintiff further claims that all of her representations in her deposition, discovery responses and in her court filings are true and correct to the best of her knowledge.<br><br>**Quattrocchi** Decl. ¶ 3 Ex. A (Banks Depo. p. 257);<br>**Quattrocchi Decl. ¶ 21 Ex. S, p.** 11 (RFA Responses); | **376.** Undisputed |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| *see also gen.*, First Amended Complaint. | |
| **377.**    By e-mail dated June 6, 2015, Plaintiff agreed to accept e-mail service e-mail service for future documents in this case. **Quattrocchi Decl. ¶ 23,** Ex. U. | **377.** Undisputed |
| **378.**    On June 23, 2015, JPMorgan Chase Bank, N.A. served Plaintiff with its Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff, Set One. by e-mail. **Quattrocchi Decl. ¶¶ 20, 24**; Exs. R, U. | **378.** Undisputed |
| **379.**    On June 24, 2015, Plaintiff confirmed receipt of JPMorgan Chase Bank, N.A.'s Interrogatories, Requests for Production of Documents, and Requests for Admissions. **Quattrocchi Decl. ¶¶ 25-26**; Exs. W, X. | **379.** Undisputed |
| **380.**    On July 30, 2015, Plaintiff served JPMC her responses to JPMorgan Chase Bank, | **380.** Undisputed |

| UNDERCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| N.A.'s Interrogatories, Requests for Production of Documents, and Requests for Admissions. **Quattrocchi Decl. ¶¶ 21, 27**; Exs. S. Y. | |
| **381.**    Plaintiff admits that she did not submit all of the requested documents in support of the May 2012 Application. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 7 (RFA No. 25). | **381**. Undisputed |
| **382.**    Plaintiff admits that denials of her loan modification applications were due to her failure to submit requested documents, including proof of regular income from Galaxy Gaming Il, LLC. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 10 (RFA No. 45). | **382. Disputed**;  Plaintiff was asked for alternative proof to her receipt of income by showing her pay was deposited into her bank account.  Plaintiff provided bank statements showing the deposit thus verifying her income.  **Quattrocchi** Decl. ¶ Ex. C PP's 472-485 |
| **383**. Plaintiff admits that she has no evidence to support her contention that in 2012, JPMC directed her to apply to modify the terms of her loan only under the HAMP program as she allege throughout her FAC. | **383. Disputed**<br>**May 29, 2012 letter** |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20**; Ex. R. p. 10 (RFA No. 46). | |
| 384.    Plaintiff admits that she has no evidence to support her contention that JPMC only reviewed the May 2012 Application for eligibility under the HAMP.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 10 (RFA No. 47). | **384. Disputed**; Plaintiff was provided a letter by JPMC advising she was being reviewed for modification under HAMP and does not indicate she was being considered under other programs.<br>**Quattrocchi Dec**l. ¶ Ex B PP 366 |
| 385.    Plaintiff admits that she did not submit all of the requested documents in support of the April 2013 Application.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 10 (RFA No. 50). | **385. Disputed**;  Plaintiff was asked for alternative proof to her receipt of income by showing her pay was deposited into her bank account for her ongoing application .  Plaintiff provided bank statements showing the deposit thus verifying her income.<br>**Quattrocchi** Decl. ¶ Ex. C PP's 472-485 |
| 386.    Plaintiff admits that JPMC did not have all of the required information to render a decision on the April 2013 Application. | **386. Disputed**; Plaintiff provided all required information when she provided proof income (receipt of income) as requested on 1/25/13. |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20**; Ex. R. p. 11 (RFA No. 53). | **Grageda Decl**. ¶ Ex.B PP 221; Quattrocchi Decl. ¶ Ex. C PP's 472-485 |
| **387**. Plaintiff admits that she does not have any evidence to support her contention that she qualified for a loan modification as alleged in the FAC at page 18 lines 26-27. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 12 (RFA No. 67). | **387**. Undisputed |
| **388.**    Plaintiff admits that she does not have any evidence to support her claim that JPMC had all of the documentation necessary to render a decision on the May 2012 Application. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 13 (RFA Nos. 68, 69) | **388. Dispute**; Plaintiff does and did deny RFA Nos. 68 and 69 **Quattrocchi Decl**. ¶ 20 Ex. R. PP 13 (RFA Nos, 68 and 69) |
| **389.**    Plaintiff admits that she does not have any evidence to support her claim that JPMC possessed her completed application to modify the terms of her loan when the foreclosure sale occurred. | **389. Dispute**; Plaintiff does and did deny RFA No. 70  **Quattrocchi** Decl. ¶ 20 Ex. R. PP 13 (RFA No. 70) |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20**; Ex. R. p. 13 (RFA No. 70). | **390. Dispute**; Plaintiff does and did deny RFA No. 71<br><br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 71) |
| **390.**   Plaintiff admits that she does not have any evidence to support her claim that JPMC "violated the Settlement Term Sheet" as alleged in the FAC at page 5 lines 19-20.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 13 (RFA No. 71). | **390. Dispute**; Plaintiff does and did deny RFA No. 71<br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 71) |
| **391.**   Plaintiff admits that she does not have any evidence to support her claim that her application to modify the terms of her loan was under review by JPMC when the foreclosure sale occurred.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 13 (RFA No. 72). | **391. Dispute**; Plaintiff does and did deny RFA No. 72<br><br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 72) |
| **392.**   Plaintiff admits that she has no evidence to support her contention that JPMC violated 12 | **392. Dispute**; Plaintiff does and did deny RFA No. 73<br><br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 73) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| C.F.R. 1024.41(g) as alleged in the FAC at page 6 lines 6-7.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 13 (RFA No. 73). | |
| 393.    Plaintiff admits that between May 1, 2014 and May 14, 2014, she did not submit a new application to JPMC to modify the terms of her loan.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 14 (RFA No. 75). | 393. **Dispute**; Plaintiff does and did deny RFA No. 75<br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 75) |
| 394.    Plaintiff admits that she does not have any evidence to support her contention that on May 15, 2014, she submitted a complete application to modify the terms of her loan as alleged in the FAC at page 9 lines<br>14-17.<br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 14 (RFA No. 76). | 394. Undisputed |
| 395.    Plaintiff admits that she does not have evidence to support her contention that she experienced a significant positive change in | 395.  **Dispute**; Plaintiff does and did deny RFA No. 77<br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 75) |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| financial circumstances "prior to the submission of the May 2014 application" to modify the terms of her loan as alleged in the FAC at page 10 lines 15-18. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 14 (RFA No. 77). | |
| **396.**   Plaintiff admits that she does not have evidence to support her contention that she experienced a significant positive change in financial circumstances "prior to the submission of the May 2014 application" to modify the terms of her loan as alleged in the FAC at page 10 lines 15-18. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 14 (RFA No. 78). | 396. **Dispute**; Plaintiff does and did deny RFA No. 78 Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 78) |
| **397.**   Plaintiff admits that she has no evidence to support her claim that JPMC "is guilty of dual tracking." **Quattrocchi Decl. ¶ 20**; Ex. R. p. 15 (RFA No. 81). | 397. **Dispute**; Plaintiff does and did deny RFA No. 81  Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 81) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **398.**    Plaintiff admits that she has no evidence to support her claim that she was damaged as a result of JPMC's purported "dual tracking." **Quattrocchi Decl. ¶ 20**; Ex. R. p. 15 (RFA No. 82). | **398. Dispute**; Plaintiff does and did deny RFA No. 82<br><br>Quattrocchi Decl. ¶ 20 Ex. R. PP 13 (RFA No. 82) |
| **399.**    Plaintiff admits that she has no evidence to support her contention that none of the single points of contacts that had been assigned to her "had the ability and authority to stop foreclosure proceedings when necessary" as alleged in the FAC at page 13 line 9. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 88). | **399. Irrelevant** |
| **400.**    Plaintiff admits that she has no have evidence to support her contention that none of the single points of contacts that had been assigned to her had access to individuals who had the ability and authority to stay foreclosure proceedings. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 89). | **400.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 89) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **401.** Plaintiff admits that she has no evidence to support her contention that none of the single points of contacts that had been assigned to her had sufficient knowledge related to loss prevention alternatives.<br><br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 90). | **401.** Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 90) |
| **402.** Plaintiff admits that she has no evidence to support her contention that none of the single points of contacts that had been assigned to her had sufficient knowledge related to loss prevention alternatives.<br><br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 90). | **402.** Dispute<br><br>Duplicate question as 401<br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 90) |
| **403.** Plaintiff admits that she has no evidence to support her contention that none of the aforementioned single points of contacts ensured that she were considered for loss prevention alternatives.<br><br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 91). | **403.** Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 91) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| | |
| **404.** Plaintiff admits that she has no evidence to support her contention that her single point of contact "was clearly unable to even track the documents he had specifically requested and had arranged to be sent" as alleged in the FAC at page 14 lines 12-13. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 92). | **404.**  Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 92) |
| **405.** Plaintiff admits that she has no evidence to support her contention that JPMC lost her documents in support of her applications to modify the terms of her loan as alleged in the FAC at page 14 line 23. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 16 (RFA No. 93). | **405.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 93) |
| **406.** Plaintiff admits that she has no evidence to support her contention that the foreclosure sale was the end result of "lack of a proper [single point of contact and] proper [single | **406.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 94) |

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| point of contact] training as alleged in the FAC at page 14 line 25.<br><br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 94). | |
| **407.**    Plaintiff admits that the default fees she incurred were result of her failure to remit regular monthly payments under her loan.<br><br>  **Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 95);<br>      **Quattrocchi Decl. ¶ 20 Ex. R**, p.6, 19 (RFA Nos. 20, 111-112)<br>      **Quattrocchi Decl. ¶ 21 Ex. S**, pp. 3, 7 (RFA Responses Nos. 20, 111-112). | **407.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21; Ex. S. p. 990 (RFA No. 95) |
| **408.**    Plaintiff admits that the damages she claim to have incurred in her FAC were the direct result of her failure to remit regular monthly payments on her loan.<br><br>  **Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 96);<br>      **Quattrocchi Decl. ¶ 20 Ex. R**, p.6, 19 (RFA Nos. 20, 111-112)<br>      **Quattrocchi Decl. ¶ 21 Ex. S**, pp. 3, 7 | **408.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21; Ex. S. p. 990 (RFA No. 96) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| (RFA Responses Nos. 20, 111-112). | |
| **409.** Plaintiff admits that she has no evidence to support her contention that "JPMC is in violation of California Civil Code § 2923.6(c)(1)" as alleged in the FAC at page 15 lines 27-28. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 97). | 409. Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 97) |
| **410.** Plaintiff admits that she has no evidence to support her contention that "JPMC's action of instructing [her] to apply for a program that they knew she could never qualify for was an intentional act of deceit" as alleged in the FAC at page 17 lines 16-17. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 98). | 410. Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 98) |
| **411.** Plaintiff admits that she has no evidence to support her contention that "JPMC continued to pretend they were reviewing [her] | 411. Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 99) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| application" as alleged in the FAC at page 17 lines 18-19. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 99). | |
| 412.     Plaintiff admits that she has no evidence to support her contention that "JPMC knowingly induced [her] to rely on their assertion that [JPMC] was, in fact, working to modify [her] loan to avoid foreclosure" as alleged in the FAC at page 18 lines 3-4. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 17 (RFA No. 100). | **412. Disputed; JPMC repeatedly solicited her to apply and continusoulsy requested documents** Grageda Decl. Ex B pp. 195-234 |
| 413.     Plaintiff admits that she has no evidence to support her contention that JPMC's "explanation of the denial [of her application to modify the terms of her loan] was patently false and … vague" as alleged in the FAC at page 18 line 13. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 18 (RFA No. 102). | **413.** Dispute Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 102) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **414.** Plaintiff admits that she has no evidence to support her contention that she held in excess of $1 million in equity in the property at the time of the foreclosure sale. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 18 (RFA No. 103). | **414.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 103) |
| **415.** Plaintiff admits that she has no evidence to support her contention that she held in excess of $1 million in equity in the property at the time of the foreclosure sale. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 18 (RFA No. 104). | **415.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 104) |
| **416.** Plaintiff admits that she has no evidence to support her contention that the property sold at the foreclosure sale for less than its market value at the time of the foreclosure sale. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 18 (RFA No. 105). | **416.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 105) |
| **417.** Plaintiff admits that she has no evidence to support her contention that the property was valued at over | **417.** Dispute<br><br>Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 990 (RFA No. 106) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| $2 million at the time of the foreclosure sale.<br><br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 19 (RFA No. 106). | |
| **418.**    Plaintiff admits that she has no evidence to support her contention that "JPMC has been unjustly enriched at [her] expense" as as alleged in the FAC FAC at page 21 lines 21-22.<br><br> **Quattrocchi Decl. ¶ 20**; Ex. R. p. 21 (RFA No. 125). | **418.** Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 991 (RFA No. 125) |
| **419.**    Plaintiff admits that she has no evidence to support her contention that she are "entitled to equitable restitution and disgorgement' from JPMC" as alleged in the FAC at page 21 lines 22-23.<br><br>**Quattrocchi Decl. ¶ 20**; Ex. R. p. 21 (RFA No. 126). | **419.** Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 991 (RFA No. 126) |
| **420.**    Plaintiff admits that she has no evidence to support her contention that "JPMC is guilty of unfair business practice to [her] detriment" as alleged in the FAC at page 21 line 24. | **420.** Dispute<br><br>Plaintiff already denied<br>**Quattrocchi Decl. ¶ 21;** Ex. S. p. 991 (RFA No. 127) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| **UNCONTROVERTED FACTS:** | **SUPPORTING EVIDENCE** |
|---|---|
| **Quattrocchi Decl. ¶ 20**; Ex. R. p. 21 (RFA No. 127). | |
| **421.**   Plaintiff admits that she has no evidence to support her contention that JPMC breached the aforementioned duty of care as alleged in the FAC at page 24 line 24. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 21 (RFA No. 130). | **421.** Dispute Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 991 (RFA No. 130) |
| **422.**   Plaintiff admits that she has no evidence to support her contention that JPMC caused the damages she claim to have incurred as she allege throughout her FAC. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 28 (RFA No. 187). | **422.** Dispute Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 993 (RFA No. 187) |
| **423.**   Plaintiff admits that she has no evidence to support her claims for damages in her FAC. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 28 (RFA No. 189). | **423.** Dispute Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 993 (RFA No. 189) |
| **424.**   Plaintiff admits that she has no evidence to support her contention in her FAC that JPMC caused her to lose equity the property. | **424.** Dispute Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 993 (RFA No. 190) |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM

| UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE |
|---|---|
| **Quattrocchi Decl. ¶ 20**; Ex. R. p. 28 (RFA No. 190). | |
| **425.** Admit she do not possess any evidence to support her claim that JPMC has damaged her personal finances. **Quattrocchi Decl. ¶ 20**; Ex. R. p. 28 (RFA No. 192). | **425.** Dispute Plaintiff already denied **Quattrocchi Decl. ¶ 21;** Ex. S. p. 994 (RFA No. 192) |
| **426.** Plaintiff has not alleged, nor does she have any evidence that JPMC foreclosed on more than 175 properties, given her failure to respond to JPMC's Requests for Production, including number 11 which asks for all documents in support of her § 2923.7 claim. **Quattrocchi Decl. ¶ 28,** Ex. Z. | **426.** Dispute Sherron Decl. Ex C |

PLAINTIFF LIZ BANKS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'s STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.:  2:14-cv-06429-JAK-FFM