MORGAN, LEWIS & BOCKIUS LLP
JOSEPH DUFFY (Bar No. 241854)
JOSEPH BIAS (Bar No. 257127)
JOSEPH QUATTROCCHI (Bar No. 257568)
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501
E-Mail:   jduffy@morganlewis.com
              jbias@morganlewis.com
              jquattrocchi@morganlewis.com

Attorneys for Defendant
JPMorgan Chase Bank, N.A.
*erroneously sued as JPMorgan JPMC Bank, N.A. and Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZ BANKS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CHASE BANK, N.A.; DOES 1 to 100, inclusive,<br><br>                    Defendant. | Case No. 2:14-cv-06429-JAK-FFM<br><br>Hon. John A. Kronstadt<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OBJECTIONS TO THE DECLARATION OF CLAUDINE SHERRON IN SUPPORT OF PLAINTIFF LIZ BANKS OPPOSITION TO SUMMARY JUDGMENT**<br><br>Date:         August 31, 2015<br>Time:        8:30 a.m.<br>Crtrm:      750<br><br>Compl. Filed:   July 15, 2014<br>FAC Filed:       November 26, 2014<br>Trial Date:       September 22, 2015 |

1  Defendant JPMorgan Chase Bank, N.A., *erroneously sued as JPMorgan*
2  *JPMC Bank, N.A. and Chase Bank, N.A.*, ("JPMC") hereby objects to the
3  Declaration of Claudine Sherron in Support of Plaintiff Liz Banks Opposition to
4  Summary Judgment, filed on August 13, 2015 (Dkt. No. 78), as follows:

### OBJECTIONS TO THE DECLARATION OF CLAUDINE SHERRON IN SUPPORT OF PLAINTIFF LIZ BANKS OPPOSITION TO SUMMARY JUDGMENT

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| 1. Paragraph 6, page 2, line 10:<br>"BPO from JPMC stated the house was worth $1,825,750 on June 5, 2012." | • Hearsay (FRE 802 and 801) (BPO was prepared by third party vendor)<br>• Irrelevant (FRE 401 and 402)<br>• Undisclosed Expert Testimony (FRCP 26(a)(2) and 37(c)(1)) | 1. Sustained/ Overruled |
| 2. Paragraph 12, page 3, lines 4-5:<br>"JPMC foreclosed on well over 175 qualifying homes and if they did not properly report such to their primary regulator they are clearly in violation of the code." | • Hearsay (FRE 802 and 801)<br>• Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 2. Sustained/ Overruled |
| 3. Paragraph 27, page 4, lines 18-20:<br>"Would demonstrate JPMC was not honest with Banks when they told her they | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Hearsay (FRE 802 and 801)<br>• Legal Conclusion/Argumentative | 3. Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| requested non-standard documents to prove her income due to investor requirements" | (FRCP 56(c)(4); L.R. 7-7) | |
| 4. Paragraph 28, page 4, lines 26-27: "Full un-redacted notes would show the statutory SPOC requirements were not followed." | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 4. Sustained/ Overruled |
| 5. Paragraph 28, page 4, lines 27-28: "Full un-redacted notes would show JPMC representatives did not follow proper guidelines in reviewing Banks modification application when they determined the value of her property" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Irrelevant (FRE 401 and 402)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 5. Sustained/ Overruled |
| 6. Paragraph 28, page 5, lines 1-2: "Full un-redacted notes would show Banks was treated differently than others applying for a | • Lacks Foundation/Personal Knowledge (FRE 602) | 6. Sustained/ Overruled |

| | DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 | modification because she had so much equity and JPMC could increase their fees by not foreclosing immediately" | | |
| 8 9 10 11 12 13 | 7.  Paragraph 28, page 5, lines 2-3: "Full-unredacted copies would show Banks submitted a 2014 application" | • Lacks Foundation/Personal Knowledge (FRE 602) | 7.  Sustained/ Overruled |
| 14 15 16 17 18 19 20 21 22 23 | 8.  Paragraph 29, page 5, lines 8-9: "Employee names and matching identification numbers would allow Banks to show the violations of the single point of contact requirements for each individual or team of SPOC's" | • Lacks Foundation/Personal Knowledge (FRE 602) • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 8.  Sustained/ Overruled |
| 24 25 26 27 28 | 9.  Paragraph 30, page 5, line 13: "Would demonstrate the negligence of JPMC in the servicing of Banks account" | • Lacks Foundation/Personal Knowledge (FRE 602) • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 9.  Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| 10. Paragraph 30, page 5, line 13: "Would demonstrate fraud committed against Banks" | • Lacks Foundation/Personal Knowledge (FRE 602) <br> • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 10. Sustained/ Overruled |
| 11. Paragraph 31, page 5, lines 18-19: "Would demonstrate Banks was held to a different standard than others applying for a modification" | • Lacks Foundation/Personal Knowledge (FRE 602) | 11. Sustained/ Overruled |
| 12. Paragraph 31, page 5, lines 19-20: "Would demonstrate that Banks was not assigned an effective SPOC who kept the applicant informed of the status of her modification and foreclosure options" | • Lacks Foundation/Personal Knowledge (FRE 602) <br> • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 12. Sustained/ Overruled |
| 13. Paragraph 31, page 5, lines 21-22: "Would show that Banks was not properly notified of the correct status of her modification and thus | • Lacks Foundation/Personal Knowledge (FRE 602) <br> • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 13. Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| JPMC's violation of HBOR's SPOC requirements" | | |
| 14. Paragraph 32, page 5, lines 23-24: "Would demonstrate that Banks was reviewed only under HAMP guidelines" | • Lacks Foundation/Personal Knowledge (FRE 602) | 14. Sustained/ Overruled |
| 15. Paragraph 32, page 5, lines 24-25: "Would demonstrate that Banks application was an 'Initial App' and afforded the protections under HOBOR" | • Lacks Foundation/Personal Knowledge (FRE 602) <br> • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 15. Sustained/ Overruled |
| 16. Paragraph 33, page 5, line 27: "Such inspections are charged against Banks account and go directly toward showing damages" | • Lacks Foundation/Personal Knowledge (FRE 602) <br> • Undisclosed Category of Damages (FRCP 26(a)(1) and 37(c)(1)) <br> • Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 16. Sustained/ Overruled |
| 17. Paragraph 33, page 6, line 1: "Such inspections show the | • Lacks Foundation/Personal Knowledge (FRE 602) <br> • Irrelevant (FRE 401 and 402) | 17. Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| value of Banks residence which is disputed by JPMC" | • Undisclosed Expert Testimony (FRCP 26(a)(2) and 37(c)(1)) | |
| 18. Paragraph 33, page 6, lines 2-3: "The value of Banks home also is an integral part of the NPV valuation which is required for modification and would show if Banks would never have qualifed for a modification" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Irrelevant (FRE 401 and 402)<br>• Undisclosed Expert Testimony (FRCP 26(a)(2) and 37(c)(1)) | 18. Sustained/ Overruled |
| 19. Paragraph 34, page 6, lines 5-6: "Such records would show if any conversations or dealings that Banks had with JPMC were with the SPOC or a member of her SPOC's team and thus their inadequate handling of her application" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 19. Sustained/ Overruled |
| 20. Paragraph 34, page 6, line 7: "Would show there were issues with employees who were working with Banks | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 20. Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| and who were negligent in the handling of her account" | | |
| 21. Paragraph 35, page 6, line 11: "Such records would show potential motivation to keep Banks in loss mitigation limbo for approximately 30 months creating harm to Banks" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 21. Sustained/ Overruled |
| 22. Paragraph 35, page 6, line 12: "Shows JPMC encouraged employees to stretch out and deny modification so that JPMC may earn extra servicing fees" | • Lacks Foundation/Personal Knowledge (FRE 602) | 22. Sustained/ Overruled |
| 23. Paragraph 36, page 6, lines 16-17: "Such records would show a pattern of practice of JPMC to fraudulently enrich themselves and gain extra servicing fees by coding properties with equity as being in bankruptcy and thus | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 23. Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| a reason to continually stay the foreclosure" | | |
| 24. Paragraph 36, page 6, lines 17-18: "Such records would show the action of submitting fraudulent bankruptcy notices to the trustee to delay a sale and enrich themselves is a pattern." | • Lacks Foundation/Personal Knowledge (FRE 602) | 24. Sustained/ Overruled |
| 25. Paragraph 36, page 6, line 18: "Such records would show the possibility of negligence on Banks account" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 25. Sustained/ Overruled |
| 26. Paragraph 36, page 6, line 19: "Such records would show the possibility of fraud against Banks account" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 26. Sustained/ Overruled |
| 27. Paragraph 37, page 6, lines 22-23: "Such records would show JPMC's instructions to the trustee regarding the foreclosure and the | • Lacks Foundation/Personal Knowledge (FRE 602) | 27. Sustained/ Overruled |

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| continuous delay thereof" | | |
| 28. Paragraph 38, page 6, lines 25-26:<br><br>"Such records would show information not in JPMC note systems that would show negligence or fraud" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 28. Sustained/ Overruled |
| 29. Paragraph 38, page 6, lines 27-28:<br><br>"Such records would show communications between customer service specialists and their supervisors that would show the identities of the people who negligently handled Banks' application" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 29. Sustained/ Overruled |
| 30. Paragraph 39, page 7, lines 2-3:<br><br>"a. Such records would show the ineffectiveness of the SPOC<br>b. Such records would show the exact instructions or lack thereof given to Banks<br>c. Such records would show | • Lacks Foundation/Personal Knowledge (FRE 602) | 30. Sustained/ Overruled |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 26236807.1

10

JPMC OBJ. TO THE DECL. OF C. SHERRON

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| the conflicting instructions given to Banks" | | |
| 31. Paragraph 39, page 7, line 4:<br>"Such records would show negligence in the handling of Banks modification" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 31. Sustained/ Overruled |
| 32. Paragraph 40, page 7, lines 6-7:<br>"a. Such records would show that JPMC violated the settlement agreement and therefore violated the California HBOR rules<br>b. Such records would show that JPMC violated the settlement agreement and therefore should not be afforded the protections granted by the agreement" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Irrelevant (FRE 401 and 402)<br>• Legal Conclusion/Argumentative (FRCP 56(c)(4); L.R. 7-7) | 32. Sustained/ Overruled |
| 33. Exhibit C (Dkt. No. 78-2):<br>List of APN numbers, property addresses, cities, state, zip codes, sale dates, and "FCLoanLenderName" | • Lacks Foundation/Personal Knowledge (FRE 602)<br>• Hearsay (FRE 802 and 801) | 33. Sustained/ Overruled |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 26236807.1

11                JPMC OBJ. TO THE DECL. OF C. SHERRON

| DECLARATION OF CLAUDINE SHERRON | EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|
| 34. Exhibit D (Dkt. No. 78-3):<br><br>Residential Broker Price Opinions prepared by third party vendors | • Hearsay (FRE 802 and 801)<br>• Irrelevant (FRE 401 and 402)<br>• Undisclosed Expert Testimony (FRCP 26(a)(2) and 37(c)(1)) | 34. Sustained/ Overruled |

Dated: August 18, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Joseph Bias*
    Joseph Bias
    Attorneys for Defendant
    JPMorgan Chase Bank, N.A.,
    *erroneously sued as JPMorgan JPMC Bank, N.A. and Chase Bank, N.A.*