**Strategic Legal Group, PC**
Alan Eighmey, Esq. (CSBN 278782)
alan@norcal-law.com
Claudine Sherron, Esq. (CSBN 296499)
claudine@norcal-law.com
121 West Main Street, Suite F
Turlock, CA 95380
Tel: (209) 683-1616
Fax: (209) 250-1991
*Attorneys for Plaintiff*

## United States District Court

### For The Central District Of California

#### Western Division

| | |
|---|---|
| **Liz Banks,** | |
| *Plaintiff,* | Case No.:     2:14-cv-06429 JAK-FFM |
| vs. | **Plaintiff Liz Banks' Memorandum of Contentions of Facts and Law** |
| **JPMorgan JPMC Bank, N.A.,** and Does 1 to 100, inclusive, | Date: September 14, 2015<br>Time: 3:00 p.m.<br>Courtroom: 750 |
| *Defendants.* | Pretrial Conference: September 14, 2015<br>Trial Date: September 22, 2015 |
| | Complaint Filed: July 15, 2014<br>FAC Filed: November 26, 2014 |

**To All Parties and Their Attorneys of Record:**

Now comes Plaintiff Liz Banks (hereinafter "Banks") who, Pursuant to Local Rule 16-4, hereby submits this Memorandum of Contentions of Facts and Law.

Respectfully Submitted,

Dated this 24th of Month, 215

_____

Claudine Sherron, Attorney at Law
Attorney for Plaintiff Liz Banks

## Table of Contents

Page

I.      Introduction ........................................................................................................ 1

II.     Banks Claims and Evidence .............................................................................. 2

III.    Bifurcation of Issues ........................................................................................ 23

IV.     Jury Trial ......................................................................................................... 23

V.      Attorney's Fees ............................................................................................... 23

VI.     Abandonment of Issues ................................................................................... 23

# Table of Authorities

Page

**Cases**

*Barquis v. Merchants Collection Assn.*
(1972) 7 Cal.3d 94, 113 ........................................................................... 4

*State Farm Fire & Casualty Co. v. Superior Court*
(1996) 45 Cal.App.4th 1093) ................................................................... 4

*People ex rel. Van de Kamp v. Cappuccio, Inc.*
(1988) 204 Cal.App.3d 750, 760-761)...................................................... 5

*Barnes,*
718 F. Supp. 2d at 1174 ......................................................................... 10

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
518 F. Supp. 2d 1197 ............................................................................. 11

*Survivor Productions, LLC v. Fox Broad, Co.*
2001 WL 35829270 at *3 (C.D. Cal. June 12, 2001 ............................... 11

*Biodiversity Legal Foundation v. Badgley,*
309 F.3d 1166, 1171 (9th Cir. 2002) ...................................................... 11

*Lujan v. Defenders of Wildflife,*
504 U.S. 555, 560-61, 112 S. Ct. 2130, 2130, 119 L Ed. 2d 351 (1992)............ 11

*Baltimore & Ohio R. Co. v. Goodman,*
275 US 66 (1927) ................................................................................... 14

*Palsgraf v. Long Island Rail Road Co.,*
162 N.E. 99 (N.Y. 1928)......................................................................... 14

*Akins v. County of Sonoma,*
(1967) 67 Cal.2d 185, 199 [60 Cal.Rptr. 499, 430 P.2d 57 ................... 15

*Cabral v. Ralphs Grocery Co.*
(2011) 51 Cal.4th 764, 771  .................................................................... 15

*Willard v. Tayloe,*
75 U.S. 557 (1869).................................................................................. 17

*Abdullah v. United Savings Bank,*
    (1996) 43 Cal App. 4th at p. 1109 ...................................................................... 18

**Statutes**

12 CFR 1024.41(g) ............................................................................................... 2

Cal. Civ. Code §2924.12(g) ................................................................................. 2

Cal. Civ. Code §2923.6(c) ................................................................................... 2

Per Cal. Civ. Code §2923.7(a) ............................................................................ 2

Cal Civ. Code §2923.6(c)(1) – (4) ...................................................................... 2

Cal. Civ. Code §2923.6(c)(1) .............................................................................. 2

15 USC 1691(d)(2) ............................................................................................... 3

Cal. Civ. Code §1714 ........................................................................................... 4

15 U.S.C. §1691 *et seq.* ....................................................................................... 4

12 CFR 1002.9 ...................................................................................................... 4

15 USC §1691e ..................................................................................................... 4

Bus. & Prof. Code (UCL) §17200 *et seq.* ......................................................... 4

Fed. R. Civ. P. 8(c) .............................................................................................. 8

Cal. Civ. Code § 2924.12(g); ............................................................................... 10

Federal Rule of Civil Procedure 19(a) ................................................................ 11

Federal Rule of Civil Procedure 8(c) .................................................................. 12

### Memorandum of Contentions of Facts and Law

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiff Liz Banks (hereinafter, "Banks") respectfully submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties as regards the trial scheduled to commence September 22, 2015.

I.                              **Introduction**

This is an action brought by Banks specifically alleging violation of the dual tracking prohibitions, failing to provide a single point of contact, and failure to notify of the California Homeowner Bill of Rights (hereinafter "HBOR") and the National Mortgage Settlement (hereinafter "Settlement") by JPMorgan Chase (hereinafter "JPMC") who, as JPMC never fails to mention, "Erroneously identified as "JPMorgan JPMC Bank, N.A." Additionally and based on the above claims, Banks further alleges fraud, unfair business practice, negligence, violation of the Federal Equal Credit Opportunity Act by JPMC.

Liz Banks fell behind in her mortgage in early 2012 and, in response to a solicitation by JPMC, filed for a loan modification with JPMC. JPMC first had her apply for modification under the Home Affordable Modification Program (hereinafter "HAMP"). HAMP is a Federal program, set up to help eligible home owners with loan modifications on their home mortgage debt. A key component of all loan modification programs is the requirement the homeowner owe more on the home than the home is worth. Additionally, for HAMP, Banks' loan value exceeded the program's maximum value of $729,750 by several hundred thousand dollars. Banks' home was also worth more than value of the loan. JPMC, nevertheless, delayed making a final written decision on Banks' HAMP modification request for 7 months and for any modification for nearly 30 months when JPMC could have determined Banks did not qualify for any modification program within minutes of her inquiry concerning one.

This unreasonably and completely unnecessary delay in making a clear and final decision on Banks' modification request is the basis for this complaint.

//

//

### A.   Banks's Claims and Elements

1.   *Summary of Banks' Claims (L.R. 16-4.1(a), (b)*

**Claim 1: Violation of Dual Tracking**

*Summary:* The Settlement terms codified under 12 CFR 1024.41(g) states in part, "If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale…" Cal. Civ. Code §2924.12(g) requires JPMC to comply with this section of the Settlement terms. This action of moving toward foreclosure while a modification application is under review is also known as dual tracking. To prevent abuse, HBOR's dual tracking protections do not apply to borrowers who resubmit multiple applications, *unless* the borrower experienced a material change in financial circumstances.

Banks alleges she submitted several complete application and one was pending more than 37 days prior to scheduled trustee sale without a denial or acceptance in writing from JPMC.

*Elements:* Per Cal. Civ. Code §2923.6(c), Banks must show she had either her first completed application or a subsequent application based upon a change in financial circumstance pending and JPMC moved forward with the foreclosure.

**Claim 2: JPMC Failed to Provide a Single Point of Contact**

*Summary:* JPMC appoints Chelsea Colmenero as the first Single Point of Contract (hereinafter "SPOC") on May 22, 2012. On November 26, 2012, JPMC informs Banks of a new SPOC, Lisa Martinez. On January 14, 2014, JPMC supplies Banks with yet another SPOC, Daniel Ramirez. JPMC has not reasonably participated in discovery, but three people are not a single point of contact and JPMC has not revealed in any way how these three are part of a team.

*Elements:* Per Cal. Civ. Code §2923.7(a), Banks must show JPMC appointed multiple points of contact and that those multiple points of contact were not part of a single team. JPMC must show the person it appointed met the requirements of Cal. Civ. Code §2923.7(b)(1) – (4).

**Claim 3: Failure to Notify**

*Summary:* Cal Civ. Code §2923.6(c)(1) requires JPMC to respond **in writing** to Banks'

1  complete application within 30 days. The response must inform Banks in writing whether or not

2  she has been approved or denied for the mortgage modification. JPMC failed to inform Banks ***in***

3  ***writing*** about why her application was truly rejected, indicating she simply had not supplied all

4  requested documents, when, in fact, she could and would not qualify because of the value of the

5  loan and the value of her house, whatever documents she provided.

6      *Elements:* Under 15 USC 1691(d)(2), Banks must show she was not provided with a

7  written determination of her application. Banks contends a written determination must provide

8  the actual basis for denying the modification.

9      **Claim 4: Fraud**

10      *Summary:* By failing to notify Banks of her ineligibility for any modification program of

11  any kind within days of her inquiry and by continually suggesting the only reason Banks failed to

12  get a modification was due to faulty documentation, JPMC committed fraud. JPMC had a duty of

13  care to provide Banks with an honest, competent response to her modification application in a

14  reasonable period of time – likely days, not weeks, in this case – yet JPMC took 30 some months

15  and increasing the outstanding balance of fees and costs from a few thousand dollars to over

16  $200,000.

17      *Elements:* Under CACI 1900, 1907, 1908, and 1923, Banks must show intentional

18  misrepresentation, reliance, reasonable, that such reliance was reasonable, and damages.

19      **Claim 5: Negligence**

20      *Summary:* As JPMC had superior knowledge of what mortgage modifications programs

21  were available in general and what specific arrangements could be made with regard to Banks'

22  loan, they owed a duty of care to Banks to guide her through the modification process. Instead,

23  JPMC took advantage of Banks' lack of knowledge and understanding by extending the

24  modification process for more than 30 months when even the most cursory examination of the

25  property value and the loan value would have revealed Banks could not have qualified under any

26  circumstances.

27      Additionally, JPMC delayed the modification process for 11 months alone due the filling

28  of false and forged Deeds of Trust relating to Banks' home. While such documents might have

been reason to halt proceeding temporarily, by the third time, JPMC had an obligation to investigate such deeds for fraud and failed to do. JPMC's failure to protect the integrity of Banks' accounts and the process was negligent. Banks will seek leave to amend her complaint concerning JPMC's failure in this regard.

*Elements:* Per CACI 400 and Cal. Civ. Code §1714, negligence is the breach of a duty that causes harm to another, that such harm is unforeseeable to the other party, and the other party suffers actual damage due to the harm. CACI 401 provides for the actual standard of care required.

### Claim 6: Violation of the Equal Credit Opportunity Act

*Summary:* Under the Equal Credit Opportunity Act (hereinafter, the "Act"), found at 15 U.S.C. §1691 *et seq.*, JPMC must provide, "any person who applies… for an extension, renewal, or continuation of credit, or applies… for use of an existing credit plan for an amount exceeding a previously established credit limit" with a written reason for the denial of credit and that reason must be accurate (*see:* 12 CFR 1002.9). JPMC failed to provide any accurate, written notice of denial as Banks did not qualify for a modification given her home value and the value of the loan regardless of the documents she may have provided.

*Elements:* Banks must show JPMC failed to give the true and specific reason for the denial of credit (*see:* 15 USC §1691e)

### Claim 7: Unfair Business Practices

*Summary:* Banks contends the failure to follow the rules required by HBOR (not dual tracking, appoint a true SPOC, and notify in writing of determination), along with fraud, negligence, and violating the Act, is operating in an unlawful, unfair, and fraudulent manner.

*Elements:* Bus. & Prof. Code (UCL) §17200 *et seq.* prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." The courts have held "unlawful" means "anything that can properly be called a business practice and that at the same time is forbidden by law" (see: *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 113) while "unfair" means the court "must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim" (see: *State Farm Fire & Casualty Co. v.*

*Superior Court* (1996) 45 Cal.App.4th 1093). Additionally, the statute imposes strict liability. Thus, Banks does not need to show JPMC intended to injure anyone (see:.

2. *Key Evidence in Support of Banks' Claims (L.R. 16-4.1(c)*

**Claim 1: Violation of Dual Tracking**

Banks will introduce evidence to show JPMC continued to move forward with their instructions to the foreclosure trustee while Banks had applications under review. Unfortunately, JPMC has not participated with discovery in good faith and, thus, refused to supply their communications with the trustee in this case, nor has the trustee yet complied with Banks' subpoena *duces tucem*, for such information. However, Banks will show:

- Letter from JPMC to Banks indicating her HAMP modification request was not approved due to lack of requested documents, dated December 26, 2012.
- Notice of Default filed on January 8, 2013, within the 30-day period where such notice cannot be filed to allow time to appeal denials.
- April 18 Notice of Foreclosure received while application is pending.
- April 19 Notice of Trustee Sale received while application is pending.

**Claim 2: Violation of Single Point of Contact**

Banks will introduce evidence to show JPMC appointed multiple people as her point of contact. Unfortunately, JPMC has not participated with discovery in good faith and, thus, refused to supply a complete and unredacted copy of system notes along with the names of parties entering information. However, Banks will show:

- May 22, 2012, letter appointing Chelsea Colmenero as SPOC.
- November 26, 2012, letter appointing Lisa Martinez as SPOC.
- January 14, 2014, letter appointing Daniel Ramirez as SPOC.

**Claim 3: Failure to Notify**

Banks will introduce evidence to show JPMC failed to provide a truthful, accurate, written determination of her modification request. Unfortunately, JPMC has not participated with discovery in good faith and, thus, refused to supply emails and other request information as to how decisions were reached and the 30(B)6 witness was uninformed and unable to provide

information. However, Banks will show:

- Letters from JPMC indicating the modification request was denied due to missing documents while Banks did not qualify under any circumstances.

**Claim 4: Fraud**

Banks will introduce evidence to show JPMC has committed fraud. Unfortunately, JPMC has not participated with discovery in good faith and, thus, refused to supply information related to the deeds of trust and emails indicating how decisions were reached. However, Banks will show:

- Denial Letters December 18, 2013 and July 11 2013.
- LMTN2367
- JPMC's invitations to apply and demands throughout 2013 for documents

**Claim 5: Negligence**

Banks will introduce evidence to show JPMC's negligence. Unfortunately, JPMC has not participated with discovery in good faith, supplying an uninformed 30(B)6 witness who could explain why fraudulent deeds of trust were filed three times with the JPMC foreclosure trustee, as well copies of Banks' completed applications. However, Banks will show:

- System LMT Processing Notes "all documents received and perfected."
- April 2013 modification request

**Claim 6: Violation of the Equal Credit Opportunity Act**

Banks will introduce evidence to show JPMC failed to state truthfully the reason for denying Banks' modification. Unfortunately, JPMC has not participated with discovery in good faith and, thus, refused to supply a complete and unredacted copy of system notes along with the names of parties entering information. However, Banks will show:

- Denial Letters December 18, 2013 and July 11 2013.
- System LMT Processing Notes "all documents received and perfected."

**Claim 5: Unfair Business Practices**

Banks will introduce evidence to show JPMC business practices are unfair. Unfortunately, JPMC has not participated with discovery in good faith and, thus, refused to

supply information on their modification programs and the standards for applying them, information on requirements of the note holder, any NPV calculations. However, Banks will show:

- Total fees and costs paid to JPMC for the 30-month process of not denying her modification request in a reasonable time.

### 3. *Summary of JPMC's Affirmative Defenses (L.R. 16-41(d),(e)*

**Improper "Affirmative Defenses"**

JPMC asserts more than twenty so-called "affirmative defenses" many of which are not affirmative defenses at all. Some of these improper "affirmative defenses" simply purport to negate elements of Banks' claims for relief. Similarly, JPMC's First Affirmative Defense ("Failure to State a Claim for Relief") is not an affirmative defense at all, and, in any event, not only JPMC has not articulated any way in which Banks' complaint fails to state a claim for relief, it fails to acknowledge the Court's denials of JPMC's Motions to Dismiss based on their claim Banks failed to state a claim for relief.

**First Affirmative Defense – Failure to State a Claim (Fed. R. Civ. Pro. 12(b)(6)**

*Summary:* JPMC contends Banks fails to state a claim for which relief can be granted.

*Elements:* While a complaint attacked by a rule Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" for this "entitlement to relief" and that requires more than labels and conclusions, and a formulaic recitation of the elements. JPMC fails to allege any facts in support of this defense and thus has not properly asserted it in this case. Furthermore, courts have held this is an improper affirmative defense even when asserted. In *Barnes*, 718 F. Supp. 2d at 1174 the court held, "failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in Barnes' prima fascia case… [and] is more properly brought as a motion and not as an affirmative defense."

Finally, JPMC fails to acknowledge the Court's two separate rulings on this issue. The Court has denied JPMC's two separate Motions to Dismiss based on Banks' failure to sufficiently state a claim. Therefore, since the complaint for which JPMC answers has not

changed, their affirmative defense should be barred as well.

**Second Affirmative Defense – Unclean Hands**

*Summary:* JPMC contends Banks "claims are barred by unclean hands."

*Elements:* JPMC must show by a preponderance of the evidence: (1) inequitable conduct by Banks; (2) that Banks' conduct; and (3) that Banks conduct injured JPMC.

*Source: Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Productions, LLC v. Fox Broad, Co.* 2001 WL 35829270 at *3 (C.D. Cal. June 12, 2001)

**Third Affirmative Defense – Lack of Standing**

*Summary:* JPMC contends Banks lacks standing to assert the purported claims in her FAC.

*Elements:* JPMC must demonstrate (1) Banks suffered not injury in fact that is concrete particularized and actual or imminent (2) the injury is fairly traceable to defendant's challenged actions and (3) the injury is not merely speculative and will be redressed by a favorable decision.

*Source: Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, 1171 (9th Cir. 2002) see also *Lujan v. Defenders of Wildflife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2130, 119 L Ed. 2d 351 (1992)

**Fourth Affirmative Cause of Action – Justification and Privilege**

*Summary:* JPMC contends any actions regarding respecting the subject matters alleged in the FAC and the purported claims for relief asserted therein, were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper and justified or privileged means to further Chase's purpose of engaging in, conducting, and continuing its business. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the purported claims for relief alleged in the FAC.

*Elements:* The Restatement (Second) abandons use of the term "privilege" or "justification" in favor of the term "improperly interfers", so as to avoid questions o burden in pleading or proof, but the factors to be used in determining whether interference is "improper' are essentially the same.

1     *Source: Envtl. Plan v. Superior Court* 680 Ped 1086, 1090 (Cal. 1984)

2     **Fifth Affirmative Cause of Action – Estoppel**

3     *Summary:* JPMC contends the FAC and each purported cause of action or claim for relief

4     asserted therein, is barred in whole or in part by the doctrine of Estoppel by reasons of Plaintiff's

5     material misrepresentations to JPMC and JPMC'S detrimental reliance.

6     *Elements:* JPMC must demonstrate beyond a preponderance of the evidence the party

7     against whom estoppel is sought (JPMC) must have made a representation about a material fact

8     that is contrary to a position it later asserts; the party claiming estoppel must have relied on that

9     representation; and the party seeking estoppel must have changed his position to his detriment

10    based on the representation and his reliance on it.

11    *Source:* Fed. R. Civ. P. 8(c) Fed. R. Civ. P. 8(c)

12    **Sixth Affirmative Cause of Action – Failure to Mitigate Damages**

13    *Summary:* JPMC contends if Banks suffered any damages, by virtue of any conduct, acts,

14    or omissions of JPMC, then it was Banks who failed to mitigate such purported damages.

15    *Elements:* Banks is unaware of the failure to mitigate damages ever being applied in the

16    context of statutory damages. In other contexts, the failure to mitigate would require JPMC to

17    establish (1) the damages suffered by Banks could have been avoided and (2) that Banks failed to

18    use reasonable case and diligence in avoiding the damages

19    *Source: Green v. Smith* (1968) 261 Cal.App.2d 392, 396

20    **Seventh Affirmative Defense – Waiver**

21    *Summary:* JPMC contends as a result of the acts, conduct and/or omissions of Banks,

22    every purported cause of action and claim for relief averred in the FAC has been waived.

23    *Elements:* JPMC must establish by a preponderance of the evidence (1) the intentional

24    relinquishment of a known right with knowledge of its existence; and (2) the intent to relinquish

25    that right.

26    *Source: U.S. v. King Features Entm't, Inc.,* 843 F. 2d 394m 399 (9th Cir 1988)

27    **Eighth Affirmative Cause of Action – No Injury to Plaintiff**

28    *Summary:* JPMC contends Banks has not been injured or otherwise suffered any loss or

damage in any manner by any conduct, acts or omissions by JPMC.

*Elements:* JPMC must show beyond a preponderance of the evidence Banks did not injury any injury or suffered any loss due to their conduct, acts or omissions. Where injury is found damages must be awarded

*Source: Hazle v. Crofoot,* 727 F.3d 983, 991-92 (9th Cir.2013).

**Ninth Affirmative Defense – Mootness**

*Summary:* JPMC contends Banks' claims are barred due to the doctrine of mootness

*Elements:* JPMC must demonstrate beyond a preponderance of the evidence no case or controversy exists with regard to any claims.

*Source:* United States Constitution, Article III

**Tenth Affirmative Defense – Cal. Civ. Code § 2923.6(g)**

*Summary:* JPMC must show by a preponderance of the evidence they fully reviewed her first application and therefore she was afforded a fair opportunity to be evaluated.

*Elements:* The applicant must have had their application reviewed.

*Source:* Cal. Civ. Code § 2923.6(g)

**Eleventh Affirmative Defense - § 2924.12(g)**

*Summary:* JPMC contends they have no liability under California Homeowner Bill of Rights because they are a signatory to a consent judgment entered in the case entitled United States of America et al. v. Bank of America Corporation et al., filed in the United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC

*Elements:* JPMC must demonstrate beyond a preponderance of the evidence that they have not practiced dual tracking against Banks, meaning they have not moved toward foreclosure of her property while she had an application for modification under review.

*Source:* Cal. Civ. Code § 2924.12(g);

**Twelfth Affirmative Defense – Consent**

*Summary:* JPMC contends Banks' claims are barred in whole or in part because Plaintiff ratified, consented to, and acquiesced to the acts, omissions or conduct, if any, of JPMC or other third parties, thus barring Banks from any relief as prayed for in the FAC.

*Elements:* JPMC must show by a preponderance of the evidence Banks consented to their actions. Consent is judged by its objective manifestation: if a reasonable person would believe that the injured party consented there will be not be a tort.

*Source:* Federal Rule of Civil Procedure 8(c)

**Thirteenth Affirmative Defense – Fraud**

*Summary:* JPMC contends they have committed no fraud

*Elements:* JPMC must show beyond a preponderance of the evidence they did not (1) did not represent an important fact as true; (2) that the representation was true (3) that JPMC knew the representation to be false (4) that Banks did not rely on that representation (5) that Banks was harmed.

*Source:* CACI 1900

**Fourteenth Affirmative Defense – Contributory Negligence**

*Summary:* JPMC contends any harm to Banks was contributed to, caused proximately by or not cause by JPMC.

*Elements:* JPMC must demonstrate beyond a preponderance of the evidence that Banks actions fell below the reasonable standard of care of someone who would act in a manner to protect themselves or avoid harm. Contributory negligence is judged with the objective standard of what a reasonable person would do.

*Sources: Baltimore & Ohio R. Co. v. Goodman*, 275 US 66 (1927)

**Fifteenth Affirmative Defense – Non-Joinder of Parties**

*Summary:* JPMC contends Banks failed to join and/or name all necessary and indispensable parties.

*Elements:* All parties are required to be joined if feasible

*Source:* Federal Rule of Civil Procedure 19(a)

**Sixteenth Affirmative Defense – No Proximate Causation**

*Summary:* JPMC contends none of the purported acts, events, or conduct of which Banks complains were performed, caused or authorized by JPMC, its agents, servants or employees

*Elements:* JPMC must show beyond a preponderance of the evidence they did not

commit an act from which an injury resulted as a natural, direct, interrupted consequence and without which the injury to Banks would not have occurred.

*Source: Palsgraf v. Long Island Rail Road Co.*, 162 N.E. 99 (N.Y. 1928).

**Seventeenth Affirmative Defense – Intervening and/or Superseding Cause**

*Summary:* JPMC contends the purported injuries or damages for which Banks claims JPMC is responsible, to the extent that they exist, were proximately caused, in whole or in part, by acts of God and/or by intervening and/or superseding acts or omissions of others for which JPMC had not control, is not responsible, and is not legally liable.

*Elements:* In order for the intervening cause to be deemed "superseding" and relieve JPMC of liability, both the act/event "and" the injury must be "unforeseeable"

*Source: Akins v. County of Sonoma* (1967) 67 Cal.2d 185, 199 [60 Cal.Rptr. 499, 430 P.2d 57

**Eighteenth Affirmative Defense – Satisfaction of Duty**

*Summary:* JPMC contends Banks' claims are barred in whole or in part, because JPMC has satisfied, fulfilled and performed each and every obligation and duty imposed by law if any to the full extent of its responsibility.

*Element:* JPMC must demonstrate by a preponderance of the evidence that they can extinguish by performance or release and discharge of an obligation in reference to which the term is used.

*Source: Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 771

**Nineteenth Affirmative Defense – Plaintiff's Knowledge**

*Summary:* JPMC contends Banks' claims are barred in whole or in part, because Plaintiff at all times had actual and/or constructive knowledge of the circumstances upon which the FAC is based, and that Banks expressly accepted those circumstances.

*Elements:* JPMC must show by a preponderance of the evidence Banks had knowledge as to their actions.

*Source:* Federal Rule of Civil Procedure 8(c)

**Twentieth Affirmative Defense – Retroactivity**

*Summary:* JPMC contends Banks claims are barred in whole or in part to the extent that Banks sseks the retroactive application of statutes, rules, regulations or common-law standards of conduct or otherwise seek to impose liability retroactively for conduct that was not action able at the time it occurred, with violates the Constitution of the United States and the Constitution of the State of California.

*Elements:* JPMC must demonstrate beyond a preponderance of the evidence that their acts or omissions were not actionable at the time they occurred

*Source:* Cal. Civ. Code § 2923.6(g)

**Twenty-first Affirmative Defense – Putative Damages**

*Summary:* Plaintiff contends Banks' claim for punitive damages are barred, in whole or in part, because an award of punitive damages is not permissible under California law and would violate JPMC's procedural and substantive due process rights and equal protection rights under the Constitution of the United States of the Constitution of the State of California.

*Elements:* An award of punitive damages only if it is found the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

*Source:* Ninth Circuit Manual of Model Jury Instructions – Instruction 5.5

**Twenty-Second Affirmative Defense – Adequate Remedies at Law**

*Summary:* JPMC contends Banks is not entitled to any equitable or injunctive relief as prayed for in her FAC because Banks has not suffered any irreparable injury based on any alleged conduct of JPMC, and Banks has not demonstrated that she does not have an adequate remedy at law for any such alleged conduct.

*Elements:* Equitable relief or equitable remedies are non-monetary judicial remedies obtained when available legal remedies cannot adequately redress the injury. There are a variety of equitable remedies, but the principal remedies are injunction, specific performance, rescission, declaratory relief, equitable estoppel etc.

*Source: Willard v. Tayloe*, 75 U.S. 557 (1869)

**Twenty-third Affirmative Defense – Failure to Tender**

*Summary:* JPMC contends Banks has not tendered the unpaid balance due under her note and deed of trust and therefore lacks standing to assert any purported claims that are implicitly integrated with the foreclosure sale and/or seek to set the prior foreclosure sale aside.

*Elements: I*n order for the court to utilize the equitable remedy of setting aside a foreclosure sale, the Plaintiff must tender the entire amount due under the deed of trust.

*Source: Abdullah v. United Savings Bank* (1996) 43 Cal App. 4th at p. 1109

4.     *Key Evidence in Opposition to JPMC's Affirmative Defenses (L.R. 16-4.1(f)*

**First Affirmative Defense – Failure to State a Cause of Action**

Plaintiff's key evidence asserted against JPMC's first affirmative defense – failure to state a cause of action is the Court's ruling denying JPMC's Motion to Dismiss.  The court considered and denied JPMC's Motion to Dismiss.

**Second Affirmative Defense – Unclean Hands**

Banks incorporates by reference the evidence described in Section A.1. which demonstrates she does not have unclean hands.  Banks did not submit any documents that were untruthful or fraudulent. Banks submitted documents that were requested by JPMC to the best of her ability.

**Third Affirmative Defense – Lack of Standing**

Banks incorporates by reference the evidence described in Section A.1.  Banks asserted her standing in her FAC and did so unchallenged by JPMC. JPMC has not shown in any way how Banks lacks standing.

**Fourth Affirmative Defense – Justification and Priviledge**

Banks incorporates by reference the evidence described in Section A.1.  Banks has alleged JPMC intentionally neglected to advise her, within days of her first application, she could not qualify for a mortgage modification due to the significant amount of equity in her home. JPMC continued to request documents, change their requests for documents and relentlessly drag out the modification process for at least 30 months.  Thus, JPMC did not act in good faith or without malicious intent.

### Fifth Affirmative Defense – Estoppel

Banks incorporates by reference the evidence described in Section A.1.  Banks correctly and honestly represented all of her information to JPMC. Banks made no material misrepresentations to JPMC. Further, Banks delivered the requested documentation in a timely manner.  Thus JPMC's affirmative defense of estoppel fails.

### Sixth Affirmative Defense – Mitigate Damages

Banks incorporates by reference the evidence described in Section A.1.  JPMC continued to request documents from Banks and continued to solicit her to apply for a modification. Because they continued to solicit her and send her written requests specifically stating they intended to help her stay in her home, she continued to follow their instruction. JPMC was not honest with Banks as to her ability to obtain a modification and therefore robbed her of the opportunity to mitigate her damages.

### Seventh Affirmative Defense – Waiver

Banks incorporates by reference the evidence described in Section A.1.  Banks has continued to assert her claims and has in no way waived her claim for relief asserted in her FAC.

### Eighth Affirmative Defense – No Injury to Plaintiff

Banks incorporates by reference the evidence described in Section A.1.  Banks has asserted her claim for injury. Banks has suffered injury from JPMC because they were not forthright with her as to her ability to obtain a modification. They did not properly notice her as to what information was missing from her application. JPMC's actions robbed Banks of her equity, the accrual of unnecessary default fees and their actions were intentional.

### Ninth Affirmative Defense – Mootness

Banks incorporates by reference the evidence described in Section A.1.  The doctrine of mootness does not apply to the matter at hand. Banks has asserted a current controversy.

**Tenth Affirmative Defense - Cal. Civ. Code§ 2923.6(g)**

Banks incorporates by reference the evidence described in Section A.1.  Cal.Civ. Code § 2923.6(g) only relieves the servicer of liability of reviewing a complete submitted application where the applicant/borrower was previously afforded a fair opportunity to be evaluated.  Banks' application was never fully and fairly evaluated.

**Eleventh Affirmative Defense – Cal. Civ. Code § 2924.12(g)**

Banks incorporates by reference the evidence described in Section A.1.   JPMC as a signatory to the Settlement Agreement in the United States of America et al. v. Bank of America Corporation et al, case number 1:12-cv-00361, only enjoys protection from Cal. Civ.Code § 2924.12(g) if they have not violated said settlement agreement.  JPMC violated the dual tracking provision of the Settlement Agreement and therefore is liable under Cal. Civ. Code § 2924.12(g).

**Twelfth Affirmative Defense – Consent**

 Banks incorporates by reference the evidence described in Section A.1.  JPMC has presented no evidence to demonstrate Banks consented to or acquiesced to the acts of JPMC. Therefore, the affirmative defense of consent must fail.

**Thirteenth Affirmative Defense – Fraud**

Banks incorporates by reference the evidence described in Section A.1.  Banks has demonstrated JPMC, within days of Banks' first application for modification, could not qualify for a mortgage due to the fact that she held approximately $1 million dollars in equity in her property.  JPMC failed to advise Banks she could not possibly qualify and continued to intentionally drag out the process by continuing to request documents, request documents that neither belonged to her or were in her possession and change their requests for documents.  This was an intentional act by JPMC to increase the default fees which they were a direct beneficiary of.

**Fourteenth Affirmative Defense – Contributory Negligence**

Banks incorporates by reference the evidence described in Section A.1.   Banks used the

amount of care a reasonable person in a similar position would have used to protect herself from harm. JPMC was not honest with Banks and therefore did not give her all of the information with which she could competently make a decision with regard to saving her home or her equity.  Had JPMC advised Banks immediately of her inability to obtain a modification she could have made alternative decisions.  JPMC cannot withhold information and then use the defense of Banks' action or inactions.

### Fifteenth Affirmative Defense – Non-Joinder of Parties

Banks incorporates by reference the evidence described in Section A.1.  JPMC has not alleged any other pertinent parties. Banks is unaware of any other pertinent parties.

### Sixteenth Affirmative Defense – No Proximate Causation

Banks incorporates by reference the evidence described in Section A.1. JPMC failed to properly notify Banks she did not qualify for a modification.  JPMC failed to properly notify Banks as to what documents were missing from her application in accordance with the ECOA. Because Banks was not properly informed, she was not able to effectively make a decision to protect herself or her equity from foreclosure. Additionally, she was not able to protect herself from incurring 30 months worth of default fees.  Thus JPMC was the proximate cause of her loss of equity and incurring massive default fees.

### Seventeenth Affirmative Defense – Intervening and Superseding Cause

Banks incorporates by reference the evidence described in Section A.1.  JPMC has not alleged any other intervening or superseding cause for Banks' damage.  Banks does not allege there were any other intervening or superseding causes.

### Eighteenth Affirmative Defense – Satisfaction of Duty

Banks incorporates by reference the evidence described in Section A.1.  JPCM did not fulfill their duty to notice Banks as to the fact that she could not qualify for a mortgage. JPMC did not notify Banks in writing as required by USC § 1691 of the specific documents that were missing from her application or the reason for the denial of credit.  JPMC intentionally continued to request documents and solicit her to apply for a  modification while knowing she could not qualify.

### Nineteenth Affirmative Defense – Plaintiff's Knowledge

Banks incorporates by reference the evidence described in Section A.1.  JPMC falsely claims Banks had knowledge of the circumstances relating to the foreclosure of her home and due to that knowledge she accepted the circumstances.  In fact, Banks continued to voice her objections to information being provided by JPMC, i.e., her being coded as being in bankruptcy, to no avail.  JPMC has provided no evidence Banks conceded to the foreclosure and thus her claims are barred.

### Twentieth  Affirmative Defense -  Retroactivity

Banks incorporates by reference the evidence described in Section A.1.  Banks submitted her second application for modification after January 1, 3013 which made it applicable to the California Homeowner Bill of Rights. Additionally, JPMC's corporate witness indicated the 2013 application was a re-opening of the 2012 application. Therefore, the 2012 application and the 2013 application were on continuous application.  Thus, JPMC is not protected by retroactivity.

### Twenty-First Affirmative Defense – Punitive Damages

Banks incorporates by reference the evidence described in Section A.1.  A plaintiff is entitled to an award of punitive damages where they can show the defendant was malicious, oppressive or reckless in their conduct.  Banks has alleged and demonstrated JPMC knew full well she could not qualify for a modification and intentionally failed to advise her. Further, they continued a charade lasting 30 months of requesting documents and then changing their requests as soon as they were met.  JPMC intentionally and maliciously acted to increase their default fees.  Finally, JPMC has intentionally withheld information such that Banks could effectively conduct her discovery.

### Twenty-Second Affirmative Defense – Adequate Remedies at Law

Banks incorporates by reference the evidence described in Section A.1.  Banks has not requested any equitable remedies and therefore this defense is moot.

### Twenty-Third Affirmative Defense – Failure to Tender

Banks incorporates by reference the evidence described in Section A.1.  Banks has not

requested the Court to set aside the foreclosure of her home. Therefore JPMC's twenty-third affirmative defense is moot.

        5.      Anticipated Evidentiary Issues (L.R. 16-4.1(h))

JPMC's failure to participate in discovery in good faith has left many evidentiary issues, however, they are best addressed in Banks' 56(F) Motion.

**III.**                  **Bifurcation of Issues (L.R. 16-4.3)**

There are not any known issue suggesting bifurcation at this time.

**IV.**                  **Jury Trial (L.R. 16-4.4)**

    **A.**       **Issues Triable by the Jury**

A timely demand for jury trial has been made. The following issues are triable to the jury:

All factual issues are triable by jury.

    **B.**       **Issues Triable to the Court**

The following issues are triable to the Court:

All issues of law are triable by court.

**V.**                **Attorneys' Fees (L.R. 16-4.5)**

Under the HOBR (dual tracking, SPOC, and notice), fraud, negligence, the Act, and Unfair Business Practices, Banks may be entitled to attorney's fees and costs.

**VI.**              **Abandonment of Issues [L.R. 16-4.6]**

Banks has not abandon any issue.

Respectfully Submitted,

                              Dated this 18th of Month, 215

                            _____

                            Claudine Sherron, Attorney at Law
                            Attorney for Plaintiff Liz Banks